LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Kristen Law Sagafi (State Bar No. 222249)
Daniel M. Hutchinson (State Bar No. 239458)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
David P. Meyer
Matthew R. Wilson
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff and the Proposed Class*

ORIGINAL

E-filing

FILED
MAR - 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

ANDREW STEINFELD on behalf of himself and all others similarly situated,

Plaintiff,

v.

DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK,

Defendants.

Case No. CV 12 1118 DMR

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**

CLASS ACTION

**DEMAND FOR JURY TRIAL**

966418.1

CLASS ACTION COMPLAINT

Plaintiff Andrew Steinfeld (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. On June 26, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Defendant Discover Financial Services for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). The FCC found that Discover Financial Services made prerecorded telephone calls to consumers who "had not expressly invited or authorized the call(s)."

2. The FCC admonished Discover Financial Services that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, Defendants Discover Financial Services, DFS Financial Services, LLC, and Discover Bank, and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "Discover" or "the Company" or "Defendant") have knowingly, willfully, and/or negligently contacted Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of TCPA.

4. Plaintiff brings this action for injunctive relief and damages resulting from Discover's illegal actions.

## JURISDICTION AND VENUE

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class

member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Steinfeld has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Andrew Steinfeld is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in San Francisco, California.

8. On information and belief, Plaintiff alleges that Discover Financial Services, is, and at all times mentioned herein was, a Delaware corporation and the parent company of Defendants DFS Services, LLC, and Discover Bank, with its primary business address in the State of Illinois, and does business throughout the country, including this District.

9. On information and belief, Plaintiff alleges that DFS Services, LLC, is, and at all times mentioned herein was, a Delaware corporation, with its primary business address in the State of Illinois, and does business throughout the country, including this District.

10. On information and belief, Plaintiff alleges that Discover Bank, is, and at all times mentioned herein was, a Delaware corporation, with its primary business address in the State of Delaware, and does business throughout the country, including this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

11. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff Steinfeld was an individual residing in the State of California. Plaintiff Steinfeld is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

16. On or around January 23, 2011, Plaintiff Steinfeld took out a credit card with Discover.

17. Discover is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(10).

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

966418.1 - 3 - CLASS ACTION COMPLAINT

18. Beginning in or around December 2011, Discover repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice his complaints to a real person.

19. All telephone contact by Discover to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

20. The telephone number that Discover used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. "During the transaction that resulted in the debt owed," Plaintiff did not provide express consent to receive prerecorded calls by Discover on Plaintiff's cellular telephone.[6]

23. Plaintiff did not provide "express consent" allowing Discover to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

24. Discover did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

25. Discover's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

---

[6] See FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

966418.1 - 4 - CLASS ACTION COMPLAINT

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Discover to demonstrate that Plaintiff provided express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

28. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Discover to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Discover and any entities in which Discover has a controlling interest, Discover's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

29. Plaintiff does not know the exact number of members in the Class, but based upon the representations of Discover as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

30. Plaintiff and all members of the Class have been harmed by the acts of Discover.

31. This Class Action Complaint seeks injunctive relief and money damages.

32. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Discover.

---

[7] See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Discover made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Discover can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Discover's conduct was knowing and/or willful;

    d. Whether Discover is liable for damages, and the amount of such damages; and

    e. Whether Discover should be enjoined from engaging in such conduct in the future.

34. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Discover to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Discover is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated

and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

37. Discover has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

38. Plaintiff incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Discover constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Discover's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Discover in the future.

Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

42. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43. The foregoing acts and omissions of Discover constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Discover's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Discover's violation of the TCPA in the future.

46. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Discover in the future;

B. As a result of Discover's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Discover's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

Dated: March 6, 2012

By: /s/ Jonathan D. Selbin
     Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Kristen Law Sagafi
Email: ksagafi@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
David P. Meyer
(*pro hac vice* application to be filed)
Email: dmeyer@meyerwilson.com
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Steinfeld and the Proposed Class*

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: March 6, 2012 By: /s/ Jonathan D. Selbin
Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Kristen Law Sagafi
Email: ksagafi @lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
David P. Meyer
(*pro hac vice* application to be filed)
Email: dmeyer@meyerwilson.com
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Steinfeld and the Proposed Class*