| | | |
|---|---|---|
| 1 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP | MEYER WILSON CO., LPA<br>David P. Meyer (admitted *pro hac vice*) |
| 2 | Jonathan D. Selbin (State Bar No. 170222)<br>250 Hudson Street, 8th Floor | Matthew R. Wilson (admitted *pro hac vice*)<br>1320 Dublin Road, Ste. 100 |
| 3 | New York, NY  10013<br>Telephone:  (212) 355-9500 | Columbus, Ohio 43215<br>Telephone:  (614) 224-6000 |
| 4 | Facsimile:  (212) 355-9592 | Facsimile:  (614) 224-6066 |
| 5 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP | |
| 6 | Daniel M. Hutchinson (State Bar No. 239458) | CASEY, GERRY, SCHENK,<br>FRANCAVILLA, BLATT, & PENFIELD |
| 7 | Nicole D. Reynolds (State Bar No. 246255)<br>275 Battery Street, 29th Floor | LLP<br>Mark Ankcorn (State Bar No. 166871) |
| 8 | San Francisco, California  94111-3339<br>Telephone:  (415) 956-1000 | mark@cglaw.com |
| 9 | Facsimile:  (415) 956-1008 | 110 Laurel Street<br>San Diego, CA  92101 |
| 10 | TERRELL, MARSHALL, DAUDT,<br>& WILLIE PLLC | Telephone: (619) 238-1811<br>Facsimile: (619) 544-9232 |
| 11 | Beth E. Terrell (State Bar No. 178181)<br>bterrell@tmdwlaw.com | |
| 12 | 936 North 34th Street, Suite 400<br>Seattle, Washington  98103-8869 | |
| 13 | Telephone: (206) 816-6603<br>Facsimile: (206) 350-3528 | |
| 14 | | |
| 15 | *Attorneys for Plaintiffs and the Proposed Class* | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | | |
|---|---|---|
| | ANDREW STEINFELD and WALTER BRADLEY on behalf of themselves and all others similarly situated, | Case No. 3:12-cv-01118-JSW |
| | Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)** |
| | v. | |
| | DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK, | |
| | | CLASS ACTION |
| | Defendants. | **DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

966418.2

Plaintiffs Andrew Steinfeld and Walter Bradley (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1. On June 26, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Defendant Discover Financial Services for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). The FCC found that Discover Financial Services made prerecorded telephone calls to consumers who "had not expressly invited or authorized the call(s)."

2. The FCC admonished Discover Financial Services that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, Defendants Discover Financial Services, DFS Financial Services, LLC, and Discover Bank, and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "Discover" or "the Company" or "Defendant") have knowingly, willfully, and/or negligently contacted Plaintiffs and Class Members on their cellular telephones without their prior express consent within the meaning of TCPA.

4. Plaintiffs bring this action for injunctive relief and damages resulting from Discover's illegal actions.

## JURISDICTION AND VENUE

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class

1   member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

2   the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3           6.      Venue is proper in the United States District Court for the Northern District

4   of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is deemed to

5   reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

6   commenced, and because Defendant's contacts with this District are sufficient to subject it to

7   personal jurisdiction.  Venue is also proper in this District because Plaintiff Steinfeld has resided

8   in this District at all times relevant to these claims such that a substantial part of the events giving

9   rise to the claims occurred in this District.

10  **PARTIES**

11          7.      Plaintiff Andrew Steinfeld is, and at all times mentioned herein was, an

12  individual citizen of the State of California, who resides in San Francisco, California.

13          8.      Plaintiff Walter Bradley is, and at all times mentioned herein was, an

14  individual citizen of the State of California, who resides California.

15          9.      On information and belief, Plaintiffs allege that Discover Financial

16  Services, is, and at all times mentioned herein was, a Delaware corporation and the parent

17  company of Defendants DFS Services, LLC, and Discover Bank, with its primary business

18  address in the State of Illinois, and does business throughout the country, including this District.

19         10.     On information and belief, Plaintiffs allege that DFS Services, LLC, is, and

20  at all times mentioned herein was, a Delaware corporation, with its primary business address in

21  the State of Illinois, and does business throughout the country, including this District.

22         11.     On information and belief, Plaintiffs allege that Discover Bank, is, and at

23  all times mentioned herein was, a Delaware corporation, with its primary business address in the

24  State of Delaware, and does business throughout the country, including this District.

25

26

27

28

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**(TCPA), 47 U.S.C. § 227**

12. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

14. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

# FACTUAL ALLEGATIONS

**Plaintiff Steinfeld's Allegations**

16. At all times relevant, Plaintiff Steinfeld was an individual residing in the State of California. Plaintiff Steinfeld is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

17. On or around January 23, 2011, Plaintiff Steinfeld took out a credit card with Discover.

18. Beginning in or around December 2011, Discover repeatedly contacted Plaintiff Steinfeld on his cellular telephone. Plaintiff received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice his complaints to a real person.

**Plaintiff Bradley's Allegations**

19. At all times relevant, Plaintiff Bradley was an individual residing in the State of California. Plaintiff Bradley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

20. At least 25 calls were placed by Discover to Plaintiff Bradley's cellular telephone using an automatic telephone dialing system.

