**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>DISCOVER FINANCIAL SERVICES, et al.,<br><br>    Defendants. | No. C 12-01118 JSW<br><br>**ORDER REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Now before the Court is the motion for preliminary approval of class action settlement. The Court has some concerns regarding the proposed settlement. First, the proposed release includes a requirement that class members release claims relating to the administration of the settlement, which involves events that have not occurred yet, in addition to that arise out of or relate to the claims of this lawsuit. It is not clear why class members should be required to release claims relating to the administration of the settlement as a condition of participating in the class.

Second, the settlement agreement provides that direct notice be provided within sixty to ninety days from the Court's preliminary approval and that the deadline to submit a claim form is one hundred and twenty days from the Court's preliminary approval. Therefore, class members may have as little as thirty days to submit a claim. The Court is concerned that this time period is unnecessarily brief.

United States District Court
For the Northern District of California

1  Third, although the settlement agreement makes clear that any incentive awards and
2  attorneys' fees and costs are not conditions of the settlement, Plaintiffs appear to request
3  approval of these amounts as part of the Court's preliminary approval of the class action
4  settlement. In terms of the requested service awards, Plaintiffs request $2,000 for each of the
5  named Plaintiffs. In support of this request, Plaintiffs submit the declaration by Daniel M.
6  Hutchinson who summarily states that the incentive awards "are intended to recognize and
7  compensate Plaintiffs for their commitment to, and active participation in, this litigation,
8  including by assisting with the initial case investigation, providing Class Counsel with pertinent
9  documents and information, reviewing pertinent pleadings including the operative complaints,
10 and keeping abreast of, reviewing, and signing off on, the proposed Settlement." (Declaration
11 of Daniel M. Hutchinson, ¶ 22.) Mr. Sturdevant does not describe the contributions made by
12 any individual named representative. Nor do Plaintiffs provide any supporting declarations
13 from the individual named representatives describing their efforts and contributions. The Ninth
14 Circuit recently reiterated that "district courts must be vigilant in scrutinizing all incentive
15 awards to determine whether they destroy the adequacy of the class representatives. ...
16 [C]oncerns over potential conflicts may be especially pressing where, as here, the proposed
17 service fees greatly exceed the payments to absent class members." *Radcliffe v. Experian*
18 *Information Solutions, Inc.*, --- F.3d ---, 2013 WL 1831760, *5 (9th Cir. May 2, 2013).
19 Whether to reward the named representatives for their efforts is within the Court's
20 discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal.
21 1995) (citations omitted). Courts may consider the following criteria in determining whether to
22 provide incentive awards: "(1) the risk to the class representative in commencing suit, both
23 financial and otherwise; (2) the notoriety and personal difficulties encountered by the class
24 representative; (3) the amount of time and effort spent by the class representative; (4) the
25 duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class
26 representative as a result of the litigation." *Id.* (citations omitted). If the request within the
27 motion for preliminary approval contains all the information Plaintiffs were intending to submit
28

2

in support of their proposed incentive awards, the parties fail to provide sufficient evidence demonstrating the proposed incentive awards are justified based on these factors.

With respect to the request for an award of attorneys' fees, "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 942 (9th Cir 2011). Here, Plaintiffs only presented an analysis of the percentage-of-recovery method. In the absence of any analysis and evidence regarding the lodestar method, the Court is precluded from exercising its discretion over which method to employ. Accordingly, if the request within the motion for preliminary approval contains all the information Plaintiffs were intending to submit in support of their requested attorneys' fees, the Court also finds that Plaintiffs' request for attorneys' fees to be insufficient.

By no later than July 11, 2013, Plaintiffs shall submit a supplemental brief to address the Court's concerns. The Court HEREBY CONTINUES the hearing on the motion for preliminary approval of the class action settlement to August 2, 2013 at 9:00 a.m. If Plaintiffs clarify that they intend to file a separately noticed motion for attorneys' fees and incentive awards, this Order is without prejudice to Plaintiffs doing so.

**IT IS SO ORDERED.**

Dated: June 27, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3