LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Nicole D. Reynolds (State Bar No. 246255)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (admitted *pro hac vice*)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
Mark Ankcorn (State Bar No. 166871)
mark@cglaw.com
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (614) 224-6066

TERRELL MARSHALL DAUDT & WILLIE
PLLC
Beth E. Terrell (State Bar No. 178181)
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK,<br><br>Defendants. | Case No. 3:12-cv-01118-JSW<br><br>**DECLARATION OF MARK ANKCORN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS**<br><br>Judge:   Hon. Jeffrey S. White |

I, Mark Ankcorn, declare as follows:

1. I am of counsel to the law firm of Casey Gerry Schenk Francavilla Blatt & Penfield ("Casey Gerry") and counsel of record for Plaintiffs Andrew Steinfeld and Walter Bradley. I am a member in good standing of the bars of the States of California and Florida. Prior to joining Casey Gerry in October, 2012, I practiced law as the Law Offices of Mark Ankcorn (from 1997 to 2011) and as the Ankcorn Law Firm, PC (a California professional corporation organized in August, 2011). For the sake of clarity, references below to Casey Gerry include my work prior to joining the firm. I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

## I. Background and Experience

2. Casey Gerry is the oldest plaintiffs' law firm in San Diego. Our practice focuses on serious personal injury cases, together with complex litigation including class actions, mass torts, and products liability.

3. I have personally been a pioneer in litigation of individual and class action lawsuits under the Telephone Consumer Protection Act, prosecuting these claims since 2009 on behalf of consumers in state and federal courts. I initiated and led many of the major TCPA class actions against some of the largest financial services institutions in the world. Cases in which I have served and continue to serve as Plaintiff's and Class Counsel include:

    a. *Rose v. Bank of Am. Corp.*, 5:11-cv- 2390 EJD (N.D. Cal.) (nationwide settlement achieving the largest monetary settlement in the history of the TCPA: $32,083,905.00; preliminary approval granted on December 6, 2013);

    b. *Lund. v. Chase Bank USA, N.A.*, 12-cv-2554 H (S.D. Cal.) (nationwide settlement; preliminary approval pending);

      c.    *In re Capital One TCPA Litig.*, MDL 2416 (N.D. Ill.) (consolidating four national class actions and more than seventy individual actions);

      d.    *Selby v. LVNV Funding, LLC, et al.*, 13-cv-1383 CAB (S.D. Cal.);

      e.    *Thomas v. Chase Bank USA, N.A.*, 10-cv-415 MMA (S.D. Cal.) (individual action under TCPA, filed February 23, 2010);

      f.    *Scott v. American Express Company*, 37-2010-91169-CU-BT-CTL (Sup.Ct. San Diego Cty.) (individual action under TCPA, filed May 3, 2010);

      g.    *Yamada v. Chase Bank USA, N.A.*, 2:10-cv-6524 AHM (C.D.Cal.) (individual action under TCPA, filed September 1, 2010);

      h.    *Casey v. 23andMe, Inc.*, 13-cv-2847 JAH (S.D.Cal.) (class action for unfair competition in marketing and selling genetic testing services without premarket FDA approval).

4.    Casey Gerry has extensive experience in the litigation, trial and settlement of class actions and mass tort matters in complex consumer fraud and product defect cases. Cases in which Casey Gerry has served as Class Counsel or Lead Plaintiffs' Counsel include:

      a.    *In re Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Liability Litigation*, No. 1:01-cv-9000, MDL 1401 (N.D. Ohio);

      b.    *In re Propulsid Prod. Liability Litigation*, MDL 1355 (E.D.La.);

      c.    *In re Rezulin Prod. Liability Litigation*, MDL 1348 (S.D.N.Y.);

      d.    *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, MDL 1407 (W.D. Wash.);

      e.    *In re Ephedra Prod. Liab. Litig.*, MDL 1598 (S.D.N.Y.);

      f.    *In re Baycol Prod. Liab. Litig.*, MDL 1431 (D.Minn.);

      g.    *In re Hydroxycut Marketing and Sales Practices*, MDL 2087 (S.D.Cal.);

      h.    *In re World War II Era Japanese Forced Labor*, MDL 1347 (N.D. Cal.).

5.  I was lead counsel in more than fifty appellate matters before the Supreme Court of California, three California Courts of Appeal, and the Fifth Circuit Court of Appeal of the State of Florida. Additionally, I have prepared and filed brief *amicus curiae* in matters pending before the United States Supreme Court and the Ninth Circuit Court of Appeals.

6.  I graduated with distinction and Order of the Coif from the University of the Pacific, McGeorge School of Law School in 1993. I was appointed Deputy District Attorney of Orange County, California in 1994 after a research fellowship with the Criminal Justice Legal Foundation in Sacramento, California. I opened my own practice in 1998 and joined Casey Gerry in October 2012. As set forth above, both I and my firm have extensive experience in litigating class actions and complex civil matters.

7.  Together, the cases described above have resulted in court-approved class action settlements, with a combined total recovery for plaintiffs in excess of $500 million in monetary recovery, plus other relief.  The TCPA class settlements, including those described in paragraph 3 above, total over $70 million.  Casey Gerry's experience in these cases, and my experience in particular, has provided the law firm and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

## II.     Overview of Casey Gerry's Efforts in this Action

### A.     Contingent Nature of Action

8.  This matter has required me to dedicate time and effort to this litigation that could have been spent on other matters, including on other fee-generating work of a non-contingent nature. Both I and Casey Gerry accepted the risk that an adverse judgment would result in no compensation whatsoever for our efforts and no return for costs advanced. This action was particularly daunting due to Discover's inclusion of an arbitration and class action waiver provision in its standard card member agreement, as well as the company's demonstrated history of vigorously enforcing those provisions. See, e.g., *Discover Bank v. Sup. Ct*., 36 Cal.4th 148 (2005) (overruled by *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Had both the firm and I not devoted considerable time and effort to this litigation, we would have dedicated our

efforts and our resources to other fee-generating work.

