Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: 206-816-6603
Facsimile: 206-350-3528

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, et al.,<br><br>Defendants. | NO.  3:12-CV-01118-JSW<br><br>**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS**<br><br><u>CLASS ACTION</u><br><br>Complaint Filed:  November 30, 2011<br><br>Judge: Honorable Jeffrey S. White<br>Date:    February 14, 2014<br>Time:   9:00 a.m. |

I, Beth E. Terrell, declare as follows:

1. I, Beth E. Terrell, declare as follows:

1. I am a member of the law firm of Terrell Marshall Daudt & Willie PLLC ("TMDW"), counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the States of Washington and

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 1
CASE NO. 3:12-CV-01118-JSW

1  California. I respectfully submit this declaration in support of Plaintiffs' Motion for Attorneys'
2  Fees and Costs and Service Awards to the Named Plaintiffs in the above-captioned class action.
3  Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration,
4  and could testify competently to them if called upon to do so.

5      2.    TMDW is a law firm in Seattle, Washington, that focuses on complex civil and
6  commercial litigation with an emphasis on consumer protection, product defect, employment,
7  real estate, and personal injury matters. The attorneys of TMDW have extensive experience in
8  class actions, collective actions, and other complex matters. They have been appointed lead or
9  co-lead class counsel in numerous cases at both the state and federal level. They have
10 prosecuted and defended a variety of multi-million-dollar disputes involving consumer fraud,
11 wage and hour, securities fraud, and product defect. The defendants in these cases have
12 included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Sallie Mae, Comcast,
13 ABM Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, American
14 Cemwood, Bank of America, Discover Financial Services ("Discover"), and Capital One.

15     3.    TMDW has actively and successfully litigated class action lawsuits under the
16 Telephone Consumer Protection Act. Cases in which TMDW has served or is serving as Class
17 Counsel in such actions and in which I have played an active role include:

- *Comcast Robocalling Class Actions*—Two consolidated cases filed on behalf of consumers who received automated, pre-recorded solicitation phone calls from Defendants in violation of the Washington Consumer Protection Act. The cases settled, and final approval was granted in 2011.

- *Meilleur v. AT&T Corp.*—Filed on behalf of consumers who received automated, pre-recorded solicitation phone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. The case settled, and final approval was granted in 2013.

- *Rose v. Bank of America, Corporation*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 2
CASE NO. 3:12-CV-01118-JSW

U.S.C. § 227 *et seq.*  The case settled on a class-wide basis and the settlement has been preliminarily approved.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  TMDW worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  Class action settlement approval is pending.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  TMDW is working to negotiate a nationwide settlement.

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  I serve as co-lead counsel in the MDL.  TMDW is working to negotiate a nationwide settlement.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, pre-recorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  TMDW is taking a leading role in the MDL.

4.     TMDW is currently litigating or has recently settled the following cases involving consumer fraud:

- *Cooper, et al. v. American Honda Motor Co., Inc.*—Filed in 2010 on behalf of owners of 2006–2010 Honda Civics containing allegedly defective parts that caused visors to split and hang in the face of drivers and passengers.  TMDW worked to negotiate a nationwide class action settlement, and final approval was granted in 2011.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 3
CASE NO. 3:12-CV-01118-JSW

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions. TMDW worked to negotiate a nationwide class action settlement, and final approval was granted in 2011.

- *Kitec Consolidated Cases—*TMD served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems. The case settled, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service. A class settlement was approved by the Court in 2011.

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and TMDW is working on final approval.

5. TMDW is currently litigating or recently settled the following cases involving mortgage fraud and/or illegal debt adjusting schemes:

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumer who were charged excessive fees for debt adjusting services in violation of Washington law. Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

- *Callow v. CDS Client Services, Inc., et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. The case settled on a class-wide basis, and settlement was approved by the Court in 2012.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 4
CASE NO. 3:12-CV-01118-JSW

6. In addition to a successful consumer protection practice, TMDW has litigated the following wage and hour class actions:

- *Newell v. Home Care of Washington, Inc., et al.*—TMDW represents a certified class of more than 400 in-home health care workers who allege violations of state wage and hour law. Trial is set for March 2014.

- *Hill v. Xerox Business Services, LLC, et al.*, and *Douglas v. Xerox Business Services, LLC, et al.*—TMDW represents proposed classes of current and former call center workers who allege violations of state and federal wage and hour laws. Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on behalf of approximately 500 individuals alleging their employer violated Oregon's wage and hour laws. Defendants' systematic scheme of wage and hour violations involved, among other things, failure to pay non-managerial installation technicians for all hours worked, including overtime. The case settled on a class-wide basis, and approval was granted in 2013.

- *Khadera v. ABM Industries, Inc.*—TMDW represented 337 employees who alleged violations of federal and state wage and hour laws. The case settled, and final approval was granted in 2012.

- *Simpson v. ABM Industries, Inc.*—TMDW represented a CR 23 class of approximately 6,800 employees who alleged Washington State wage and hour violations. The case settled in March 2012, and final approval of the settlement was granted on September 2012.

