Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Voice: (703) 203-3848

*Attorneys for Objector Michael James Barton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD, individually on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, *et al.*,<br><br>Defendants,<br><br>―――――――――――<br><br>Michael James Barton,<br><br>Objector. | Case No. 3:12-CV-01118-JSW<br><br>**OBJECTION TO PROPOSED SETTLEMENT AND FEE REQUEST**<br><br>Date: February 14, 2014<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Judge: Hon. Jeffrey S. White |

## TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................................1

INTRODUCTION ......................................................................................................................2

I.     Mr. Barton is, on information and belief, a member of the class. ............................3

II.    The court has a fiduciary duty to the unnamed members of this class. ....................3

III.   The January 11 notice violates the preliminary approval order and is facially insufficient. ...................5

IV.   There are multiple grounds for objection here that Mr. Barton has not had fair opportunity to develop because of the late notice. ...................................................6

V.    This objection is brought in good faith. ................................................................ 10

CONCLUSION.......................................................................................................................... 11

# INTRODUCTION

Michael James Barton objects to a settlement and fee request where he did not receive individualized notice until Saturday, January 11, 2014—less than one business day before the January 13, 2014 objection deadline. The notice is facially insufficient and violates this court's preliminary approval order. He reserves the right to supplement his objection to correct the prejudice of having to file an objection on such short notice without the fair opportunity to fully develop the legal reasons for his objection.

But even with the disadvantage of having less than one business day to retain *pro bono* counsel and draft an objection, the settlement and fee request is plainly problematic. The $8.75 million "settlement fund" on which class counsel bases its $2.175 million fee request is illusory for multiple reasons. *First*, over $1 million of that fund will admittedly go not to class members, but to third-party settlement administration and notice. *Second*, an unknown amount of millions of dollars will not actually go to class members, but will be used by defendants to offset charges *they have already written off*. This is a benefit to the defendants, not the class.

The fee request is not just excessive as a matter of percentage of the actual benefit to the class, but excessive with the lodestar cross-check. Even assuming that all hours are legitimately spent and that there wasn't duplicative overbilling or overcharging, class counsel is requesting approximately $2,000/hour for a case where the majority of hours were spent in settlement negotiations and "confirmatory discovery"—the very definition of low-risk. The class is being asked to settle for pennies on the dollar ($20 to $40 for a $1500 statutory claim) while the attorneys request a 3.5 multiplier as if they won a great victory. A multiplier is not appropriate; indeed, if the claims rate is as low as it typically is, the correct fee is likely less than lodestar.

While the *cy pres* provision of the settlement is small, the parties also violate Ninth Circuit law in failing to give notice of the identity of the proposed *cy pres* recipient.

The settlement should not be approved without learning the amount the class will actually receive; the offsets and payments to third parties should not be considered a class benefit; and the fees should be reduced to reflect the actual class benefit.

## I. Mr. Barton is, on information and belief, a member of the class.

The class is defined as "all persons to whom, on or after November 30, 2007 through the date of Preliminary Approval, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice."

On information and belief, Michael James Barton (business address Williams Tower, 2800 Post Oak Blvd, Suite 4100, Houston, Texas, 77056, phone: 713.234.6535) is a member of the class. The basis of this belief is because (1) Mr. Barton has had a Discover card since the middle of 2010; (2) Mr. Barton provided his cell-phone number to Discover; and (3) on January 11, 2014, Mr. Barton received a class notice with claim number 15446168401. (Mr. Barton objects that the class notice fails to clearly indicate whether he is a class member, though that information is in Discover's possession.) Mr. Barton has not yet submitted a claim, but intends to do so after reviewing the claim form with his attorney.

Attorney Theodore H. Frank represents Mr. Barton *pro bono*, and gives notice of his intent to appear at the fairness hearing in this case, where he will discuss matters raised in this Objection. Mr. Barton does not intend to call any witnesses at the fairness hearing, but reserves the right to make use of all documents entered on to the docket by any settling party or objector. Mr. Barton reserves the right to cross-examine any witnesses who testify at the hearing in support of final approval and to supplement this objection. Mr. Barton joins the objections of any other objectors or *amici* to the extent those objections are not inconsistent with this one.

