# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES LLC, and DISCOVER BANK,<br><br>Defendants. | Case No. 3:12-cv-01118-JSW<br><br>[Assigned to the Hon. Jeffrey S. White]<br><br>**REVISED [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING** |

**[PROPOSED] ORDER**

Subject to Court approval, Plaintiffs Andrew Steinfeld and Walter Bradley ("Plaintiffs" or "Settlement Class Representatives"), on the one hand, and Discover Financial Services, DFS Services LLC and Discover Bank, acting on behalf of themselves, their affiliated persons and entities and all persons and entities acting for or on its or their behalf (collectively, "Discover") on the other hand, entered into a Settlement Agreement dated May 17, 2013 and a First Amendment to the Settlement Agreement dated July 18, 2013 in proposed settlement of the actions entitled Walter Bradley v. Discover Financial Services, U.S.D.C., Northern District of California Case No. 4:11-cv-5746-YGR ("Bradley"), and Andrew Steinfeld v. Discover Financial Services, et al., U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW ("Steinfeld") (Bradley and Steinfeld are collectively referred to herein as the "Actions") (together with its exhibits, the "Agreement").

Application has been made for preliminary approval of the settlement set forth in the Agreement (the "Settlement"), upon the terms and conditions in the Agreement. The Court has received and reviewed (1) the Agreement and all exhibits attached thereto; (2) Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of Notice Plan, and Setting of Final Approval Hearing and all exhibits attached thereto; and (3) all other pleadings and matters of record.

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review of the Agreement, it is hereby ORDERED as follows:

1. The Court has jurisdiction over the subject matter of the Actions, the Parties and all Settlement Class Members.

2. The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Preliminary Approval Order.

3. Subject to this Court's authority to determine whether to finally approve the Settlement at the final approval hearing ("Final Approval Hearing") described in Paragraph 21 of this Preliminary Approval Order:

-1-

(a) The Court hereby preliminarily approves the Agreement and the Settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length negotiation by counsel, and directs the Parties to proceed with the Settlement pursuant to the terms and conditions of the Agreement and exhibits thereto.

(b) The terms of the Agreement are preliminarily approved for the purpose of providing Class Notice to the Settlement Class.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class in <u>Steinfeld</u>, subject to further consideration at the Final Approval Hearing:

> All persons to whom, on or after November 30, 2007 through the date of this Preliminary Approval Order, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

5. The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these representative plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court hereby also approves Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Casey Gerry Schenk Francavilla Blatt & Penfield LLP and Terrell Marshall Daudt & Willie PLLC, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

7.   Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Agreement or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Agreement.

8.   Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Agreement terminates or final approval does not occur.

9.   Pending final approval of the Settlement, Discover shall advance the amounts necessary to pay for costs of Class Notice and settlement administration; these advances shall be credited against the Settlement Amount. Prior to the Final Approval Hearing, the Settling Parties shall select the Escrow Agent and negotiate with the Escrow Agent a mutually acceptable escrow agreement (the "Escrow Agreement") that shall provide the terms and conditions governing the Fund to be established if the Settlement receives final approval. Notwithstanding any deadlines to the contrary in the Agreement, Discover shall not be required to make any payment into the Fund until the Escrow Agreement has been executed.

10.   The Fund shall be subject to the continuing jurisdiction of the Court. The Escrow Agent shall not disburse any portion of the Fund except as provided in the Agreement and with the written agreement of Class Counsel and counsel for Discover or by order of the Court.

11.   The Court hereby finds and orders that the proposed Class Notice program set forth in Section III.F of the Agreement, and the claims submission plan set forth in Section III.G of the Agreement, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the members of the Settlement Class, provide individual notice to all members of the Settlement Class who or which can be identified through reasonable effort, and provide publication notice to members of the Settlement Class.

12.   The Court hereby approves the form and substance of the Claim Form (attached to the Agreement as Exhibit B); the E-mail Notice, Mail and Website Notice (attached to the

-3-

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 3:12-cv-01118-JSW

LA 51679935v1

Agreement as Exhibit C); the Publication Notice (attached to the Agreement as Exhibit F); and the Revocation Request Form (attached to the Agreement as Exhibit G). The Court hereby instructs the Parties to proceed with Class Notice in the manner and on the schedule set forth in Sections III.F of the Agreement, provided that the Parties, by agreement, may revise the E-Mail Notice, the Mail Notice, the Website Notice, the Publication Notice, the Claim Form and/or the Revocation Request Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity and may adjust the layout of those documents for efficient mailing and/or electronic presentation.

13. Discover and/or the Claims Administrator shall be responsible for providing Class Notice of the preliminarily approved Settlement to the Settlement Class in accordance with the provisions of the Agreement and this Preliminary Approval Order.

14. The Class Notice will inform members of the Settlement Class of their right to submit a request for exclusion, or "opt-out," from the conditionally certified Settlement Class. The Class Notice will inform members of the Settlement Class that they may opt out of the Settlement by sending a written request ("Exclusion Request") to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.

