January 13, 2014



Clerk of Court
U.S. District Court for the Northern District
Of California
450 Golden Gate Ave.,
San Francisco, CA 94102

Julia B. Strickland
Stroock & Stroock &Lavan, LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

Daniel Hutchinson
Lieff Cabraser
Heimann & Bernstein,LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

      Re:    Steinfield, vs. Discover Finacial Services, et al.
               For the Northern District of California
               Cause No 3:12-cv-01118-JSW

TO THE HONORABLE JUDGE OF SAID COURT:

Gary W. Sibley ("Objector") is member of the class and object to the proposed settlement that is currently before the Court for the following reasons:

1. Gary W. Sibley is member of the class because I received claim form. I am a citizen of the United States and is a resident of Texas. This objection is being filed according to the instructions contained in the notice of the settlement.

2. I object to the settlement and request to speak to the Court either in person or through their attorney to voice their objections to the Court.

3. Objection to Certification

Objection to Proposed Settlement.                            1

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, p. 270.

The class definition is improper for the reasons set out below. Because the class definition here requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class.

Because the class definition is deficient, the court should not certify the settlement class nor approve the settlement which lacks commonalty and typicality.

4. Objections to Class Representatives

The guiding principles in selecting class representatives are: "The class must have a "conscientious representative Plaintiff" and class representative must fairly and adequately protect the interest of the class. They have not done so. They have negotiated a settlement that benefited the Defendant at the expense of the class.

5. Objection to the Settlement

The class members are receiving minimal economic benefits. Defendant benefits from the settlement in that Defendant may credit itself for payments to delinquent accounts thus the real value is not 8.7 million but much less.

The Court at the Fairness Hearing should inquire as to the claims for monetary compensation to date and the best estimate of further anticipated claims by the settlement administrator for the remainder of the claims period. Considering what the class is being asked to give up and what little benefit the class will receive, the Court should reject the purported settlement. The court must thoroughly review the proposed settlement.

6. Objection to Requested Award of Attorneys' Fees

The Court should reduce the requested award of attorneys' fees substantially.

(a) The Court should base the attorneys' fees on 15% of the actual class recovery, not the inflated 8.7 million which allows Defendant to benefit.

(b) Objectors object to the attorneys' fees award in this case because it amount to unjust enrichment. Although 25% is a 'benchmark," the actual recovery should depend on the work expended, the time consumed and the results obtained. The case has been settled early in the process and the Court, serving as a fiduciary for the absent class, must critically examine class counsel's application and award no more than what is absolutely required to provide reasonable compensation to class counsel. While 25% of the common fund for attorneys' fees is the accepted starting point in this Circuit, the District court can depart from that standard.

7. Objector wish to incorporate in this objection the valid objections made by other objectors.

### RELIEF

Objector move the Court to reject the settlement or, in the alternative, reduce the amount of attorneys' fees.

Respectfully submitted,

*[signature]*
Gary W. Sibley
Texas Bar 18337700
2711 N. Haskell Ave, Ste 550
Dallas, TX 75204
(214)522-52-222
FAX: (214) 855-7878

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Objection was forwarded this _13_ day of _January_, 2013 to the parties listed below:

Clerk of the Court
U.S. District Court
For the Northern District of California
450 Golden Gate Avenue,
San Francisco, CA 94102

Julia B. Strickland
Stroock & Stroock & Lavan, LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

Daniel Hutchinson
Lieff Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Gary W. Sibley

Objection to Proposed Settlement.                                                      4