# EXHIBIT J

Theodore H. Frank
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
(703) 203-3848
tfrank@gmail.com

January 28, 2014

Nicole Sugnet
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, CA 94111

**VIA EMAIL**

Re: *Steinfeld v. Discover Fin. Svcs.*, No. 3:12-cv-01118-JSW (N.D. Cal.)

Dear Ms. Sugnet:

I write to follow up on my email of January 24, 2014, and in response to your letter of January 21, 2014, and your emails of January 23, 24, and 27, 2014. As I indicated in an email earlier today, we agreed to meet and confer on discovery Wednesday at 1:30 PM Pacific. As I indicated in an email to you Friday, I accept service of the subpoena on Mr. Barton.[1]

I note, however, that your subpoena violates Paragraph 23 of the Court's order of September 10, 2013, which stayed all pretrial proceedings. (As you are well aware, discovery is a type of pretrial proceeding. *E.g.*, 28 U.S.C. § 1407; *cf.*, *e.g*, *Global Educ. Servs. v. Intuit Inc.*, 2011 U.S. Dist. LEXIS 57593 at *11 (W.D. Wash. May 27, 2011).) The subpoena, on its face, also plainly violates Fed. R. Civ. Proc. 45(d)(1) by requesting nearly every communication I have ever had with a client or attorney and nearly every draft of a brief or letter or filing I have written since 2008. *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012) (sanctioning class counsel $100,000 for similarly abusively overbroad subpoena). This abuse of the discovery rules seems to be a pattern and practice of Lieff Cabraser that previous sanctions have not been sufficient to deter from repetition. *E.g.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 46104 (N.D. Cal. Mar. 28, 2013); *id.*, 2012 U.S. Dist. LEXIS 110824 (N.D. Cal. Aug. 7, 2012). Please confirm by noon Pacific on January 28, 2014, that you will correct your violation of a court order and of Rule 45(d)(1) by withdrawing the subpoena.

---

[1] Mr. Barton tells me he did not authorize the alleged statement by the receptionist to the process server that he did not work in Houston; it is possible that your process server misunderstood a more innocent statement or that the receptionist made a mistake, as Mr. Barton travels for business frequently, and only recently moved to the Houston office. Please provide the receptionist's name, so that we may investigate your claim that he or she misled the process server.

Mr. Barton believes in good faith that he is a member of the class for the reasons stated in his objection and repeated in his signed declaration, which I attach here. (For example, though I personally held a Discover card during the class period, I did not receive class notice, which demonstrates that Discover was not indiscriminately notifying cardholders without additional reason.) The Discover defendants have records within their possession whether or not he was a class member, and identified him as a member of the class when he was sent notice for the first time on January 11, 2014. The settlement permits Mr. Barton to make a claim, and he has done so; this gives him standing to object to the excessive fee request of class counsel. We have no desire to pursue an objection on behalf of a non-class member. If you have any admissible documentary basis to demonstrate he is not a member of the class, please provide it along with an explanation why Mr. Barton received class notice, and if we are persuaded Mr. Barton is not a member of the class, we will file a motion to withdraw the objection.

Otherwise, we reject your request to withdraw the objection. The subpoena you served was an attempt to intimidate Mr. Barton, and counsel with a fair settlement who have made a fair fee request do not engage in such abusive tactics.

As I have repeatedly stated, Mr. Barton has nothing to hide, and we are happy to stipulate to a lifting of the discovery stay as part of ***reasonable*** reciprocal discovery. While objectors do not have an absolute right to discovery, this is simply because objectors are not entitled to repeat discovery that has already taken place. But there has been no discovery on the question of the "risk" class counsel faces that class counsel claims justifies their exorbitant Rule 23(h) request and lodestar multiplier. Mr. Barton—and the other unnamed members of the class—are entitled to see the evidentiary basis for this raw assertion by class counsel.

