STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
LISA M. SIMONETTI (State Bar No. 165996)
SHANNON E. PONEK (State Bar No. 261135)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendants
  DISCOVER FINANCIAL SERVICES,
  DFS SERVICES LLC and DISCOVER BANK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DISCOVER FINANCIAL SERVICES, DFS SERVICES LLC, and DISCOVER BANK, <br><br> Defendants. | Case No. 3:12-cv-01118-JSW <br><br> [Assigned to the Hon. Jeffrey S. White] <br><br> **DEFENDANTS' RESPONSE TO OBJECTOR MICHAEL JAMES BARTON'S RENEWED OBJECTION TO SETTLEMENT AND FEE REQUEST** <br><br> Final Approval Hearing: February 14, 2014 <br> Time: 9:00 a.m. <br> Courtroom: 11 – 19th Floor <br><br> [Declaration of Daniel Roland filed concurrently] <br><br> Complaint Filed: March 6, 2012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Discover Financial Services, DFS Services LLC and Discover Bank (collectively, "Discover") urge the Court to overrule objector Michael James Barton's ("Barton") Renewed Objection To Proposed Settlement And Fee Request (Dkt. Nos. 81 and 82)[1] ("Renewed Objection"), filed in connection with the pending Motion for Final Approval of Class Action Settlement (Dkt. No. 65).[2] Notably, the Renewed Objection focuses on Barton's challenge to the attorneys' fees sought by Class Counsel and Barton's request that the Court award attorneys' fees to his counsel. Section III.K of the Settlement Agreement, however, expressly provides that "Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement." Thus, while the Court may consider Barton's comments in determining the amount of fees and costs to allow,[3] these issues are <u>not</u> relevant to the fairness of the Settlement and provide no basis for denying Final Approval.

Moreover, Barton's only purported objection to the fairness of the Settlement--relating to the treatment of charged-off accounts--transparently is intended to support his position on fees and, when analyzed, is plainly both moot and baseless. <u>First</u>, Barton's argument is moot. Section III.G.2 of the Settlement Agreement provides Discover with the option to apply Reduction Awards to Settlement Class Members with charged-off accounts:

> If a Settlement Class Member has, as of the Effective Date, one or more extensions of credit with Discover that has been revoked or charged-off, Discover at its option may apply a Reduction Award from the balance of those extensions of credit in lieu of the Settlement Class Member receiving a Cash Award or a Credit Award, as set forth in Section III.H.3.

---

[1] On February 7, 2014, Barton filed two Renewed Objections, Dkt. Nos. 81 and 82. The only arguably substantive difference between Dkt Nos. 81 and 82 is revisions to footnote 5. All citations herein to the Renewed Objection are to Dkt. No. 82.

[2] Capitalized terms are defined in the Settlement Agreement (Dkt. No. 49, Ex. B, 109-181), as amended, unless otherwise indicated.

[3] Discover takes no position on the attorneys' fees and costs sought by Plaintiffs and their counsel.

LA 51726915

(Settlement Agreement § III.G.2.)  As set forth in Discover's Response to Objections to Settlement, Docket No. 77, Discover has elected not to exercise this option.  Barton concedes that Discover's election, if properly exercised, renders the Settlement fair.  (<u>See</u> Renewed Objection, 8:7-9.)

<u>Second</u>, even if Discover had elected to exercise its option to apply Reduction Awards, the Settlement Agreement provides substantial benefit to charged-off Settlement Class Members.  In addition to receiving the benefit of Discover's significant practice changes, charged-off Settlement Class Members would have received a substantial benefit in the form of a reduction to the balance of their outstanding accounts.  Contrary to Barton's characterization, "charged-off" account means that, for accounting and regulatory purposes, Discover has written off a debt as a loss and removed the debt from its books.  Notwithstanding the accounting treatment, the debt continues to be owed by charged-off Settlement Class Members.  Accordingly, application of a Reduction Award would result in a direct monetary benefit to Settlement Class Members.