21. During several of the calls, Plaintiff Bradley clearly and unequivocally instructed Discover to stop calling his cell phone.

**Plaintiffs' Joint Allegations**

22. Discover is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(10).

23. All telephone contact by Discover to Plaintiffs on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

24. The telephone number that Discover used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. "During the transaction that resulted in the debt owed," Plaintiffs did not provide express consent to receive prerecorded calls by Discover on Plaintiffs' cellular telephones.[6]

27. Plaintiffs did not provide "express consent" allowing Discover to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

28. Discover did not make telephone calls to Plaintiffs' cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

29. Discover's telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

30. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Discover to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

32. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons to whom, on or after November 30, 2007 through the date of Preliminary Approval, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

966418.2 — - 5 - — FIRST AMENDED CLASS ACTION COMPLAINT

1  Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and
2  are members of, the Class. Excluded from the Class are the Judges to whom the Actions are
3  assigned and any member of the Judges' staff and immediate family, as well as all persons who
4  validly request exclusion from the Settlement Class. Plaintiffs do not know the exact number of
5  members in the Class, reasonably believes that Class members number in the millions.

33. Plaintiffs and all members of the Class have been harmed by the acts of Discover.

34. This Class Action Complaint seeks injunctive relief and money damages.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Discover.

36. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Discover made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Discover can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Discover's conduct was knowing and/or willful;

    d. Whether Discover is liable for damages, and the amount of such damages; and

    e. Whether Discover should be enjoined from engaging in such conduct in the future.

37. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior

1  express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each

2  Class member.  Plaintiffs will fairly and adequately represent and protect the interests of the

3  Class, and has no interests which are antagonistic to any member of the Class.

4        38.      Plaintiffs have retained counsel experienced in handling class action claims

5  involving violations of federal and state consumer protection statutes, including claims under the

6  TCPA.

7        39.      A class action is the superior method for the fair and efficient adjudication

8  of this controversy.  Class wide relief is essential to compel Discover to comply with the TCPA.

9  The interest of Class members in individually controlling the prosecution of separate claims

10 against Discover is small because the statutory damages in an individual action for violation of

11 the TCPA are small.  Management of these claims is likely to present significantly fewer

12 difficulties than are presented in many class claims because the calls at issue are all automated

13 and the Class members, by definition, did not provide the prior express consent required under the

14 statute to authorize calls to their cellular telephones.

15       40.      Discover has acted on grounds generally applicable to the Class, thereby

16 making final injunctive relief and corresponding declaratory relief with respect to the Class as a

17 whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA

18 violations complained of herein are substantially likely to continue in the future if an injunction is

19 not entered.

**CAUSES OF ACTION**

**FIRST COUNT**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §  227 *ET SEQ*.**

24       41.      Plaintiffs incorporate by reference the foregoing paragraphs of this

25 Complaint as if fully stated herein.

26       42.      The foregoing acts and omissions of Discover constitute numerous and

27 multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

28 above-cited provisions of 47 U.S.C. §  227 *et seq.*

43. As a result of Discover's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Discover in the future.

45. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STRICT LIABILITY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

46. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

47. The foregoing acts and omissions of Discover constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Discover's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Discover's violation of the TCPA in the future.

50. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Discover in the future;

B. As a result of Discover's willful and/or knowing violations of 47 U.S.C.

1  § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by
2  statute, of up to $1,500.00 for each and every call that violated the TCPA;
3        C.    As a result of Discover's negligent violations of 47 U.S.C. § 227(b)(1),
4  Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and
5  every call that violated the TCPA;
6        D.    An award of attorneys' fees and costs to counsel for Plaintiffs and the
7  Class;
8        E.    An order certifying this action to be a proper class action pursuant to
9  Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the
10 Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and
11 appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;
12       F.    Such other relief as the Court deems just and proper.

Dated: May 17, 2012                    By:  */s/ Jonathan D. Selbin*
                                             Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Nicole D. Reynolds
Email: nreynolds@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

| | |
|---|---|
| 1 | |
| 2 | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| 3 | Beth E. Terrell<br>bterrell@tmdwlaw.com |
| 4 | 936 North 34th Street, Suite 400<br>Seattle, Washington  98103-8869 |
| 5 | Telephone: (206) 816-6603<br>Facsimile: (206) 350-3528 |

TERRELL MARSHALL DAUDT
& WILLIE PLLC
Beth E. Terrell
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT, & PENFIELD LLP
Mark Ankcorn
mark@cglaw.com
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

MEYER WILSON CO., LPA
David P. Meyer
(admitted *pro hac vice*)
Email:  dmeyer@meyerwilson.com
Matthew R. Wilson
(admitted *pro hac vice*)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiffs and the Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts so triable.

Dated: May 17, 2013

By:  /s/ *Jonathan D. Selbin*
       Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

TERRELL MARSHALL DAUDT & WILLIE PLLC
Beth E. Terrell
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT, & PENFIELD LLP
Mark Ankcorn
mark@cglaw.com
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

MEYER WILSON CO., LPA
David P. Meyer
(admitted *pro hac vice*)
Email:  dmeyer@meyerwilson.com
Matthew R. Wilson
(admitted *pro hac vice*)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiffs and the Proposed Class*