### B. Casey Gerry's Lodestar

9.  Casey Gerry and I have maintained contemporaneous time records, on a daily basis, describing tasks performed in increments of one-tenth of an hour. Since the commencement of this action. Through December 17, 2013, I have worked a total of 155.8 hours on this action. At my customary rate of $650 per hour, Casey Gerry's total lodestar amount is $101,270.00.

10. I did not include any time spent working on Plaintiffs' Motion for Award of Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar reported in the preceding paragraph.

11. Casey Gerry's lodestar will increase as we and co-counsel continue to finalize the settlement process and monitor the litigation to its close. We anticipate spending time to ensure that the settlement is administered properly, that consumer inquiries are properly addressed, and in briefing any legal issues, including final approval, that arise.

### C. Casey Gerry's Costs

12. Casey Gerry maintains all books and records regarding costs expended on each case in the ordinary course of business, which books and records are prepared from expense vouchers, credit card receipts, and check records. I have reviewed the records of costs expended in this matter.

13. Casey Gerry has incurred $2,240.44 in expenses, which includes travel costs associated with my participation in three full-day mediations in Santa Monica and San Francisco ($1,120.73); research on Westlaw ($699.96) and postage and overnight charges ($39.75); and court filing and document fees ($380.00).

### D. Casey Gerry Billing Rates

14. Casey Gerry sets its rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation and ability of the attorneys and staff members.

15. My rate of $650.00 per hour reflects my specialized experience in TCPA cases specifically and complex litigation generally, and is reflective of the market rate for attorneys of similar education, experience, and reputation in the San Francisco Bay Area market within which this matter has been litigated for matters of similar complexity and scope.

**E.      Overview of Work Performed**

16. To provide the Court with review of the work done by me and Casey Gerry in this case, without requiring the review of our voluminous time records themselves, I divide my firm's work into specific phases that track the progress of the litigation from our initial investigation through settlement.

17. *Initial Case Investigation and Preparation of Pleadings*. I spent 20.5 hours on initial case investigation and preparation of the initial Complaint. Such investigation included the following: Conducting extensive factual and legal research into the merits of the TCPA claims; discussing the facts with my client, Walter Bradley; and conducting research on the Defendant, including its corporate structure and prior lawsuits filed against it for similar claims.

18. *Opposition to Motion to Compel Arbitration*. I spent 48.2 hours opposing Discover's Motion to Compel Arbitration, including conferences with Class Counsel to ensure that research and briefing efforts were not duplicated. I took the lead in research the factual basis for the waiver argument, including an examination of California Superior Court dockets.

19. *Settlement Negotiations and Mediations.* I spent 67.8 hours engaging in settlement discussions and mediations with Discover. The parties began discussing the possibility of settlement in May 2013, immediately after the briefing on Discover's arbitration motion was completed. Representative counsel for all firms participated in three full-day mediations before the Honorable Carl West (Ret.) of JAMS, on May 31, 2012, July 10, 2012, and on September 27, 2012. The first two of these mediations were held in Santa Monica, while the third and final session was held in San Francisco. In connection with these settlement discussions and mediations, I spent time doing the following tasks: (a) discussing settlement and mediation with Discover's counsel; (b) discussing the Plaintiffs' mediation strategy with co-counsel; (c)

researching proposed mediators and selecting a mediator; (d) revising and supplementing the mediation brief; (e) traveling to and attending the three full-day mediations; (f) drafting and filing stipulations and proposed orders for extensions of time on the case schedule pending the negotiations; (g) reviewing Discover's informal discovery and information produced in the context of settlement negotiations; and (h) conducting settlement related research such as analyzing other TCPA class action settlements.

20. *Drafting the Settlement and the Motion for Preliminary Approval Papers.* Following the final September 27, 2012 mediation, I spent time negotiating the final settlement terms and negotiating, drafting, and revising the Memorandum of Understanding and the Settlement Agreement. I spent 19.3 hours on these tasks.

### F. Efforts to Avoid Duplication Among Co-Counsel

21. I have worked closely with co-counsel to prevent duplication of divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work. For example, while Lieff Cabraser Heimann & Bernstein LLP took the lead on drafting confirmatory settlement-related discovery, the firm of Meyer Wilson, Co. took confirmatory discovery depositions, and my firm, together with Terrell, Marshall, Daudt & Willie, PLLC took the lead in drafting oppositions to the Motion to Compel Arbitration. Only where it was necessary to have involvement from all of the firms, such as during the mediations, did such involvement occur.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, California on December 23, 2013.



*/s/ Mark Ankcorn*
Mark Ankcorn

### ATTESTATION

I, Jonathan D. Selbin, am the ECF user whose identification and password are being used

- 7 -

DECLARATION OF ANKCORN ISO MOT. FOR ATTORNEYS'
FEES AND COSTS AND SERVICE AWARDS
CASE NO. 4:11-CV-5746-JSW

to file this Declaration. I hereby attest that Mark Ankcorn has concurred in this filing.

*/s/ Jonathan D. Selbin*
Jonathan D. Selbin

- 8 -

DECLARATION OF ANKCORN ISO MOT. FOR ATTORNEYS'
FEES AND COSTS AND SERVICE AWARDS
CASE NO. 4:11-CV-5746-JSW