- *Martinez v. 24 Hr. Professional Janitorial Services, Inc.*—TMDW represented a class of 175 employees who alleged wage and hour violations. The case settled in 2009, and King County Superior Court approved the settlement in 2010.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer. After more than seven years of litigation, TMDW obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees. That settlement was approved in July 2009.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 5
CASE NO. 3:12-CV-01118-JSW

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMDW represented a certified class of more than 500 employees who were denied earned vacation benefits. After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied defendants' petition for review. A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMDW represented a certified class of workers who alleged they were not paid for overtime work. The case was tried before a jury during a five-week period in 2010, and TMDW successfully obtained a judgment for the workers in excess of $4,000,000. TMDW continues to work on enforcing the judgment against multiple defendants.

- *Lettic v. Spectrum Glass Co., Inc.*—TMDW represented a certified class of 300 current and former employees who alleged wage and hour violations regarding time shaving practices and inadequate meal and rest breaks. The case settled in 2010 and the settlement was approved later that year.

7. I am the lead attorney from TMDW in the instant litigation. A founding member of TMDW, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

8. I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMD in May 2008, I was a member of Tousley Brain Stephens PLLC. I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

9. I am actively involved in several professional organizations and activities. For example, I currently serve as a Vice President for the Washington State Association of Justice

1  ("WSAJ"), and serve on the WSAJ Executive Committee. I am also the current Chair of the
2  WSAJ's Consumer Protection Section. I am the current Vice Chair of the Washington
3  Employment Lawyers Association and a member of the Public Justice Foundation's Board of
4  Directors. I serve on the Foundation's Development, Case Evaluation, Membership, and Class
5  Action Preservation Committees.

6  　　　10.　　I have been repeatedly named to the annual Washington Super Lawyers list
7  (2005, 2010, 2011, 2012, and 2013) and the Top 50 Women Super Lawyers list (2012 and
8  2013) by *Washington Law & Politics* Magazine.

9  　　　11.　　Kimberlee L. Gunning, a former member of Terrell Marshall Daudt & Willie
10  PLLC, also performed substantial work on this matter. Ms. Gunning graduated from the
11  University of Washington School of Law in 2004. Before joining the firm, Ms. Gunning had a
12  solo practice focused on consumer class actions, employment law and appeals in all areas of
13  civil and administrative law and was also an associate at Tousley Brain Stephens for 4 years.
14  Ms. Gunning has extensive experience in complex civil litigation and has acted as co-counsel
15  in several consumer class actions, including *Spafford v. EchoStar; Hartman, et al. v. Comcast;*
16  *Seraphin v. AT&T Internet Services, Inc., et al; Vernon, et al. v. Qwest, and Grosvenor v.*
17  *Qwest and Godoy v. AT&T Wireless.* In 2011 and 2012, Ms. Gunning was named a
18  Washington "Rising Star" by *Washington Law & Politics* Magazine. Ms. Gunning is now a
19  senior trial attorney in the Washington State Attorney General's Consumer Protection Division.

20  　　　12.　　This lawsuit has consumed my time, along with the time of my former partner
21  Kimberlee L. Gunning and paralegal Bradford Kinsey. Such time could otherwise have been
22  spent on other fee-generating work. Because the representation in this matter is on a
23  contingency-fee basis, TMDW shouldered the risk of expending substantial costs and time in
24  litigating the action without any monetary gain in the event of an adverse outcome. This action
25  was especially risky, given that Discover's customer agreement includes an arbitration clause
26  with a class action ban.

27

1   13. TMDW sets its rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; the rates customarily charged by other lawyers of similar skill and experience; and the experience, reputation, and ability of TMDW's attorneys and staff members.

14. The regular practice at TMDW is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis. I review and audit the time on a regular basis.

15. I was the attorney primarily responsible for reviewing the work of the TMDW timekeepers who worked on this matter. I supervised all work to encourage efficiency and ensure there was as little duplication of effort as possible, including limiting the number of attorneys assigned to this case. I also reviewed the billing records and reduced or eliminated time where necessary. For example, I deleted billable time spent on routine, housekeeping matters. In addition, I deleted all time billed by: Cassandra Bohannon, Janelle Chase, Rachel Hoover, Torrie Marshall, and Eden Nordby. Additionally, I did not include any time spent working on Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs, or this supporting declaration and exhibits, within the lodestar reported in paragraphs 18 and 20 below. I can therefore confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

16. The work performed by Mr. Kinsey was work that required sufficient knowledge of legal concepts and that I or another attorney would have had to perform absent such assistance. Mr. Kinsey is qualified to perform substantive legal work based on his training and past experience working for attorneys, including attorneys outside of TMDW's offices.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 8
CASE NO. 3:12-CV-01118-JSW

17. I worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work. Only where it was necessary to have involvement from all of the firms, such as during the mediations, did such involvement occur.

18. Through December 12, 2013, TMDW has worked a total of 188.9 hours in this action, with a total lodestar of $109,696.50, and an overall blended rate (lodestar divided by total hours) of $580.71 per hour.

19. TMDW will incur additional fees and costs between now and the close of this litigation, including overseeing the settlement process, addressing class member inquiries, and briefing and attending the hearing for final approval of the settlement.