## II. The court has a fiduciary duty to the unnamed members of this class.

A district court must act as a "fiduciary for the class," "with a jealous regard" for the rights and interests of absent class members. *In re Mercury Interactive Corp.*, 618 F.3d 988, 994–95 (9th Cir. 2010) (internal quotation and citation omitted). "Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members.... [T]he court cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *In re GMC Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 785 (3d. Cir. 1995) (internal quotation and citation omitted). "A trial court has a continuing duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of

the class." Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 13:20 (4th ed. 2002). "Both the class representative and the courts have a duty to protect the interests of absent class members." *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). *Accord Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) ("The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members").

There should be no presumption in favor of settlement approval: "[t]he proponents of a settlement bear the burden of proving its fairness." *True v. American Honda Co.*, 749 F. Supp. 2d 1052, 1080 (C.D. Cal. 2010) (*citing* 4 Newberg on Class Actions § 11:42 (4th ed. 2009)). *Accord* American Law Institute, *Principles of the Law of Aggregate Litig.* § 3.05(c) (2010) ("*ALI Principles*").

"[W]here the court is '[c]onfronted with a request for settlement-only class certification,' the court must look to the factors 'designed to protect absentees.'" *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003) (*quoting Amchem*, 521 U.S. at 620). "[S]ettlements that take place prior to formal class certification require a higher standard of fairness." *Molski*, 318 F.3d at 953. "[P]re-certification settlement agreements require that we carefully review the entire settlement, paying special attention to 'terms of the agreement contain[ing] convincing indications that the incentives favoring pursuit of self-interest rather than the class's interest in fact influenced the outcome of the negotiations.'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 867 (9th Cir. 2012) (*quoting Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003)). "These concerns warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Where the Court confronts a pre-certification settlement, consideration of the eight *Churchill*[1] factors "alone is not enough to survive appellate review." *In re Bluetooth Headset Prod. Liab. Lit.*, 654 F.3d 935, 946 (9th Cir. 2011).

It is insufficient that the settlement happened to be at "arm's length" without express collusion between the settling parties; because of the danger of conflicts of interest, third parties must monitor the reasonableness of the settlement as well. *Bluetooth*, 654 F.3d at 948 (*quoting Staton*, 327 F.3d at 960). "Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-

---

[1] *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1052 (9th Cir. 2002) (*quoting In Re Washington Public Power Supply Syst. Lit.,* 19 F.3d 1291 (9th Cir. 1994)). "Accordingly, fee applications must be closely scrutinized." *Vizcaino*, 290 F. 3d at 1052.

### III. The January 11 notice violates the preliminary approval order and is facially insufficient.

Mr. Barton did not receive notice until the morning of Saturday, January 11, 2014, less than one business day before the January 13 objection deadline. *See* Exhibit 1 (attached). This, by itself, is a violation of this Court's preliminary approval order, which required notice to be provided by November 27, 2013. Dkt. No. 59 ¶ 19. *See generally Schiller v. David's Bridal, Inc.,* No. 1:10-cv-00616-AWI-SKO, 2012 U.S. Dist. LEXIS 49645, at *4-*5 (E.D. Cal. Apr. 9, 2012) (notice late in violation of preliminary approval order requires providing class members additional time to object). Indeed, this Court's Order of June 27, 2013 (Dkt. 53) expressed concern that thirty days would be too little time for class members *to submit a claim*.

Absent class members have a due process right to notice and an opportunity to opt out of class litigation when the action is predominantly for money damages. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 & n.3 (1985); *Hecht v. United Collection Bureau*, 691 F.3d 218, 222 (2d Cir. 2012). To be constitutionally compliant, notice must be the "best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Hecht*, 691 F.3d at 224 (*quoting Shutts*, 472 U.S. at 812). This must be more than a "mere gesture": "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* (*quoting Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 315 (1950)).