15. Exclusion requests must: (i) be signed by the Settlement Class Member for whose account(s) exclusion is requested; (ii) include the full name, address and account number(s) (if known) of the Settlement Class Member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Steinfeld action." No Exclusion Request will be valid unless all of the information described above is included. For any Settlement Class Member who has more than one account, the Exclusion Request must specify each separate account. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

-4-

Case3:12-cv-01118-JSW Document591 Filed09/10/13 Page6 of 9

Case3:12-cv-01118-JSW Document58 Filed09/10/13 Page6 of 9

16. If a timely and valid Exclusion Request is made by a member of the Settlement Class, then that person shall not be a Settlement Class Member, and the Agreement and any determinations, judgments, and/or orders concerning it shall not bind the excluded person.

17. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement shall be bound by all determinations and judgments concerning the Agreement and the Settlement contemplated thereby. In the event that the number of accounts which are opted out of the Settlement Class exceeds 500, Discover may terminate the Settlement.

18. The Court's preliminary approval of the Settlement shall be subject to further consideration at the Final Approval Hearing. The Court will determine at or following the Final Approval Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court, the amount of attorneys' fees and costs that should be awarded to Class Counsel, and any amounts to be awarded to the Settlement Class Representatives for their contributions to the Settlement Class. The date and time of the Final Approval Hearing shall be set forth in the Class Notice. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Agreement.

19. The following are the deadlines by which certain events must occur:

| Date | Event |
|---|---|
| November 27, 2013 | Deadline to Provide Class Notice |
| December 23, 2013 | Deadline for Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| January 10, 2014 | Deadlines to File the Following: (1) Motion in Support of Final Approval; (2) Proof of CAFA Notice; and (3) Proof from the Claims Administrator that Class Notice was Provided in Accordance with the Agreement |
| January 13, 2014 | Deadline for Class Members to Object or Opt-Out |
| January 31, 2014 | Deadline for Parties to File the Following: (1) List of Class Members who Made Timely and Proper Requests to Opt-Out; and (2) Responses to any Objections |
| February 14, 2014 9:00am | Final Approval Hearing |
| February 25, 2014 | Deadline for Class Members to Submit a Claim Form |
| 30 days after Final Approval Order | Deadline for Class Members to Submit a Revocation Request Form |

-5-

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 3:12-cv-01118-JSW

LA 51679935v1

20. Any member of the Settlement Class may appear at the Final Approval Hearing, in person or by counsel (if an appearance is filed and served), and may be heard, to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement, the application for an award of attorney's fees, costs, and expenses to Class Counsel, and any compensation to be awarded to the Settlement Class Representatives. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the application for an award of attorneys' fees and costs to Settlement Class Counsel, or to any compensation to be awarded to the Settlement Class Representatives unless, no later than the Opt-Out and Objection Deadline, such member of the Settlement Class files with the Clerk of the Court a notice of an intention to appear together with a statement that indicates all bases for such opposition along with any supporting documentation, including proof of membership in the Settlement Class, and legal authority, if any, supporting the objection. Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and counsel for Discover. Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Agreement.

21. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class Member intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Final Approval Hearing with Class Counsel.

22. All members of the Settlement Class, except those members of the Settlement Class who validly opt-out and submit timely Exclusion Requests, shall be bound by all determinations and judgments in the Actions, whether favorable or unfavorable to the Settlement Class.

23. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the <u>Steinfeld</u> are stayed. If the Settlement is

Case3:12-cv-01118-JSW Document58 Filed09/10/13 Page8 of 9

1  terminated or final approval does not for any reason occur, the stay shall be immediately
2  terminated.

3      24.    Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Settling Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

    25.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement shall be without prejudice to the right of Discover or the Settlement Class Representatives to assert any right or position that could have been asserted if this Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the Actions and the certification of the Settlement Class shall be deemed vacated. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.

    26.    If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties and the Settlement Class Members with respect to all matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 3:12-cv-01118-JSW

LA 51679935v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Case3:12-cv-01118-JSW Document58 Filed09/10/13 Page9 of 9

the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Settlement Class Members.

27. In the event that any of the provisions of this Preliminary Approval Order is asserted by Discover as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's flexibility and authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

28. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Discover, or the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Judgment and Order of Dismissal.

SO ORDERED.

Dated: 9/10/13

Hon. Jeffrey S. White
United States District Court Judge
by Judge Susan Y. Illston

-8-

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 3:12-cv-01118-JSW

LA 51679935v1

Case3:12-cv-01118-JSW Document58 Filed09/10/13 Page9 of 9

the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Settlement Class Members.

27. In the event that any of the provisions of this Preliminary Approval Order is asserted by Discover as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's flexibility and authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

28. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Discover, or the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Judgment and Order of Dismissal.

SO ORDERED.

Dated: 9/10/13

Hon. Jeffrey S. White
United States District Court Judge
by Judge Susan Y. Illston

-8-

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 3:12-cv-01118-JSW

LA 51679935v1