Moreover, there is no absolute right to discovery of objectors either. Your letter attempts to justify discovery of Mr. Barton by citing demonstrably false unsworn allegations made against me in a brief by opposing counsel in a single one of the several dozen objections I have brought on behalf of clients. But as Mr. Barton's declaration demonstrates (together with the fact that he is copied on this email and letter), you have no basis to believe that Mr. Barton has not authorized his objection. In comparison, at least one court has noted in a written opinion that your firm, Lieff Cabraser, brought a putative class action where the proposed class representative had a preexisting relationship with the firm. *E.g., In re Sullivan & Lodge*, No. 99-10501 (Bankr. N.D. Cal. Jan. 14, 2002). This is a conflict of interest precluding class certification under Fed. R. Civ. Proc. 23(a)(4). *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163-66 (9th Cir. 2013); *London v. Wal-Mart*, 340 F.3d 1246 (11th Cir. 2003); *cf. also Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1014 (7th Cir. 1999). Lieff Cabraser also has a history of forging signatures to declarations. *In re Omnitrition Int'l Secs. Litig.*, 1994 U.S. Dist. LEXIS 21600 (N.D. Cal. Aug. 19, 1994). There has been no discovery of the class representative's relationship with class counsel, and, by your letter's own reasoning, Mr. Barton has far more entitlement to discovery of the class representatives than you do of Mr. Barton.

This is especially true because Mr. Barton is entitled to discovery of whether the class representatives understood the economic and legal consequences of the settlement terms. Your letter of January 21 exhibited a fundamental misunderstanding of the circumstances under which credit-card companies charge off bad debt. A company like Discover writes off debt as bad in one of three circumstances:

(1) the debt is discharged in bankruptcy (in which case, the class member owes Discover nothing and a credit to Discover creates no benefit for the class member);

(2) Discover has decided the debt will not be collected through normal means, closed the account, and sold the debt for pennies on the dollar to a debt collector and written off the remainder (in which case the class member's debt is now owned by a third party, and a credit to Discover creates no benefit for the class member); or

(3) Discover decided that the debt is uncollectable, but has chosen to engage in debt collection itself.

On information and belief, the amount of debt in categories (1) and (2) far outweigh the amount of debt in category (3). *See generally* Office of Minnesota Attorney General Lori Swanson, *Debt Buyers*. (The FDCPA creates enormous financial incentive for credit-card companies to outsource debt collection.) Because this is information in the possession of the settling parties, it is the settling parties that were obligated to provide it to demonstrate the true value of the class benefit. *See In re Dry Max Pampers Litig.*, 724 F.3d 719 (6th Cir. 2013).

You describe this clause of the settlement as merely an option to "elect" to make the offsets, and present a letter from Discover counsel claiming they will not exercise the option. As an initial matter, the fact that the class representatives and class counsel agreed to a settlement where the defendant had an option to refuse to pay the class more than a token amount in the hopes that no objector would show up to point out the unfairness raises severe questions of Rule 23(a)(4) and Rule 23(g) adequacy. Class counsel should not be rewarded for a settlement that permits the defendant to play "heads I win, tails don't count." But more importantly, I fail to see how that letter's promise is enforceable in the absence of an amendment to the settlement, especially because the parties failed to file the letter amending the settlement with the district court. Fed. R. Civ. Proc. 23(e)(3). The proposed order does not prohibit Discover from changing its mind again and deciding to exercise its option if Mr. Barton withdraws his objection.

Your letter asserted that all of the debt reductions were a benefit to the consumer, when that is clearly false under the law. (For this reason, the non-binding district court decision you cite, which plainly did not consider the effect of bankruptcy or debt sales, is not correct, much less persuasive.) Either your letter was disingenuous and made an argument class counsel knew to be false, or class counsel failed to conduct a reasonable investigation into the benefit the class would receive under the settlement. Either way class counsel and the class representatives have failed to adequately represent the class in permitting a settlement to go forward where it is entirely up to Discover

whether the vast majority of the benefit would redound to the class counsel. But Mr. Barton is entitled to discovery on this question.

The letter was plainly written in response to Mr. Barton's objection (Discover did not just magnanimously agree to pay several million dollars to class members more than the settlement required it to), and he is entitled to learn how much benefit he created for the class as a result of his objection.