<u>Finally</u>, Barton's argument that the parties must formally modify the Settlement Agreement is frivolous.  Under the express terms of the Settlement Agreement, Discover has always had the right to exercise its election under Section III.G.2.  By sending a letter setting forth Discover's election not to exercise its option, Discover exercised its already-existing right under the terms of the Settlement Agreement.

Accordingly, and as further detailed below, the Court should overrule Barton's Renewed Objection and grant Final Approval.[4]

---

[4] Discover does not reiterate herein the arguments contained in Discover's Response to Objections to Settlement, Dkt. No. 77; Plaintiffs' Motion For Final Approval Of Class Action Settlement, Dkt. No. 65 ("Final Approval Motion"); Plaintiffs' Response to Objections, Dkt. No. 76 ("Plaintiffs' Response to Objections"); and Plaintiffs' Response to Renewed Objection , concurrently filed ("Plaintiffs' Response to Renewed Objection").  Discover presents additional arguments for the Court's consideration and otherwise joins in the Final Approval Motion, Plaintiffs' Response to Objections and Plaintiffs' Response to Renewed Objection.

-2-

DEFENDANTS' RESPONSE TO OBJECTOR
BARTON'S RENEWED OBJECTIONS
Case No. 3:12-cv-01118-JSW

LA 51726915

## II. ARGUMENT

**A. Barton's Arguments Regarding Section III.G.2 Are Moot.**

Barton argues that the Settlement is unfair because Section III.G.2 of the Settlement Agreement provides Discover with the option to apply Reduction Awards to Settlement Class Members who have one or more extensions of credit with Discover that have been revoked or charged-off. Because Discover has elected not to exercise this option, (Declaration of Julia B. Strickland, Dkt. No. 77-1 ("Strickland Decl."), Ex. B), Barton's objection to this term is moot.

**B. Even Assuming Discover Exercised Its Option Under Section III.G.2, Which It Did Not, This Settlement Term Is Fair.**

A substantial benefit to Settlement Class Members under the Settlement is Discover's business practice commitments pursuant to Section III.G.1 of the Settlement Agreement. In addition, the Settlement Agreement provides that Settlement Class Members may receive a settlement award in the form of a Cash Award, Credit Award or Reduction Award. In this regard, the Settlement Agreement distinguishes between two potential groups of Settlement Class Members: those with non-charged-off accounts and those with charged-off accounts. Under the Settlement Agreement, non-charged-off Settlement Class Members may choose to receive a Cash Award or a credit to their Discover credit card account (a "Credit Award"). Assuming Discover exercised its option pursuant to Section III.G.2, charged-off Settlement Class Members would not receive a Cash Award but would instead receive a credit to their charged-off Discover credit card account or, under certain conditions, non-credit card account (a "Reduction Award"). Regardless of whether Discover exercised its right pursuant to Section III.G.2, this distinction is fair and reasonable.

Put simply, the only segment of the Settlement Class that would potentially not have had the option to recover a Cash Award were those Settlement Class Members who are so delinquent on their accounts that they have been written off as a matter of accounting or regulatory requirements (the charged-off Settlement Class Members). (Declaration of Daniel Roland ("Roland Decl."), ¶ 4.) Contrary to Barton's confused and inaccurate presentation, Settlement

-3-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51726915

Class Members with charged-off accounts still have an outstanding debt with Discover that they are obligated to repay,[5] and indeed, Discover still attempts to collect the debt. (Id.) If a customer pays a portion of his or her debt after the customer's account has been charged-off, the customer's outstanding balance is reduced by the payment. (Id.) The charged-off Settlement Class Members therefore would still receive a monetary benefit in the form of a reduction to their outstanding debt.[6]