20. The following table lists the TMDW attorneys and professional personnel and their current hourly rates. The hourly rate shown for any attorney or paralegal who: (a) is no longer employed with TMDW or (b) has been promoted, reflects the last rate that applied at the time of their employment in that position. The chart also details the time each of these attorneys and litigation assistants worked on this case and their contribution to TMDW's total lodestar:

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| **ATTORNEYS** | | | | |
| **Beth E. Terrell** Partner at Terrell Marshall Daudt & Willie PLLC J.D. from Univ. of California, Davis School of Law, Order of the Coif, 1995 | Researched and analyzed various legal and factual issues; worked on pleadings and memoranda; worked on the response to the motion to compel arbitration and arbitration-related discovery; prepared for mediations; attended those mediations; negotiated and worked on the settlement agreement and supporting documents; worked on settlement administration issues. | $675 | 121.5 | $82,012.50 |
| **Kimberlee L. Gunning** Partner at Terrell Marshall Daudt & | Worked on pleadings and memoranda; analyzed various legal and factual issues regarding motion to compel arbitration; worked on discovery matters. | $500 | 48.6 | $24,300.00 |

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| Willie PLLC from 2009 to 2013. J.D. from Univ. of Washington School of Law, 2004 | | | | |
| **PARALEGALS** | | | | |
| **Bradford Kinsey** Paralegal at Terrell Marshall Daudt & Willie PLLC since October 2009. AA as a legal assistant from Edmonds Community College, 1989. 21 years of experience working in civil litigation representing both plaintiffs and defendants. | Drafted and worked on pleadings; filed and served pleadings and discovery-related documents; prepared correspondence; coordinated mediation scheduling. | $180 | 18.8 | $3,384.00 |
| **TOTAL:** | | | 188.9 | $109,696.50 |

21.     Our lodestar calculations are based on reasonable hourly rates.  Indeed, courts in Western Washington have approved fee requests by TMDW that were based on these rates (or similar rates in place at the time of the application).  A sample of the federal and state courts since 2008 that have approved TMDW's standard billing rates and reimbursement of costs as reasonable are:

a.     July 2009, in *Barnett, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-2-24553-8 SEA (Wash. Sup. Ct. King County);

b.     September 2010, in *Odom v. Microsoft Corp.*, Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County);

c.     July 2009, in *Splater v. Thermal Ease Hydronic Systems, Inc.*, Case No. 03 2 33553-3 SEA (Wash. Sup. Ct. King County);

    d.  December 2010, in *Carideo v. Dell Inc.*, No. CV-01772-JLR (W.D. Wash.);

    e.  May 2011, in *Fine v. T-Mobile USA, Inc.*, No. CV-00973-TSZ (W.D. Wash.);

    f.  May 2011, in *Frey v. 3PD, Inc.* C08-0630 JCC (W.D. Wash);

    g.  August 2011, in *Seraphin v. AT&T Internet Svcs*. CV-00131-REB (D. Idaho);

    h.  September 2012, in *Arthur v. Sallie Mae, Inc.* C10-00198 JLR (W.D. Wash.);

    i.  January 2012, in *Milligan v. Toyota Motor Sales, U.S.A., Inc.* C09-05418 RS (N.D. Cal.);

    j.  October 2012, in *Khadera v. ABM Industries, Inc.* C08-0417 RSM (W.D. Wash.); and

    k.  March 2013, in *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash.).

22. TMDW has incurred $3,399.04 in expenses, which includes travel costs associated with my participation in three full-day mediations ($1,798.54); other hard costs such as research on Westlaw ($1,109.23); Federal Express or postage charges ($171.42); court filing fees ($305.00); and internal costs such as printing and copying ($14.85).

23. Since the beginning of this case, TMDW has worked with no guarantee of being compensated for its time and efforts. Payment of TMDW's fees has always been contingent on successfully obtaining relief for the Plaintiffs and Class members. As a result, there was a substantial risk of non-payment. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees. TMDW has also been denied use of the fees it earned over the course of this case.

24. I was involved in negotiating the proposed settlement in this case. I believe the settlement provides an excellent result for Class members and is fair, adequate, and reasonable, especially in light of the high likelihood that Discover would successfully enforce its arbitration

clause and class action ban.  This would have precluded any class-wide relief.  Plaintiffs and their counsel have considered the risks inherent to litigation and the various defenses available to Discover.  The reality that Plaintiffs and class members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiffs and their counsel that the settlement reached with Discover outweighs the gamble of continued litigation.

I declare under penalty of perjury of the laws of the State of Washington and the United States of America that the foregoing is true and correct, and that this declaration was executed in Seattle, Washington, on December 23, 2013.

By:   /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181

**ATTESTATION**

I, Jonathan D. Selbin, am the ECF user whose identification and password are being used to file this Declaration.  I hereby attest that Beth E. Terrell has concurred in this filing.

/s/ Jonathan D. Selbin
Jonathan D. Selbin

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS TO THE NAMED PLAINTIFFS - 12
CASE NO. 3:12-CV-01118-JSW