The Ninth Circuit holds that notice "should provide sufficient time after the [notice is sent out] to enable potential objectors to examine the motion." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). "[A]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request." *Id.* (quoting 5 *Moore's Federal Practice* § 23.124[4] (Matthew Bender 3d ed. 2009)). Less than one business day is plainly insufficient under *Mercury Interactive* and other in-circuit precedent. *E.g., Lusby v. Gamestop Inc.*, No. C12-03783, 2013 U.S. Dist.

LEXIS 41794, *34-*35 (N.D. Cal. Mar. 25, 2013) (30 days insufficient); *Nielson v. The Sports Authority*, No. C 11-4724 SBA, 2012 U.S. Dist. LEXIS 168226, 2012 WL 5941614 at *6 (N.D. Cal. Nov. 27, 2012) (same).

As this Court has previously held "Notice to class members to alert them of their right to opt-out of the class must be 'the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2012 U.S. Dist. LEXIS 163672, at *7 (N.D. Cal. Nov. 15, 2012) (quoting *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting Fed. R. Civ. Proc. 23(c)(2)).

Mr. Barton has been prejudiced by the late notice because his counsel has not had time to fully develop the arguments for objection to this problematic settlement.

## IV. There are multiple grounds for objection here that Mr. Barton has not had fair opportunity to develop because of the late notice.

Mr. Barton only has time to sketch out his objections here. The main objection is that the $8.75 million settlement fund does not actually provide $8.75 million of benefit to the class; the result is a proposed attorneys' fee that is not only a ludicrous multiplier of a lodestar spent almost entirely on relatively riskless settlement negotiation and implementation, but disproportionate to the actual class benefit.

The settlement creates a fund of $8.75 million—but immediately subtracts over $1.1 million for administration costs and notice. As the Third Circuit has noted, class members are "not indifferent" whether settlement funds go to class members or to *cy pres* recipients. *In re Baby Products Antitrust Lit.*, 708 F.3d 163, 178 (3d Cir. 2013). If class members prefer cash in their pockets to cash to charity, they surely prefer cash in their pockets to cash provided to a highly profitable settlement administrator. *See, e.g., In re Wells Fargo Sec. Litig.*, 157 F.R.D. 467, 470-72 (N.D. Cal. 1994) (class cares about minimizing expenses). Any other conclusion would imply that class members would be just as happy with a gold-plated settlement administration that extracted $5 million from the $8.75 million settlement fund as one that efficiently cost only a few hundred thousand dollars; any other conclusion awards class counsel a commission on moneys paid to the settlement administrator and gives class counsel no incentive to ensure that the class is maximizing its recovery.[2]

---

[2] Nor can the cost of notice be considered a class benefit. The defendant has every incentive to fund notice, because constitutionally adequate notice is a prerequisite for the defendant to obtain the only

The percentage-of-recovery approach is supposed to be percentage of *recovery*, not the percentage of a *fund*. The proper evaluation of the settlement is what the class *actually receives*. *See* Notes of Advisory Committee on 2003 Amendments to Rule 23 ("it may be appropriate to defer some portion of the fee award until *actual payouts* to class members are known" (emphasis added)); *id.* ("fundamental focus is the result *actually achieved* for class members" (emphasis added); *id.* (*citing* 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest *actually paid* to the class" (emphasis added))). *See also* ALI Principles § 3.13; Federal Judicial Center, *Manual for Complex Litigation (Fourth)* § 21.71(2004) ("the fee awards should be based only on the benefits *actually delivered*."). "[N]umerous courts have concluded that the amount of the benefit conferred logically is the appropriate benchmark against which a reasonable common fund fee charge should be assessed." *In re Prudential Ins. Co. America Sales Practices Litig.*, 148 F.3d 283, 338 (3d Cir. 1998). The "key consideration in determining a fee award is reasonableness in light of the benefit *actually conferred*." *In re HP Inkjet Printer Litig.*, No. 5:05–cv-3580 JF, 2011 WL 1158635, at *10 (N.D. Cal. Mar. 29, 2011) (emphasis in original) (internal citation and quotation omitted). While many courts have unreflectively assumed that a settlement fund is a settlement fund regardless of who gets the money, none of those considered the reasoning of *Baby Products,* the 2003 Amendments to Rule 23, the *Manual for Complex Litigation*, or the *ALI Principles*.