Mr. Barton is also entitled to discovery on the extraordinary unilateral decision by class counsel to issue new notice at their own expense in January 2014. In years of experience with dozens of class action settlements where I have participated in the objection, and dozens more I have observed in following the case law of settlement approvals, I have never seen such a decision. (If I am wrong in that belief, I am happy to be corrected by you providing a list of cases in the last five years where Lieff Cabraser paid at its own expense for supplemental settlement notice to go out that was not provided for in the original preliminary order without a court command to do so.) The papers filed to date (including the unsigned declaration attached with your letter) are rife with artful negative pregnants that imply that class counsel and the settlement administrator were aware that something went wrong that prevented adequate notice from being perfected by November 2013. Mr. Barton is entitled to find out the truth on that question.

Being sufficiently aware of an abusive class-action settlement to write a blog post about it does not mean that CCAF attorneys have spent the dozens of hours to craft an objection that might never be filed; it just means that I was familiar enough with the case to be able to agree to representation at the last minute and to file something sufficient to preserve appellate issues. (Your characterization of the blog post as an "advertisement" is false on its face.) As Mr. Barton's declaration demonstrates, we are forced to turn down opportunities to bring meritorious objections on a regular basis. CCAF is a non-profit with a shoestring budget and no hope of regularly collecting $2000/hour for paralegal work. We see dozens of bad class action settlements where we do not have clients or we do not accept clients, and CCAF does not spend its scarce resources on a hypothetical objection; if we did, we would file an *amicus* brief without a client. We did not have a client in this case until Mr. Barton received notice for the first time on January 11.

I look forward to discussing these matters with you January 29.

Very truly yours,

Theodore H. Frank

Attachment

cc: Julia Strickland (via email)
Michael James Barton (via email)
Melissa Holyoak (via email)
Adam Schulman (via email)
Lew Olowski (via email)

Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Voice: (703) 203-3848

*Attorneys for Objector Michael James Barton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD, individually on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, *et al.*,<br><br>Defendants,<br><br>---<br><br>Michael James Barton,<br><br>Objector. | Case No. 3:12-CV-01118-JSW<br><br>**DECLARATION OF MICHAEL JAMES BARTON**<br><br>Date: February 14, 2014<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Judge: Hon. Jeffrey S. White |

I, Michael James Barton, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. My business address and phone is Williams Tower, 2800 Post Oak Blvd, Suite 4100, Houston, Texas, 77056, phone: 713.234.6535.

3. I am the Director of Energy and Natural Resources at ARTIS Research. From 2006 to 2009 I served in the International Security Affairs division of the Office of the Secretary of Defense (OSD), where I analyzed, crafted, and carried out the Nation's security policies as directed by the President and the Secretary of Defense, and where I was awarded the OSD Exceptional Public Service Medal in 2009. Prior to joining the Defense Department, I held positions at the White House on the Homeland Security Council staff and in the Senate on the Banking Committee staff. I hold a M.A. degree in National Security and Strategic Studies from the Naval War College and a B.A. degree in Accounting from the University of Houston. I am also the founder of Hyatt Solutions, a Texas based consulting firm.

4. On January 11, 2014, I received a class notice in this case with claim number 15446168401. A true and correct copy of that class notice is attached as Exhibit 1.

5. On information and belief, I am a class member in this class. I have had a Discover card since the middle of 2010. I provided my cell-phone number to Discover as part of the credit-card application process. I get sales calls on my cell phone from time to time, but do not recall specifically if one of those calls was from Discover or a Discover affiliate. I recently learned that one can often tell if a call has been made by an autodialer by a distinctive silent delay and "click" when the autodialer connects one to a call center. Because I was unaware of that fact before recently, I do not remember which of my calls were autodialed and could not know for sure if the phone call was placed using any type of autodialing process. I believe in good faith that I am a member of this class because, on information

and belief, Discovery has records of which customers they have called using an autodialer, and had no reason to send me a class notice unless I am a class member.

6. On January 13, 2014, based on my good-faith belief that I am a class member, I filed a claim form in this case. A true and correct copy of the receipt for that claim form is attached as Exhibit 2.

7. I am quite confident that the only notice I received in this case was the email of January 11, 2014, because I have been looking for the opportunity to object to unfair class settlements for over a year.