Consequently, although charged-off Settlement Class Members share legal claims with other Settlement Class Members, any damages they might recover if their claims in the instant action were litigated would have been offset by their debt owed to Discover. Discover's right to offset these Class Member's presents a substantial risk to, and thus a basis for discounting, their claims. This type of principled allocation is fair and reasonable and should not thwart final approval of the Settlement, even were it not a moot issue. See, e.g., In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 461–63 (9th Cir. 2000) (no conflict where "a large portion of the class" was left "without recovery" under settlement distribution because they "could never get" damages); Arthur, et al. v. Sallie Mae, Inc., Case No. C10-0198 JLR, 2012 WL 90101 at * 10 (W.D. Wash. Jan. 10, 2012) (holding that preliminary approval would not be denied on the basis that TCPA class action settlement did not allocate any monetary relief to charged-off class members because defendants had an offset defense); Glass v. UBS Fin. Servs., Inc., No. C-06-4068, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) (approving allocation of settlement proceeds where some class members received less money because there was a greater risk that they would recover nothing at

---

[5] Discover recognizes that the debt of customers in bankruptcy is often extinguished. Because a Reduction Award, by definition, only applies to an "outstanding extension of credit", a Reduction Award could not be applied to such accounts. (See Settlement Agreement § II.A.27.)

[6] Barton also suggests that Discover has sold charged-off accounts to third parties and, as a result, those Settlement Class Members will not receive a benefit from a Reduction Award. (Renewed Objection, 5:4-7.) Barton is incorrect; Discover has not sold charged-off accounts to third parties since 2001. (Roland Decl., ¶5.)

-4-

LA 51726915

1   trial); In re PPA Prod. Liab. Litig., 227 F.R.D. 553, 562 (W.D. Wash. 2004) ("Placing a lower
2   value on claims that would have been barred by a defense . . . is hardly evidence of a conflict").

**C.   Discover's Election Complies With The Express Terms Of The Settlement Agreement.**

Barton concedes that the Settlement is fair if Discover does not exercise its option pursuant to Section III.G.2. (See Renewed Objection, 7:3-9.) As reflected in the letter sent by Discover's counsel to Plaintiffs, Discover elected to not exercise its option. (Strickland Decl., Ex. B.) Barton's argument that the letter from Discover's counsel filed with this Court is somehow inadequate, and the parties must formally amend the Settlement Agreement to reflect Discover's election, is frivolous. Pursuant to the Settlement Agreement, Discover has always had the right to make the election set forth in Section III.G.2. When Discover's counsel sent a letter advising that it would not exercise its option, Discover acted in accordance with the Settlement Agreement; it did not modify or amend the terms of the Settlement Agreement.

Moreover, Barton's suggestion that Discover is misleading the Court and Plaintiffs is wholly unfounded. Discover's election is set forth in writing and on file with this Court. There is no evidence to suggest that Discover's letter is fraudulent or that Discover will later change its election without anyone's knowledge. Such baseless accusations should not be indulged by this Court.

//
//
//
//
//
//
//
//
//

-5-

DEFENDANTS' RESPONSE TO OBJECTOR
BARTON'S RENEWED OBJECTIONS
Case No. 3:12-cv-01118-JSW

LA 51726915

### III. CONCLUSION

Discover respectfully requests that the Court grant Final Approval and enter Judgment as requested.

Dated: February 12, 2014

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
SHANNON E. PONEK

By:       */s/ Julia B. Strickland*
        Julia B. Strickland
Attorneys for Defendants
  DISCOVER FINANCIAL SERVICES, DFS
  SERVICES LLC and DISCOVER BANK

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-6-

DEFENDANTS' RESPONSE TO OBJECTOR
BARTON'S RENEWED OBJECTIONS
Case No. 3:12-cv-01118-JSW

LA 51726915

## CERTIFICATION

I hereby certify that, on February 12, 2014, copies of the foregoing **DEFENDANTS' RESPONSE TO OBJECTOR MICHAEL JAMES BARTON'S RENEWED OBJECTION TO SETTLEMENT AND FEE REQUEST** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

By: _____*/s/ Julia B. Strickland*_____
       Julia B. Strickland