The settlement has a provision for reductions in the claims if a class member is derelict in their payments and their credit has been revoked or charged off. In that case Discover may at its option apply a

---

consideration it receives from a settlement: the waiver and release of class members' claims. *See e.g.*, *Besinga v. United States*, 923 F.2d 133, 137 (9th Cir. 1991) (reversing dismissal of plaintiff's case because no notice was given in prior class action) (citing cases); *Hecht v. United Collection Bureau*, 691 F.3d 218 (2d. Cir. 2012) (permitting relitigation of class action because of inadequacy of class notice in previous settlement); *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226-29 (11th Cir. 1998) (same). Notice enables class members to make claims, but those amounts claimed are already included in the final tabulation of settlement value, there is no need for double-counting by including the costs of the notice in addition to its yield. As such, the expense of class notice should not be counted as a benefit on the class's side of the ledger. Refusing to count notice costs is just one instantiation of this Circuit's general principle that costs imposed on the defendant—divorced from class benefits—are not the measure of compensable class value. *See Bluetooth*, 654 F.3d at 944 ("[T]he standard [under Rule 23(e)] is not how much money a company spends on purported benefits, but the value of those benefits to the class.") (*quoting In re TD Ameritrade Accountholder Litig.*, 266 F.R.D. 418, 423 (N.D. Cal. 2009)).

Reduction award and get a credit against the settlement. But if Discover has already charged off this amount, this is not a class-member benefit, but entirely a windfall reversion to Discover. Worse, Discover is already aware of a certain number of class members who are eligible for reduction and thus for whom Discover can credit the fund. The Settlement has no provision prohibiting Discover from applying for the Reduction even if the class member does not make a claim. Settlement §§ III.G.2, III.H.3. Discover is entitled to negotiate a settlement that includes such a windfall to itself, but class counsel is not entitled to represent to the Court that it has actually accomplished something when potentially millions of dollars of the fund will simply return to Discover's coffers. The Court cannot approve the settlement or the fee award until it knows the size of the Reduction and the amount of money actually being paid to class members. As it stands, it is entirely likely that the class is getting less than the $2.175 million the attorneys are asking for themselves—especially since the notice fails to communicate to class members whether they are actually entitled to make a claim, when that information is surely in Discover's records.

The fee request is not just excessive as matter of percentage of the actual benefit to class members, but in the lodestar crosscheck, where class counsel requests an average of about two thousand dollars an hour for every hour spent by a partner, associate, or paralegal. A multiplier is supposed to compensate class counsel for the riskiness of their case, but the risk here was low to begin with (class counsel was piggybacking on an FCC investigation that was mentioned in the first paragraph of the complaint) and eliminated in the early going when Discover entered into settlement negotiations before a single substantive motion was decided. Most of the hours class counsel devoted to this case was after risk had passed; most of the docket entries involve administrative stipulations for delay while the settlement was negotiated.

A multiplier is further inappropriate for two other reasons. *First,* "there is a strong presumption that the lodestar is sufficient" without an enhancement multiplier. *Perdue v. Kenny A*, 130 S. Ct. 1662, 1669 (2010). A lodestar enhancement is only justified in "rare and exceptional" circumstances where "specific evidence" demonstrates that an unenhanced "lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1674. *Kenny A*'s limitation on enhancements was made in the context of interpreting 42 U.S.C. § 1988's language of "reasonable" fee awards, but there's little justification for claiming that "reasonable" in § 1988 means something different than "reasonable" in class action fee awards made under Fed. R. Civ. P. 23(h). *See e.g., Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 Fed. Appx. 496, 500 (6th Cir. 2011); *Gonzalez v. S. Wine*

*& Spirits of Am., Inc.*, No. 11-cv-5849, 2012 U.S. Dist. LEXIS 46401, at *12-*16 (C.D. Cal. Mar. 29, 2012) (citing *Kenny A* and denying enhancement multiplier of 1.5); *Weeks v. Kellogg Co.*, No. 09-cv-8102, 2011 U.S. Dist. LEXIS 155472, at *129-*135 & n.157 (C.D. Cal. Nov. 23, 2011) (citing *Kenny A* and finding "little basis for an application of a multiplier" when calculating lodestar cross-check); *cf. also In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 361 (3d Cir. 2010) (Weis, J. concurring/dissenting) (referring to *Perdue* as an "analogous statutory fee-shifting case.").