8. On July 28, 2012, I received notice of the Netflix Video Privacy Class Action settlement. On July 30, 2012, I emailed an attorney friend of mine who had written about abusive class action settlements, and asked him if I could be an objector to a similarly bad class action settlement.

9. My attorney friend referred me to Ted Frank, and suggested in an email to me and Ted that I was a potential objector. I emailed Mr. Frank the same day, asking him to call or email me.

10. On July 31, 2012, Mr. Frank emailed me and said that he would not be filing an objection in *In re Netflix Privacy Litigation*, No. 5:11-cv-379 EJD (N.D. Cal.), but invited me to keep the Center in mind if I learned of another bad class action settlement where I was a class member.

11. Ever since then, I have been on the lookout for other class action settlement notices and opportunities to object to a bad class action settlement.

12. Other than obvious spam, I generally retain the 10,000 most recent emails in my Yahoo inbox, which currently date back over a year to November 2012. After Mr. Frank sent me a copy of Ms. Sugnet's January 21 letter and exhibits, I double-checked my inbox for emails received for November 18, 2013. A true and correct copy of a screenshot of the November 18 emails in my inbox is attached as Exhibit 3; as one can tell, I am not in the habit of deleting emails. I did not receive a class action settlement notice that day. If I had received a class action notice on November 18, 2013, I would have emailed Mr. Frank immediately. I am confident that I did not receive such a notice on that day.

13. I check my spam filter regularly to ensure that important emails have not been classified as spam. No class action notice in this case came to my spam folder.

14. The class action notice in this case is dated January 11, 2014, 9:45:28 AM Central. I emailed Mr. Frank about it on January 11, 2014, at 10:15 AM Central time, asking if there was anything I could do to object. In between 9:45 and 10:15, I found Mr. Frank's blog post about the settlement and agreed with it, but I would have forwarded the settlement notice to him regardless because I was upset members of the class were being ambushed with such a late notice and because I had been long interested in addressing the problem of class action abuse.

15. On the afternoon of January 11, 2014, I signed a retainer agreement with Mr. Frank authorizing the Center for Class Action Fairness to represent me *pro bono* in this case. I received no compensation for doing so, and, as a condition of the retainer agreement, stipulated that I was objecting for the larger public interest of the unfairness to the class of the excessive attorney fee and late notice.

16. I have reviewed the objection Mr. Frank filed at my request on my behalf and agree with it. I bring this objection because I oppose class action abuses like those class counsel have engaged in here. As my objection states, I am willing to demonstrate my good faith by stipulating to an injunction prohibiting me and my attorneys from accepting compensation in exchange for the settlement of my objection.

17. This is my first objection to a class action settlement.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2014 in Omaha, NE.

____________________________

Michael James Barton

14. The class action notice in this case is dated January 11, 2014, 9:45:28 AM Central. I emailed Mr. Frank about it on January 11, 2014, at 10:15 AM Central time, asking if there was anything I could do to object. In between 9:45 and 10:15, I found Mr. Frank's blog post about the settlement and agreed with it, but I would have forwarded the settlement notice to him regardless because I was upset members of the class were being ambushed with such a late notice and because I had been long interested in addressing the problem of class action abuse.

15. On the afternoon of January 11, 2014, I signed a retainer agreement with Mr. Frank authorizing the Center for Class Action Fairness to represent me *pro bono* in this case. I received no compensation for doing so, and, as a condition of the retainer agreement, stipulated that I was objecting for the larger public interest of the unfairness to the class of the excessive attorney fee and late notice.

16. I have reviewed the objection Mr. Frank filed at my request on my behalf and agree with it. I bring this objection because I oppose class action abuses like those class counsel have engaged in here. As my objection states, I am willing to demonstrate my good faith by stipulating to an injunction prohibiting me and my attorneys from accepting compensation in exchange for the settlement of my objection.

17. This is my first objection to a class action settlement.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2014 in Omaha, NE.