*Second*, appropriate use of the lodestar calibrates the award downward, not upward, where the degree of success achieved is disproportionately small. *See Bluetooth*, 654 F.3d at 942-44 (citing *Hensley*, 461 U.S. at 434-36 (1983)). "The class is being asked to 'settle,'"— class members who make claims get approximately 1-3% of statutory damages; class members who fail to make claims get nothing for their waiver—"yet Class Counsel has applied for fees as if it had won the case outright." *Sobel v. Hertz*, No. 3:06-CV-00545-LRH-RAM, 2011 U.S. Dist. LEXIS 68984, at *44 (D. Nev. Jun. 27, 2011).

Nor can the prospective injunctive relief justify the fees. The settlement provision effectively amounts to an injunction to follow the law, which courts have described as "meaningless" and "valueless."[3] Moreover, because the relief, by definition, cannot compensate the class other than incidentally, it cannot be evaluated as part of the settlement; even opt-outs and non-class-members are entitled to the "injunctive relief," so it is not consideration for waiving claims. As Judge Wood has explained, "[t]he fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel Tech. Inc. v. DHL Express,* 463 F.3d 646, 654 (7th Cir. 2006). *See also Vought v. Bank of Am., N.A.*, No. 10-CV-2052, 2012 U.S. Dist. LEXIS 143595, at *51-*52 (C.D. Ill. Oct. 4, 2012) (remarking on the slender

---

[3] *McClintic v. Lithia Motors, Inc.*, No. C11-859RAJ, 2012 U.S. Dist. LEXIS 3846, at *12 (W.D. Wash. Jan. 12, 2012); *see also Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 544-45 (S.D. Ohio 2000) ("[A] defendant's promise to do that which the law already requires is not a valuable benefit.") (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981) (finding little benefit to class members from settlement agreement provisions that obligated defendant "to do what the law generally requires"); *Reich v. Walter W. King Plumbing & Heating Contractor, Inc.*, 98 F.3d 147, 151 (4th Cir. 1996) (defendant was the "prevailing party" under a settlement that merely obligated it to do that which the law already required). To the extent that the revision of terms of use is of value to anyone, it is to Facebook in order that they may forestall future lawsuits. *See Galloway v. Kan. City Landsmen*, No. 4:11-1020-CV-W-DGK, 2012 U.S. Dist. LEXIS 147148, at *18 (W.D. Mo. Oct. 12, 2012) (If defendant doesn't comply with the law "a new lawsuit could be filed and the plaintiff could easily prove a willful violation.").

"difference between an individual who opts out of the proposed settlement and an individual who does not opt out," ultimately disapproving the settlement).[4]

While *cy pres* is a small portion (less than $50,000) of the settlement, the class has not been given notice of the *cy pres* recipient, in violation of *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012).

Finally, because of the complexity of the settlement, it is not clear that the class representatives, who are petitioning for $2,000 each, or 50 to 100 times what a *claiming* class member is entitled to, and a much greater multiple of what the *average* class member will receive, understood the illusory nature of the settlement fund, or the degree to which the fee request is disproportionate to the actual class recovery. Whether they did or did not, Rule 23(a)(4) has not been satisfied: either class counsel pulled the wool over the class representatives' eyes, or the class representative signed off on a settlement that disproportionately favors class counsel.

Mr. Barton reserves the right to develop each of these objections in a more thorough fashion in supplemental briefing.