Michael James Barton

EXHIBIT 1

| | |
|---|---|
| **Subject:** | Notice of Class Action Settlement |
| **From:** | Discover TCPA Claims Administrator (Administrator@qgemail.com) |
| **To:** | michaeljames1600@yahoo.com; |
| **Date:** | Saturday, January 11, 2014 9:45 AM |

Claim ID: 15446168401

**IF YOU RECEIVED A CALL THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR A PRERECORDED VOICE FROM DISCOVER TO YOUR CELLULAR TELEPHONE BETWEEN NOVEMBER 30, 2007 AND SEPTEMBER 10, 2013, THIS NOTICE DESCRIBES YOUR RIGHTS IN CONNECTION WITH SETTLEMENT OF A LAWSUIT AND YOUR POTENTIAL RECOVERY.**

You may be entitled to a payment under a proposed class action settlement. In the lawsuit entitled Andrew Steinfeld v. Discover Financial Services, et al., U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW (the "Action"), Plaintiffs claim that Discover Financial Services or related parties (including Discover Bank, The Student Loan Corporation and Discover Home Loans) ("Discover") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls on or after November 30, 2007 to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiffs and the putative class members. Discover denies these claims and denies any claim of wrongdoing. The Court has not decided who is right. However, in settlement of the Action, Discover has agreed to implement practice changes and establish a settlement fund of $8.7 million. **This notice is only a summary. Details of the settlement, including information on how to file a claim, are available at www.SteinfeldTCPASettlement.com or by writing to or calling the Claims Administrator at the address or toll-free number below.**

Discover's records indicate that you may be a member of the Settlement Class because Discover may have placed a call to your cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice at some time between November 30, 2007 and September 10, 2013. Settlement Class Members may (1) submit Revocation Request Forms requesting that Discover cease making calls to their cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice, (2) submit Claim Forms requesting money from the settlement in the form of a check or in the form of a one-time credit against the balance of their Discover credit card account, (3) exclude themselves from the settlement, (4) object to the settlement, and/or (5) do nothing. Class Counsel estimate that settlement payments or credits will be between $20 and $40, but could be more or less based on factors including the number of claims submitted.

**You cannot receive a payment unless your claim is received by February 25, 2014**. In addition to payments to the Settlement Class Members, the settlement provides for not more than $2,175,000 in attorneys' fees and costs and $2,000 in service awards for the two representative plaintiffs to be sought from the Court by counsel for the Settlement Class. In the event that there are any remaining monies from uncashed checks totaling $50,000 or less, such monies will be paid to charity.

If you do not want to be legally bound by the settlement, you may opt out of the settlement by sending a request for exclusion to the Claims Administrator postmarked no later than **January 13, 2014**. If you exclude yourself from the settlement, you will not receive any money or other benefits from the settlement. If you stay in the settlement (i.e. do not exclude yourself from the settlement), you may object to the settlement by explaining in writing why you do not like the settlement postmarked no later than **January 13, 2014**. You will be bound by the settlement if your objection is rejected. If you do nothing (i.e. submit no claim or request for exclusion) you will not receive any benefits from the settlement but will nevertheless be bound by the settlement. All Settlement Class Members who do not exclude themselves will be bound by any judgment approving the settlement and will give up any right to sue Discover or related parties for any known or unknown claims relating to calls made to their cellular telephone numbers, including alleged violations of the TCPA.

**TO OBTAIN FULL INSTRUCTIONS FOR EXCLUDING YOURSELF, FILING AN OBJECTION, SUBMITTING A REVOCATION REQUEST FORM, OR SUBMITTING A CLAIM FORM, GO TO WWW.STEINFELDTCPASETTLEMENT.COM, OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT STEINFELD TCPA CLAIMS ADMINISTRATOR, P.O. BOX 43209, PROVIDENCE, RI 02940-3209 OR 1-800-248-1796 (TOLL-FREE).**

**THIS IS ONLY A SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS. DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT DISCOVER ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT 2

***Discover TCPA*** **Claims Administrator**
c/o KCC Class Action Services
P.O. Box 43209
Providence, RI 02940-3209

**DTS**

Claim #: DTS- 15446168401

MICHAEL JAMES BARTON
HYATT SOLUTIONS, LLC
WILLIAMS TOWER
2800 POST OAK BLVD, SUITE 4100
HOUSTON, TX 77056

*Andrew Steinfeld v. Discover Financial Services, et al, U.S.D.C.,*
Northern District of California, Case No. 3:12-cv-01118-JSW