## V. This objection is brought in good faith.

Theodore Frank, founder of the non-profit Center for Class Action Fairness, is representing Mr. Barton *pro bono*. The Center's mission is to litigate on behalf of class members against unfair class-action procedures and settlements, and it has won millions of dollars for class members. *See, e.g.,* Ashby Jones, *A Litigator Fights Class-Action Suits*, Wall St. J. (Oct. 31, 2011); Allison Frankel, *Legal Activist Ted Frank Cries Conflict of Interest, Forces O'Melveny and Grant & Eisenhofer to Modify Apple Securities Class Action Deal*, American Lawyer Lit. Daily (Nov. 30, 2010) (successful objection resulting in a reversion of $2.5 million from *cy pres* to class members); *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480, at *29 (W.D. Wash. Jun. 15, 2012) (noting that the Center's client "was relentless in his identification of the

---

[4] Note that this is **not** an argument that injunctive relief is **never** a benefit to the class. There are class actions where a class members receive injunctive relief that addresses their past injuries. For example, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), is an injunction-only settlement approved by the Ninth Circuit. *Hanlon* is consistent with *Synfuel's* holding. *Hanlon* plaintiffs alleged a product defect, and class members received "a redesigned improved replacement latch to be installed free of charge." This is retrospective injunctive relief, compensatory and potentially appropriate. But the injunctive relief here is not meant to make class members whole, and is thus not a benefit to class counsel's clients.

numerous ways in which the proposed settlements would have rewarded class counsel (and a *cy pres* charity) at the expense of class members" and "significantly influenced the court's decision to reject the first settlement and to insist on improvements to the second").

Because it has been the Center's experience that class action attorneys often employ *ad hominem* attacks in attempt to discredit objections, it is perhaps relevant to distinguish this objector's intentions from the agenda of those who are often styled "professional objectors." A "professional objector" is a specific legal term referring to for-profit attorneys who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of the attorneys' fees; thus, some courts presume that the objector's legal arguments are not made in good faith. Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U. CHI. LEGAL F. 403, 437 n.150 (2003). This is not the Center's *modus operandi*. Paul Karlsgodt & Raj Chohan, *Class Action Settlement Objectors: Minor Nuisance or Serious Threat to Approval*, BNA: Class Action Litig. Report (Aug. 12, 2011) (distinguishing the Center from professional objectors). While the Center has brought several objections to unfair class action settlements, the majority of which have been successful, the Center refuses to engage in *quid pro quo* settlements and does not extort attorneys; the Center has never withdrawn an objection in exchange for payment.

Nonetheless, to preempt any possibility of a false and unjustifiable accusation of objecting in bad faith and seeking to extort class counsel, Mr. Barton willing to stipulate to an injunction prohibiting himself and his attorneys from accepting compensation in exchange for the settlement of this objection. *See* Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 VAND. L. REV. 1623 (2009) (suggesting inalienability of objections as solution to objector blackmail problem).

## CONCLUSION

The settlement cannot be approved until the degree of actual class benefit from the claims process is known, and how much of the settlement fund will actually end up in the hands of the defendants and third parties such as the settlement administrator. The fee request is thus excessive relative both to the size of the settlement fund, the degree of success obtained, and the lodestar.

Case No. 3:12-CV-01118-JSW 11
OBJECTION TO PROPOSED SETTLEMENT AND FEE REQUEST

Dated: January 13, 2014                    Respectfully submitted,


                                           */s/ Theodore H. Frank*
                                           Theodore H. Frank (SBN 196332)
                                           **CENTER FOR CLASS ACTION FAIRNESS**
                                           1718 M Street NW
                                           No. 236
                                           Washington, DC 20036
                                           Email: tfrank@gmail.com
                                           Voice: (703) 203-3848


                                           *Attorney for Objector Barton*

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Objection using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants at the addresses listed below:

Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Park East
16th Floor
Los Angeles, CA 90067

Daniel Hutchinson
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street
29th Floor
San Francisco, CA 94111-3339

DATED this 13th Day of January, 2014

*/s/ Theodore H. Frank*

Theodore H. Frank