**CLAIM FORM**

**You must mail this Claim Form with a postmark no later than February 25, 2014.**

**You must provide all of the information below and sign this Claim Form, as directed, to apply for a payment.**

## I. Claimant Contact Information

First Name: MICHAEL JAMES Last Name: BARTON

Address: WILLIAMS TOWER 2800 POST OAK BLVD, SUITE 4100

City: HOUSTON State: TX Zip: 7 7 0 5 6 Last Four of SSN: 5 7 0 8

## II. Class Eligibility Information

**Please provide one of the following**: (only one of the below sections is required to be completed)

(1) The last four digits of **ALL** of your Discover account(s) as to which you received one or more non-emergency contacts from Discover Financial Services or related parties (including one of Discover Bank, The Student Loan Corporation and/or Discover Home Loans) between November 30, 2007 and September 10, 2013 (the "Class Period").

Last four digits of Account Number(s) (if applicable) as to which you received a call or calls: 2249

(2) If you have not been a Discover account holder, please provide your cellular telephone number at which Discover contacted you

Cellular Telephone Number: ( ☐☐☐ ) ☐☐☐ ☐☐☐☐

## III. Award Selection

Check **one** box only:

☒ **Cash Award*.** By checking this box, you are electing to receive a Settlement Award in the form of a check.

☐ **Credit Award.** By checking this box, you are electing to receive a Settlement Award in the form of a credit to your Discover credit card account. To receive a Credit Award, you must indicate the last four digits of your credit card account to which you elect to receive a credit.

☐☐☐☐ (Last four digits of account)

*Please note that if you have one or more extensions of credit with Discover that has been revoked or charged off, Discover at its option may apply a one-time reduction to the balance of such extensions of credit in lieu of you receiving a Cash Award.

## IV. Affirmation:

I declare that, on or after November 30, 2007 until September 10, 2013, I received one or more non-emergency telephone calls and/or text messages from Discover Financial Services or related parties (including one of Discover Bank, The Student Loan Corporation and/or Discover Home Loans) to my cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

/s/MICHAEL JAMES BARTON — Signature

MICHAEL JAMES BARTON — Name (please print)

01 / 13 / 2014 — (MM) (DD) (YYYY)

**Please return the Claim Form by mail to:** Discover TCPA Claims Administrator, P.O. Box 43209, Providence, RI 02940-3209

DO NOT MAIL RECEIPT

EXHIBIT 3

Inbox

Delete | Move | Spam | More | View

| Sender | Subject / Preview | Date |
|---|---|---|
| **The Heritage Foundation** | **Is Our Government Still "Of the People"?** If you are having trouble viewing this email, click to view it online. Is Our Government Still "Of the People"? 11/1 | **11/19/13** |
| **The Heritage Foundation** | **The American People Rose Up to Repeal a Health Care Law Once Before. They Can Do It Again.** If you are having trouble viewing this email, click to v | **11/18/13** |
| **Family Business Defense Council** | **Washington D.C. Insider** FAMILY BUSINESS DEFENSE COUNCIL INSIDER # 41 Is this email not displaying correctly? View it in your browser. Congressio | **11/18/13** |
| **Hyatt Gold Passport** | **Michael, Check Out Exciting New Membership Benefits** Your membership is getting better. View this e-mail online \| Visit hyatt.com \| Customer Service W | **11/18/13** |
| POLITICO Breaking News | POLITICO Breaking News Vice President Dick Cheney and his wife Lynne on Monday responded to a public dispute that has erupted between their daught | 11/18/13 |
| **Hilton HHonors** | **Weekend deals starting at $79 per night - travel is calling you** Weekend deals in your favorite destinations Trouble viewing? \| Add to address book \| Forv | **11/18/13** |
| **Iraq Oil Report** | **Kurdistan sets stage for independent exports** Is this email not displaying correctly? View it in your browser. www.iraqoilreport.com Monday November 1 | **11/18/13** |
| **Ed Whelan** | **Sykes v. Rovner on CA7 HHS mandate ruling--Pt 3** The more one examines Judge Rovner's dissent in the Seventh Circuit's ruling against the HHS mand | **11/18/13** |
| **Hecktic Travels** | **Hecktic Travels \| Back to School** Hecktic Travels \| Back to School Back to School Posted: 18 Nov 2013 04:00 AM PST Five years ago, after attaining my ( | **11/18/13** |
| **WSJ.com's Political Diary** | **From the Editorial Page: Political Diary** The Wall Street JournalPolitical Diary We've launched a new daily email briefing from Editor in Chief Gerard Baker. | **11/18/13** |
| **New on Economist.com** | **Life-loggers, Latin guerrillas and life on Mars** View in browser \| E-mail a friend Monday November 18th 2013 A selection of new stories from Economist.c | **11/18/13** |
| **Lindsey Graham** | **What would you do to save a life?** Michael James, What would you do to save a life? Just last week, I introduced the Pain-Capable Unborn Child Protecti | **11/18/13** |
| Rasmussen Reports | 78% Think U.S. Spies On Others As Much or More Than They Spy on Us 78% Think U.S. Spies On Others As Much or More Than They Spy on Us Most vo | 11/18/13 |
| **Smithsonian Theaters** | **Tickets On Sale Now for The Hunger Games: Catching Fire** Having trouble viewing this email? Click here Here Comes The Hunger Games! The Hunger ( | **11/18/13** |
| **Meg Saunders** | **First Thoughts, November 18, 2013** A bruised reed He will not break, and smoking flax He will not quench; He will bring forth justice for truth (Isa 42:3, NK | **11/18/13** |
| **Minuti Coffee** | **FREE any Coffee any SIZE on frost bank Wednesday November 20** Come and Join us .WEDNESDAY NOVEMBER 30 8:00 am - 10 am Is this email not ( | **11/18/13** |
| Jim Geraghty | Don't Tell President Obama Bad News! He Can't Deal with 'the Drama'! Today on NRO ANDREW C. MCCARTHY: The White House expected most people t | 11/18/13 |
| **BUDK Catalog** | **Hurry, this great deal ends today!** Don't Miss This Chance! Knife Lover - Hurry, this great deal ends today! Our Roll the Dice Sale ends TODAY! Click the t | **11/18/13** |
| **The Guardian** | **The Guardian today - US edition** View in browser the guardian today - US editionMonday 18 Nov 2013 g Top Stories More » Midwest tornadoes: death tol | **11/18/13** |
| **Senator Ron Johnson** | **Important! Straight Talk from Ron Johnson** Dear friend, I was asked to deliver the GOP National Address on Saturday. I didn't mince any words! Please c | **11/18/13** |
| **Foreign Policy Initiative** | **FPI Overnight Brief: November 18, 2013** Follow and Support FPI FPI Overnight Brief November 18, 2013 Table of Contents Middle East/North Africa, Asia | **11/18/13** |
| **DoNotReply_MetroHotLanes@ridemetro.or** | **Auto Replenishment Charge Notification** Dear Valued METRO HOT Lanes customer, This is notification that your Metro Tag credit card account was auto | **11/18/13** |
| **Scribd** | **Read Your Heart Out with Scribd's New Subscription Book Service!** Hello Michael, Last month, we launched a new subscription book service, offering u | **11/18/13** |
| **Iraq Oil Report** | **Anbar in crisis amidst withering al-Qaida offensive** Is this email not displaying correctly? View it in your browser. www.iraqoilreport.com Monday Noveml | **11/18/13** |
| **Andrew C. McCarthy** | **Obama's 5% Con Job - DOJ Told Court Most Americans Would Lose Health Insurance Plans** AndrewCMcCarthy.com ON NRO: NOVEMBER 18, 2013 | **11/17/13** |
| **American Express** | **Great savings on your next car purchase.** Card Member savings with the American Express® Auto Purchasing Program No images? Please view in your | **11/17/13** |
| **Artomatic** | **Artomatic Newsletter: November Issue** November 2013 Newsletter Stay Connected Mission Artomatic strengthens Washington's artistic community and | **11/17/13** |