## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and among plaintiffs Walter Bradley and Andrew Steinfeld (each individually, "Plaintiff"; collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Discover Financial Services, DFS Services LLC and Discover Bank, on behalf of themselves and their affiliates or subsidiaries (collectively, "Discover"), on the other hand. Discover, Settlement Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) against Discover in the actions entitled <u>Walter Bradley v. Discover Financial Services</u>, U.S.D.C., Northern District of California Case No. 4:11-cv-5746-YGR ("<u>Bradley</u>"), and <u>Andrew Steinfeld v. Discover Financial Services, et al.</u>, U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW ("<u>Steinfeld</u>") (collectively, the "Actions") shall be settled, compromised and released upon the terms and conditions contained herein.

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On November 30, 2011, Plaintiff Walter Bradley filed the Class Action Complaint in <u>Bradley</u>, seeking monetary damages and injunctive relief against Discover Financial Services based on its alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiff and the putative class members.

B.    On March 6, 2012, Plaintiff Andrew Steinfeld filed the Class Action Complaint in <u>Steinfeld</u>, seeking monetary damages and injunctive relief against Discover Financial Services,

1

DFS Services LLC and Discover Bank based on their alleged violation of the TCPA, by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiff and the putative class members.

C.     Discover vigorously denies all claims asserted in the Actions and denies all allegations of wrongdoing and liability.  Discover desires to settle the Actions on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.     On February 28, 2012, Discover filed its Motion to Compel Arbitration and Stay Action in Bradley (the "Bradley Arbitration Motion").  On March 30, 2012, Plaintiff filed his response to the Bradley Arbitration Motion and, on April 20, 2012, Discover filed its reply in support of the Bradley Arbitration Motion.  The Bradley Arbitration Motion was fully briefed and scheduled for hearing on May 22, 2012.

E.     On or about May 8, 2012, Class Counsel and Discover agreed to attend mediation with a private mediator and devote their time to matters that would advance their ability to engage in meaningful settlement negotiations.  Thereafter, Class Counsel and Discover entered into multiple stipulations to continue the hearing on the Bradley Arbitration Motion and the deadline in Steinfeld for Discover to respond to the complaint.  On August 15, 2012, Plaintiffs and Discover filed a stipulation in Bradley whereby they agreed to withdraw without prejudice the Bradley Arbitration Motion while the parties continued to negotiate a settlement.

F.     Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the Actions.  Plaintiffs and Class Counsel requested, and Discover produced, data and documents regarding Plaintiffs' claims.  Class Counsel also have engaged in numerous discussions with Discover regarding those claims.

G.     This Agreement resulted from and is the product of days of mediation, meetings and negotiations.  Over the course of months, Class Counsel and counsel for Discover have

2

engaged in extensive, good faith arm's length negotiations concerning the possible settlement of the Actions, including, without limitation, by participating in three formal mediation sessions before the Honorable Carl West (Ret.) of JAMS. Discover and Plaintiffs submitted detailed mediation briefs to Judge West, setting forth their respective views as to the strengths of their cases.

H. As a result of these negotiations, the Parties (as defined below) signed a Memorandum of Understanding on April 5, 2013, which memorialized, subject to negotiation and execution of this Agreement and subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, the Parties' good faith intention to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for Discover's agreement to implement the practice change set forth herein and pay the sum of Eight Million Seven Hundred Thousand Dollars ($8,700,000) to create a common fund for the benefit of the Settlement Class.

I. The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and Discover agree to the Settlement, subject to approval by the Court, as follows:

## II. <u>DEFINITIONS</u>

A. In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

3

1.     "Amended Complaint" means the Consolidated Amended Complaint to be filed by Plaintiffs in Steinfeld, substantially in the form appended hereto as Exhibit A, incorporating all claims which are the subject of the Settlement.

2.     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

3.     "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.G of this Agreement.

4.     "Claim Form" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Section III.G.3 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit B.

5.     "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement.  The last day of the Claim Period will be 120 days following entry of the Preliminary Approval Order.

6.     "Claims Administrator" or "Settlement Administrator" means Kurtzman Carson Consultants ("KCC"), subject to approval by the Court.

7.     "Class Counsel" means Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Casey Gerry Schenk Francavilla Blatt & Penfield LLP and Terrell Marshall Daudt & Willie PLLC.

8.     "Class Notice" means all types of notice that will be provided to the Settlement Class, pursuant to Section III.F of this Agreement, including E-mail Notice, Mail Notice, Publication Notice, Website Notice and any additional notice that might be ordered by the Court.

9.     "Class Period" means the period from November 30, 2007 through, and including, the date of Preliminary Approval (defined below).

4

10.     "Court" means the United States District Court for the Northern District of California.

11.     "Credit Award" means a credit to a Settlement Class Member's Discover credit card account, pursuant to Sections III.G.2 and III.H.2 of this Agreement.

12.     "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.J of this Agreement.

13.     "Discover's Counsel" means Stroock & Stroock & Lavan LLP.

14.     "Effective Date" means the fifth business day after the last of the following dates:

a.      All Parties, Discover's Counsel and Class Counsel have executed this Agreement;

b.      The Court has entered, without material change, the Final Approval Order; and

c.      The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

15.     "E-mail Notice" means the notice that will be provided pursuant to Section III.F.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

16.     "Escrow Account" means the account to be established consistent with the terms and conditions described in Section III.D.2.b of this Agreement.  The Escrow Account shall be held at a bank to be selected by Class Counsel and Discover.

17.     "Escrow Agent" means JPMorgan Chase Bank, N.A.  The Escrow Agent shall administer the Escrow Account.

18.     "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the

5

Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the incentive awards to Plaintiffs.

19.     "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit D.  Among other things, the Final Approval Order shall dismiss all claims in the Actions with prejudice.

20.     "Fund" means the total cash sum of eight million seven hundred thousand dollars ($8,700,000) to be paid pursuant to Section III.D.2.a of this Agreement.

21.     "Mail Notice" means the notice that will be made available pursuant to Section III.F.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

22.     "Notice" or "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement and includes the E-mail Notice, Mail Notice, Publication Notice and Website Notice.  A description of the contemplated Notice Program is provided in Section III.F of this Agreement.

23.     "Parties" means Plaintiffs and Discover.

24.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form jointly agreed upon by the Parties.

25.     "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as Exhibit E.

26.     "Publication Notice" means the summary notice of the Settlement that will be published pursuant to Section III.F.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit F.

6

27.     "Reduction Award" means a one-time reduction from the balance of an eligible Settlement Class Member's outstanding extension of credit, pursuant to Section III.G.2 of this Agreement.

28.     "Released Claims" means all claims to be released as set forth in Section III.P of this Agreement.  The "Releases" means all of the releases contained in Section III.P of this Agreement.

29.     "Released Parties" means those persons and entities released as set forth in Section III.P of this Agreement.

30.     "Releasing Parties" means all Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their accounts, as set forth in Section III.P of this Agreement.

31.     "Revocation Request" means a valid and timely request, pursuant to Section III.D.1.a of this Agreement, by a Settlement Class Member not to receive calls or text messages from Discover to cellular telephones by use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

32.     "Revocation Request Form" means the form as set forth in Section III.D.1.b of this Agreement that a Settlement Class Member must submit to make a Revocation Request, subject to approval by the Court, substantially in the form attached hereto as Exhibit G.

33.     "Revocation Request Period" means 30 days after entry of the Preliminary Approval Order and continuing until 30 days after entry of the Final Approval Order, during which a Settlement Class Member may submit a Revocation Request Form.

34.     "Settlement" means the settlement into which the Parties have entered to resolve the Actions.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

35.    "Settlement Award" means the Cash Award, Credit Award and/or Reduction Award that may be payable to Settlement Class Members pursuant to Section III.G of this Agreement.

36.    "Settlement Class" means all persons to whom, on or after November 30, 2007 through the date of Preliminary Approval, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

37.    "Settlement Class Member" means any person in the Settlement Class who does not opt out of the Settlement.

38.    "Settlement Costs" means (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive awards to Plaintiffs approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Publication Notice and Website Notice and any additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments, Claim Forms and/or Revocation Requests, the cost of maintaining a designated post office box for receiving Claim Forms and the costs of processing Revocation Requests; and (v) the fees, expenses and all other costs of the Claims Administrator.

39.    "Website Notice" means the website notice made available pursuant to Section III.F.2 of this Agreement, substantially in the form attached hereto as Exhibit C.

B.    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

8

### III.    TERMS OF SETTLEMENT

A.    <u>Dismissal of Bradley</u>.  Prior to seeking Preliminary Approval of the Settlement, Plaintiffs shall file in <u>Steinfeld</u> the Amended Complaint incorporating all claims addressed by this Settlement, and shall dismiss <u>Bradley</u> without prejudice.  Discover shall not be required to respond to the Amended Complaint and, pursuant to this Agreement, all material allegations thereof shall be deemed to have been denied by Discover.

B.    <u>Conditional Certification of the Settlement Class</u>.  Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class which shall be certified in <u>Steinfeld</u> for settlement purposes only.  Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is Discover precluded from challenging class certification in further proceedings in the Actions or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Actions.  No agreements made by or entered into by Discover in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other judicial proceeding.

C.    <u>Preliminary Approval</u>:  On or before May 17, 2013, Plaintiffs will move the Court in <u>Steinfeld</u> for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the

LA 51641542

circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within sixty (60) to ninety (90) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set a date forty-five (45) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in Steinfeld (the "Opt-Out and Objection Deadline"); (f) approve the Claim Form and the claims process described herein; (g) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in Steinfeld except those related to effectuation of the Settlement; and (i) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

D.    Settlement Consideration.  As full and complete consideration for the Settlement, Discover will implement the prospective practice changes set forth in Section III.D.1 below and contribute the monetary relief set forth in Section III.D.2 below.

1.    Prospective Practice Changes.  Discover agrees to implement the following practices by no later than one hundred (100) days after the Effective Date:

a.    Revocation Request.  Neither Discover, nor any of its affiliates or subsidiaries, shall make use of, or knowingly authorize anyone acting on its or their behalf to make use of, an automatic telephone dialing system and/or an artificial or prerecorded voice, to call the cellular telephones, or to send text messages to the cellular telephones, of Settlement

Class Members who make a Revocation Request during the Revocation Request Period and in compliance with Section III.D.1.b below.  The Parties agree that Discover reserves its right to call a Settlement Class Member's cellular telephone number using an automatic telephone dialing system, text message and/or an artificial or prerecorded voice message if, subsequent to submitting a Revocation Request Form, Discover obtains that Settlement Class Member's prior express consent within the meaning of the TCPA to receive such calls on his or her cellular telephone number.

   b. <u>Revocation Request Form</u>.  In order to provide Settlement Class Members the opportunity to make a Revocation Request, the E-mail Notice, Mail Notice and Website Notice will include instructions regarding how to make a Revocation Request.  The Revocation Request Form shall be available on the Website Notice website during the Revocation Request Period.  As an alternative, Settlement Class Members may check a box and sign and return a one-page document containing the Revocation Request Form to the Claims Administrator during the Revocation Request Period to effect their Revocation Request.

   c. <u>Future Changes In Laws Or Regulations</u>.  To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates different requirements under the TCPA, or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

   2. <u>Monetary Relief</u>.

   a. <u>The Settlement Fund</u>.  In addition to the prospective practice changes set forth above, Discover will pay the total cash sum of $8,700,000 (the "Settlement Amount") in full and complete settlement of all claims of Plaintiffs and the Settlement Class Members described herein.  The Fund shall include all Settlement Awards to claiming Settlement Class Members, as discussed in Section III.G below, any Cy Pres Distribution, and the Settlement Costs. The Fund shall be reduced by the Settlement Costs prior to making any

Settlement Awards to Settlement Class Members, as set forth in Section III.H below.  Discover shall not, under any circumstances, be obligated to pay any amounts in addition to the Fund in connection with the Settlement.

                b.    <u>The Escrow Account</u>.  Discover shall deposit the Fund into the Escrow Account as follows:  (1) Discover shall advance the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Amount;  and (2) Discover shall pay the balance of the Settlement Amount into the Fund within five (5) business days following the Effective Date.  The Escrow Agent may, but shall not be obligated to, invest the Fund in interest-bearing instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in an account fully insured by the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Fund shall bear all risks and costs related to investment of the Fund. The Escrow Agent shall not disburse any portion of the Fund except as provided in this Agreement and with the written agreement of Class Counsel and Discover's Counsel or by order of the Court.  Subject to further order or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of this Agreement.  All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed pursuant to this Agreement or further order of the Court.

                c.    <u>Termination</u>.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Fund in accordance with this Agreement, shall be refunded to Discover.

12

E. <u>Claims Administrator</u>. The Claims Administrator shall administer the Settlement distribution process. Discover will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names and mailing addresses for persons in the Settlement Class (as reflected in reasonably available computerized account records) to the extent required to administer the Settlement.

F. <u>Settlement Class Notice</u>. Discover and/or the Claims Administrator, as specified below, shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Deadline.

1. <u>E-mail or Mail Notice</u>. The Claims Administrator will provide individual notice via either: (i) electronic mail, to the most recent e-mail address as reflected in Discover's reasonably available computerized account records, to all persons in the Settlement Class for whom such records exist and who have not opted out of receiving electronic mail from Discover, in accordance with Discover's currently existing e-mail opt-out policies (the "E-mail Notice"); or (ii) direct mail, to the most recent mailing address as reflected in Discover's reasonably available computerized account records, for those persons in the Settlement Class for whom Discover does not have an e-mail address (as reflected in reasonably available computerized account records) and/or who have opted out of receiving e-mails from Discover, in accordance with Discover's currently existing e-mail opt-out policies, and to those Settlement Class Members whose e-mails are undeliverable (the "Mail Notice"). Skip tracing shall be performed for all returned electronic and direct mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund. At Discover's discretion, subject to approval of Class Counsel and the Court, the E-mail Notice and Mail Notice may instead be provided by way of a bill-stuffer in a periodic or billing statement, a solo electronic mailing or direct mailing, or a combination thereof. The E-mail Notice and Mail Notice shall direct recipients to the Website Notice website.

2. <u>Publication Notice</u>. For all Class Members for whom Discover does not possess contact information, the Claims Administrator will design and conduct a nationwide

13

publication notice program which the Parties believe will fully satisfy the requirements of due process. The nationwide publication notice program will be agreed to by the Parties and submitted to the Court on or before June 14, 2013. The Publication Notice shall refer Settlement Class Members to the Website Notice website and provide a toll-free number for the Claim Form and details regarding the Settlement.

        3.   <u>Website Notice</u>. The Claims Administrator will establish and maintain the Website Notice website. The Website Notice website will be established by the Claims Administrator dedicated to the Settlement on which will be posted the E-mail Notice, Mail Notice, Revocation Request Form, Claim Form, a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include. The Website Notice website shall also provide for online submission of Claim Forms and Revocation Requests. These documents shall be available on the Website Notice website beginning five (5) days following Preliminary Approval and remain at least until Final Approval and, in the case of the Revocation Request, 30 days following Final Approval. The Claims Administrator shall secure a URL for the Website Notice website selected by Class Counsel and approved by Discover. The Website Notice website shall not include any advertising, and shall not bear or include Discover's logo or trademarks. Ownership of the Website Notice website URL shall be transferred to Discover within 10 days of the date on which operation of the Website Notice website ceases.

        4.   <u>CAFA Notice</u>. Discover shall be responsible for timely compliance with all CAFA notice requirements.

    G.   <u>Settlement Awards</u>.

        1.   <u>Awards</u>. Except as set forth herein, Settlement Class Members shall be entitled to make a claim upon the Fund for a Settlement Award. The amount of each Settlement Class Member's Award will be based on a *pro rata* distribution, depending on the number of valid and timely claims, as set forth in Section III.G.3 below. Settlement Class Members may

14

elect to have Settlement Awards payable as either a Cash Award in the form of a check or a Credit Award in the form of a one-time credit against the balance of the Settlement Class Member's Discover credit card account, as set forth in Section III.H.2 below.

2. <u>Revoked Or Charged-Off Extensions of Credit</u>. If a Settlement Class Member has, as of the Effective Date, one or more extensions of credit with Discover that has been revoked or charged off, Discover at its option may apply a Reduction Award from the balance of those extensions of credit in lieu of the Settlement Class Member receiving a Cash Award or Credit Award, as set forth in Section III.H.3.

3. <u>Claims-Made Basis</u>. Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis.

4. <u>Conditions For Claiming Settlement Awards</u>. To make a claim for a Settlement Award, Settlement Class Members must submit a valid and timely Claim Form, which shall include: (i) the Settlement Class Member's full name and the last four digits of the Settlement Class Member's applicable account number(s) or, if the Settlement Class Member is not a Discover account holder at the time of making a claim or was not a Discover account holder in the past, the cellular telephone number at which Discover allegedly contacted the Settlement Class Member; (ii) the last four digits of the Settlement Class Member's social security number; (iii) the Settlement Class Member's current mailing address; (iv) affirmation that the Settlement Class Member, on or after November 30, 2007, received one or more non-emergency contacts from Discover Financial Services or any of its affiliates or subsidiaries, to the Settlement Class Member's cellular telephone through the use of an automatic telephone dialing system, text message and/or an artificial or prerecorded voice; (v) for mailed Claim Forms, the Settlement Class Member's signature; (vi) for Claim Forms submitted via the Website Notice website, the Settlement Class Member's electronic signature; and (vii) if the Settlement Class Member elects a Credit Award, the last four digits of the Discover credit card account to which the Credit Award payment should be posted. The Claim Forms shall be

15

submitted by mail or via the Website Notice website. Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of calls/text messages the Settlement Class Member received and/or the number of Discover accounts held at any time. Discover shall have the right to review the submitted Claim Forms and to deny claims if Discover has a good faith belief that such claims are improper or fraudulent. In order to be deemed timely, Claim Forms must be submitted or postmarked by the date specified in the Claim Form. There will be no obligation to honor any Claim Forms submitted or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.

     5.    <u>Publication Of Award Estimates</u>. Class Counsel estimates Settlement Awards in the range of $20 to $40. The Notices will reference that estimate.

     H.    <u>Distribution of Settlement Awards</u>.

     1.    <u>Cash Award Payments</u>. Cash Award payments shall be mailed by the Claims Administrator within 30 days after the Effective Date. The Claims Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member receiving a Cash Award. The Claims Administrator will perform skip tracing and remailing, as necessary; all costs of such work will be considered Settlement Costs and deducted from the Fund. Checks will be valid for 180 days from the date on the check. In the event that the combined amounts of any checks that remain uncashed more than 180 days after the date on the checks exceed $50,000, a second distribution shall be made of all such amounts on a *pro rata* basis as either a Credit Award or a Reduction Award to the claiming Settlement Class Members who were eligible for a Settlement Award. There will not be a second distribution of Cash Awards; to the extent that a Settlement Class Member previously received a Cash Award, the second distribution to that person shall be made as a Credit Award; if a Credit Award cannot be paid, the amount shall be distributed as *cy pres* pursuant to Section III.I below.

     2.    <u>Credit Award Payments</u>. Credit Award payments shall be applied to the Discover credit card account identified by the Settlement Class Member in the Claim Form

16

within 120 days after the Effective Date. Discover will provide the Claims Administrator and Class Counsel with a declaration confirming that a credit was applied to the Settlement Class Members' credit card accounts in accordance with Section III.G.1 above. If the Settlement Class Member does not have an open credit card account as of the posting date of the Credit Award or an open credit card account cannot be located by Discover, a Cash Award will be paid rather than a Credit Award. For each Settlement Class Member receiving a Credit Award, Discover shall receive a credit against the Fund in an amount equal to the Credit Award within five (5) business days of providing such confirmation to the Claims Administrator.

3. <u>Reduction Award Payments</u>. Reduction Awards shall be applied within 120 days after the Effective Date. Discover will provide the Claims Administrator and Class Counsel with a declaration confirming that the Settlement Class Members' accounts were reduced in accordance with Section III.G.2 above. Where a Settlement Class Member has multiple open Discover accounts with outstanding balances, the reduction will be applied to the Settlement Class Member's credit card account with the highest outstanding balance as of the posting date of the Reduction Award, to the extent that the Settlement Class Member's accounts can be readily identified by Discover. If the Settlement Class Member does not have an outstanding credit card debt as of the posting date of the Reduction Award, Discover at its option may credit the outstanding balance of any other Discover account of the Settlement Class Member. For each Settlement Class Member receiving a Reduction Award, Discover shall receive a credit against the Fund in an amount equal to the Reduction Award within five (5) business days of providing such confirmation to the Claims Administer.

I. <u>Cy Pres Distribution</u>. In the event that the combined amounts of any checks attributable to Cash Awards that remain uncashed more than 180 days after the date on the checks are equal to or less than $50,000, such monies will be equally distributed to one or more charitable organizations to be agreed to by the Parties and submitted to the Court on or before June 14, 2013 (the "Cy Pres Distribution"). The Cy Pres Distribution shall be made 240 days

17

after the last day to complete the processing of the Reduction Awards set forth in Section III.H.2 above. If, for any reason, the Parties determine that the proposed recipient is no longer an appropriate recipient, or the Parties no longer agree on the proposed recipient, or the Court determines that the proposed recipient is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.

J. <u>Incentive Awards</u>. Discover will not object to incentive awards to Plaintiffs so long as they do not exceed $2,000 for each of them, to be paid out of the Fund, subject to Court approval. Such incentive awards shall be paid at the time the attorneys' fees and costs payments to Class Counsel are due. Court approval of the incentive awards, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

K. <u>Attorneys' Fees And Costs</u>. Plaintiffs shall move the Court for an award of attorneys' fees and costs to be paid to Class Counsel from the Fund. Discover shall not object to such a motion so long as the amount requested is not more than $2,175,000, which is 25% of the Fund. Class Counsel may receive payment of the fees and costs awarded by the Court out of the Fund upon the Court's entry of both the Final Approval Order and an order awarding fees and costs, provided that Class Counsel deliver to Discover a Stipulated Undertaking and Order requiring repayment of fees by Class Counsel to Discover, on a joint and several basis, if the Final Approval Order is reversed or the fee order is reversed or reduced on appeal. Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

L. <u>Opt-Out Right/Termination</u>.

1. <u>Opt-Out Requirements</u>. Settlement Class Members may opt out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the Settlement Class Member for whose account(s) exclusion is requested; (ii) include the full name, address, and account number(s) of the Settlement Class Member requesting exclusion

18

(except that persons in the Settlement Class who do not have and have not had some lending or servicing relationship with Discover shall not be required to include an account number); and (iii) include the following statement: "I/we request to be excluded from the settlement in the Steinfeld action." No request for exclusion will be valid unless all of the information described above is included. For any Settlement Class Member who has more than one account, the exclusion request shall include all accounts. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

2. <u>Retention of Exclusions</u>. The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a Settlement Class Member has properly opted out.

3. <u>Cap On Opt-Outs</u>. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Actions. In the event that the number of valid opt-out requests exceeds 500 or more persons, Discover, in its sole discretion, may terminate the Settlement. Discover shall inform Class Counsel within 30 days after it is advised in writing that the number of valid opt-out requests is higher than 500 as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

M. <u>Objections To The Settlement</u>.

1. <u>Right To Object</u>. Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class

19

Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth in Section III.M.2 below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section III.M shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorney fees and/or service awards. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, must file and serve on all parties a Notice of Intention to Appear with the Court.

2.  <u>Objection Requirements</u>.  To be heard at the hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Daniel Hutchinson, Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111-3339; and (ii) Discover's Counsel - Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067.  An objection must: (a) attach documents establishing, or provide information sufficient to allow the Settling Parties to confirm, that the objector is a member of the Settlement Class; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for such objections, as well as identify any documents which such objector desires the Court to consider.

N.  <u>Final Approval</u>.  Following provision of the Notice Program and expiration of the Opt-Out and Objection Period, Plaintiffs shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund and any interest accrued

20

thereon; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members (except those who have timely and validly requested to opt out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss Steinfeld with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

     O.    <u>Dismissal</u>.  Upon entry of the Final Approval Order, <u>Steinfeld</u> shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

     P.    <u>Releases</u>.  Plaintiffs and the Settlement Class Members provide the following releases:

> Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their accounts, will be deemed to have fully released and forever discharged Discover Financial Services and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and/or predecessors in interest (including, without limitation, DFS Services LLC; Discover Bank; Discover Products, Inc.; DB Servicing Corporation; The Student Loan Corporation and Discover Home Loans, Inc.), and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities,

21

whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law, and which the Parties agree includes text messages) by or on behalf of the Released Parties in connection with efforts to contact or attempt to contact Settlement Class Members by or on behalf of the Released Parties including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific

22

performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the administration of the Settlement, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims"). The parties agree and understand that the Released Claims do not include claims brought by a State for civil penalties recoverable by a State for its own benefit.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different

from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Q.      Stay/Bar Of Proceedings.  All proceedings in the Actions will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of the Released Claims.  The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

R.      Confirmatory Discovery.  This Settlement was negotiated based on information, data and documents provided to Class Counsel by Discover.  The Settlement shall be subject to additional reasonable confirmatory discovery by Plaintiffs of Discover, to be completed by June 4, 2013 (the "Confirmatory Discovery Deadline"), of facts necessary to reasonably confirm the material information provided to Class Counsel during settlement negotiations and administrative plans and procedures for compliance with the terms of the Settlement.  Plaintiffs and Class Counsel agree to work cooperatively with Discover to assure that confirmatory discovery is timely completed, not overbroad and does not compromise the privacy of Discover's customers, employees or third parties.

S.    No Admissions.   Discover expressly disclaims and denies any wrongdoing or liability whatsoever.   This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Discover of any liability or wrongdoing by Discover or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.   Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Discover; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Discover in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed a waiver of Discover's right to challenge class certification if this Settlement for any reason does not become Final; or (iv) is or may be deemed to be a waiver of Discover's right to seek to enforce any arbitration provision in other cases or against Settlement Class Members who opt out of the Settlement.

T.    No Publicity Beyond Notice Procedures.  Class Counsel and/or Plaintiffs will not issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notices.  Class Counsel and/or Plaintiffs will make no statements of any kind to any third party regarding the Settlement prior to filing a motion for Preliminary Approval with the Court, with the exception of the Claims Administrator.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Actions or the Settlement.   In all communications, Class Counsel must comply with all confidentiality agreements in the Actions and not disclose information that is not a part of the public record.  Plaintiffs and Class Counsel shall refrain from disparaging any of the Released

25

Parties publicly or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Actions or the Settlement.

      U.    <u>Destruction of Confidential Documents</u>.  It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders in the Actions shall be returned to the producing party or destroyed.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

      V.    <u>Notices</u>.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class:</u>

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson
dhutchinson@lchb.com
Nicole D. Reynolds
nreynolds@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
Mark Ankcorn
mark@cglaw.com
110 Laurel Street
San Diego, CA  92101

TERRELL MARSHALL DAUDT & WILLIE
PLLC

<u>As to Discover:</u>

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
jstrickland@stroock.com
Lisa M. Simonetti
lsimonetti@stroock.com
Shannon  E. Ponek
sponek@stroock.com
2029 Century Park East
Los Angeles, CA 90067-3086

26

LA 51641542

Beth E. Terrell
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, WA 98103-8869

MEYER WILSON CO., LPA
Matthew R. Wilson
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215

## IV. GENERAL PROVISIONS

A. <u>Settlement Conditioned Upon Approval</u>. The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into and the Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Actions or for any other purpose.

B. <u>Evidentiary Preclusion</u>. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (including, but not limited to, the Memorandum of Understanding): (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Discover's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, Discover's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Settlement

27

Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.    <u>Time Periods</u>.  The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the parties.

D.    <u>No Construction Against Drafter</u>.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

E.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all parties or their successors in interest or their duly authorized representatives.

F.    <u>Modification and Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

G.    <u>Governing Law</u>.  The Agreement is governed by the laws of the State of Delaware, without reference to choice of law principles.

H.    <u>Authority</u>.  Plaintiffs and Discover represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Discover to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

28

I.      Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained in Section III.P above, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

J.      Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the parties.

K.      Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

L.      Miscellaneous Provisions.

1.      Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

2.      The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

3.      Each party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

4.      This Agreement has been carefully read by each of the parties, or the responsible officers thereof, and its contents are known and understood by each of the parties. This Agreement is signed freely by each party executing it.

29

5.      No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.      In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalid, illegal, or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

7.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of May 17, 2013:

**PLAINTIFFS:**

Walter Bradley

_____

Andrew Steinfeld

**DISCOVER FINANCIAL SERVICES:**

By:     _____

Its:    _____

**DFS SERVICES LLC:**

By:     _____

Its:    _____

30

LA 51641542

5.     No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalid, illegal, or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

7.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of May 17, 2013:

**PLAINTIFFS:**

_____
Walter Bradley

_____
Andrew Steinfeld

**DISCOVER FINANCIAL SERVICES:**

By: _____

Its: _____

**DFS SERVICES LLC:**

By: _____

Its: _____

30

5. No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6. In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalid, illegal, or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

7. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of May __, 2013:

**PLAINTIFFS:**

_____
Walter Bradley

_____
Andrew Steinfeld

**DISCOVER FINANCIAL SERVICES:**

By: _____

Its: Executive Vice President, Chief Credit Risk Officer

**DFS SERVICES LLC:**

By: _____

Its: Executive Vice President

30

**DISCOVER BANK:**

By: _____

Its: _Deputy General Counsel and Secretary_

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

TERRELL MARSHALL DAUDT & WILLIE          Dated: May 17, 2013
PLLC

By: _____
           Beth E. Terrell


LIEFF, CABRASER, HEIMANN &               Dated: May ___, 2013
BERNSTEIN, LLP


By: _____
           Jonathan D. Selbin



MEYER WILSON CO., LPA                     Dated: May ___, 2013



By: _____
           Matthew R. Wilson

LA 51641542

**DISCOVER BANK:**

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

TERRELL MARSHALL DAUDT & WILLIE
PLLC

Dated: May ___, 2013

By: _____
            Beth E. Terrell

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

Dated: May ___, 2013

By: _____
            Jonathan D. Selbin

MEYER WILSON CO., LPA

Dated: May *17*, 2013

By: _____
            Matthew R. Wilson

31

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP

Dated: May 17, 2013

By: _____

Mark Ankcorn

**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL**
STROOCK & STROOCK & LAVAN LLP

Dated: May 17, 2013

By: _____

Julia B. Strickland

LA 51641542

# EXHIBIT A

# AMENDED COMPLAINT

1   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2   Jonathan D. Selbin (State Bar No. 170222)
    250 Hudson Street, 8th Floor
3   New York, NY 10013
    Telephone: (212) 355-9500
4   Facsimile: (212) 355-9592

5   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
6   Daniel M. Hutchinson (State Bar No. 239458)
    Nicole D. Reynolds (State Bar No. 246255)
7   275 Battery Street, 29th Floor
    San Francisco, California 94111-3339
8   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
9
    TERRELL, MARSHALL, DAUDT,
10  & WILLIE PLLC
11  Beth E. Terrell (State Bar No. 178181)
    bterrell@tmdwlaw.com
12  936 North 34th Street, Suite 400
    Seattle, Washington 98103-8869
13  Telephone: (206) 816-6603
    Facsimile: (206) 350-3528
14
15  *Attorneys for Plaintiffs and the Proposed Class*

MEYER WILSON CO., LPA
David P. Meyer (admitted *pro hac vice*)
Matthew R. Wilson (admitted *pro hac vice*)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT, & PENFIELD LLP
Mark Ankcorn (State Bar No. 166871)
mark@cglaw.com
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

16              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
17             SAN FRANCISCO / OAKLAND DIVISION
18
19  ANDREW STEINFELD and WALTER
20  BRADLEY on behalf of themselves and all
    others similarly situated,
21
                Plaintiffs,
22
        v.
23
    DISCOVER FINANCIAL SERVICES,
24  DFS SERVICES, LLC, and DISCOVER
    BANK,
25
                Defendants.
26
27
28

Case No. 3:12-cv-01118-JSW

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**

CLASS ACTION

**DEMAND FOR JURY TRIAL**

Plaintiffs Andrew Steinfeld and Walter Bradley (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1. On June 26, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Defendant Discover Financial Services for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). The FCC found that Discover Financial Services made prerecorded telephone calls to consumers who "had not expressly invited or authorized the call(s)."

2. The FCC admonished Discover Financial Services that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, Defendants Discover Financial Services, DFS Financial Services, LLC, and Discover Bank, and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "Discover" or "the Company" or "Defendant") have knowingly, willfully, and/or negligently contacted Plaintiffs and Class Members on their cellular telephones without their prior express consent within the meaning of TCPA.

4. Plaintiffs bring this action for injunctive relief and damages resulting from Discover's illegal actions.

## JURISDICTION AND VENUE

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class

1   member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

2   the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3   6.   Venue is proper in the United States District Court for the Northern District

4   of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is deemed to

5   reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

6   commenced, and because Defendant's contacts with this District are sufficient to subject it to

7   personal jurisdiction.  Venue is also proper in this District because Plaintiff Steinfeld has resided

8   in this District at all times relevant to these claims such that a substantial part of the events giving

9   rise to the claims occurred in this District.

10   **PARTIES**

11   7.   Plaintiff Andrew Steinfeld is, and at all times mentioned herein was, an

12   individual citizen of the State of California, who resides in San Francisco, California.

13   8.   Plaintiff Walter Bradley is, and at all times mentioned herein was, an

14   individual citizen of the State of California, who resides California.

15   9.   On information and belief, Plaintiffs allege that Discover Financial

16   Services, is, and at all times mentioned herein was, a Delaware corporation and the parent

17   company of Defendants DFS Services, LLC, and Discover Bank, with its primary business

18   address in the State of Illinois, and does business throughout the country, including this District.

19   10.   On information and belief, Plaintiffs allege that DFS Services, LLC, is, and

20   at all times mentioned herein was, a Delaware corporation, with its primary business address in

21   the State of Illinois, and does business throughout the country, including this District.

22   11.   On information and belief, Plaintiffs allege that Discover Bank, is, and at

23   all times mentioned herein was, a Delaware corporation, with its primary business address in the

24   State of Delaware, and does business throughout the country, including this District.

25

26

27

28

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA), 47 U.S.C. § 227

12.     In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

14.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

15.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

## **FACTUAL ALLEGATIONS**

**Plaintiff Steinfeld's Allegations**

16. At all times relevant, Plaintiff Steinfeld was an individual residing in the State of California. Plaintiff Steinfeld is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

17. On or around January 23, 2011, Plaintiff Steinfeld took out a credit card with Discover.

18. Beginning in or around December 2011, Discover repeatedly contacted Plaintiff Steinfeld on his cellular telephone. Plaintiff received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice his complaints to a real person.

**Plaintiff Bradley's Allegations**

19. At all times relevant, Plaintiff Bradley was an individual residing in the State of California. Plaintiff Bradley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

20. At least 25 calls were placed by Discover to Plaintiff Bradley's cellular telephone using an automatic telephone dialing system.

21. During several of the calls, Plaintiff Bradley clearly and unequivocally instructed Discover to stop calling his cell phone.

**Plaintiffs' Joint Allegations**

22. Discover is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(10).

23. All telephone contact by Discover to Plaintiffs on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

24. The telephone number that Discover used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. "During the transaction that resulted in the debt owed," Plaintiffs did not provide express consent to receive prerecorded calls by Discover on Plaintiffs' cellular telephones.[6]

27. Plaintiffs did not provide "express consent" allowing Discover to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

28. Discover did not make telephone calls to Plaintiffs' cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

29. Discover's telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

30. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Discover to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[7]

## **CLASS ACTION ALLEGATIONS**

31. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

32. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons to whom, on or after November 30, 2007 through the date of Preliminary Approval, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Collectively, all these persons will be referred to as "Class members."  Plaintiffs represent, and are members of, the Class.  Excluded from the Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.  Plaintiffs do not know the exact number of members in the Class, reasonably believes that Class members number in the millions.

33.     Plaintiffs and all members of the Class have been harmed by the acts of Discover.

34.     This Class Action Complaint seeks injunctive relief and money damages.

35.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Discover.

36.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Discover made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b.     Whether Discover can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c.     Whether Discover's conduct was knowing and/or willful;

d.     Whether Discover is liable for damages, and the amount of such damages; and

e.     Whether Discover should be enjoined from engaging in such conduct in the future.

37.     As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior

- 6 -

express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each

Class member. Plaintiffs will fairly and adequately represent and protect the interests of the

Class, and has no interests which are antagonistic to any member of the Class.

38. Plaintiffs have retained counsel experienced in handling class action claims

involving violations of federal and state consumer protection statutes, including claims under the

TCPA.

39. A class action is the superior method for the fair and efficient adjudication

of this controversy. Class wide relief is essential to compel Discover to comply with the TCPA.

The interest of Class members in individually controlling the prosecution of separate claims

against Discover is small because the statutory damages in an individual action for violation of

the TCPA are small. Management of these claims is likely to present significantly fewer

difficulties than are presented in many class claims because the calls at issue are all automated

and the Class members, by definition, did not provide the prior express consent required under the

statute to authorize calls to their cellular telephones.

40. Discover has acted on grounds generally applicable to the Class, thereby

making final injunctive relief and corresponding declaratory relief with respect to the Class as a

whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA

violations complained of herein are substantially likely to continue in the future if an injunction is

not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

41. Plaintiffs incorporate by reference the foregoing paragraphs of this

Complaint as if fully stated herein.

42. The foregoing acts and omissions of Discover constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Discover's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Discover in the future.

45. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STRICT LIABILITY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

46. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

47. The foregoing acts and omissions of Discover constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Discover's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Discover's violation of the TCPA in the future.

50. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Discover in the future;

B. As a result of Discover's willful and/or knowing violations of 47 U.S.C.

§ 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

        C.      As a result of Discover's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

        D.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

        E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

        F.      Such other relief as the Court deems just and proper.

Dated: May 17, 2012             By:  */s/ Jonathan D. Selbin*
                                     Jonathan D. Selbin

                     LIEFF, CABRASER, HEIMANN &
                     BERNSTEIN, LLP
                     Jonathan D. Selbin
                     Email:  jselbin@lchb.com
                     250 Hudson Street, 8th Floor
                     New York, NY  10013
                     Telephone:  (212) 355-9500
                     Facsimile:  (212) 355-9592

                     LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                     Daniel M. Hutchinson
                     Email:  dhutchinson@lchb.com
                     Nicole D. Reynolds
                     Email:  nreynolds@lchb.com
                     275 Battery Street, 29th Floor
                     San Francisco, California  94111-3339
                     Telephone:  (415) 956-1000
                     Facsimile:  (415) 956-1008

TERRELL MARSHALL DAUDT
& WILLIE PLLC
Beth E. Terrell
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT,
& PENFIELD LLP
Mark Ankcorn
mark@cglaw.com
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

MEYER WILSON CO., LPA
David P. Meyer
(admitted *pro hac vice*)
Email:  dmeyer@meyerwilson.com
Matthew R. Wilson
(admitted *pro hac vice*)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiffs and the Proposed Class*

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs demand a trial by jury on all counts so triable.

3

Dated: May 17, 2013                    By:  _/s/ Jonathan D. Selbin_____

4                                            Jonathan D. Selbin

5                                      LIEFF, CABRASER, HEIMANN &
                                       BERNSTEIN, LLP
6                                      Jonathan D. Selbin
                                       Email:  jselbin@lchb.com
7                                      250 Hudson Street, 8th Floor
                                       New York, NY  10013
8                                      Telephone:  (212) 355-9500
                                       Facsimile:  (212) 355-9592
9
                                       TERRELL MARSHALL DAUDT
10                                     & WILLIE PLLC
                                       Beth E. Terrell
11                                     bterrell@tmdwlaw.com
                                       936 North 34th Street, Suite 400
12                                     Seattle, Washington  98103-8869
                                       Telephone: (206) 816-6603
13                                     Facsimile: (206) 350-3528

14                                     CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT,
                                       & PENFIELD LLP
15                                     Mark Ankcorn
16                                     mark@cglaw.com
                                       110 Laurel Street
17                                     San Diego, CA  92101
                                       Telephone: (619) 238-1811
18                                     Facsimile: (619) 544-9232

19                                     MEYER WILSON CO., LPA
20                                     David P. Meyer
                                       (admitted *pro hac vice*)
21                                     Email:  dmeyer@meyerwilson.com
                                       Matthew R. Wilson
22                                     (admitted *pro hac vice*)
                                       Email:  mwilson@meyerwilson.com
23                                     1320 Dublin Road, Ste. 100
                                       Columbus, Ohio 43215
24                                     Telephone:  (614) 224-6000
                                       Facsimile:  (614) 224-6066
25
                                       *Attorneys for Plaintiffs and the Proposed Class*
26

27

28

**EXHIBIT B**

**CLAIM FORM**

Exhibit B
Claim Form

*Andrew Steinfeld v. Discover Financial Services, et al., U.S.D.C.,*
*Northern District of California Case No. 3:12-cv-01118-JSW*

## CLAIM FORM

**To receive benefits from this Settlement, your Claim Form must be received on or before _____.**

**Mail your completed and signed Claim Form to:**             **Complete a Claim Form via the Internet at:**

[_____] Settlement Administrator          **OR**          [ _____ ]
[ _____ ]
[ _____ ]

**YOU MUST PROVIDE ALL OF THE INFORMATION BELOW, AND YOU MUST SIGN THIS CLAIM FORM, AS DIRECTED, TO APPLY FOR A SETTLEMENT PAYMENT.**

1.  **CLAIMANT INFORMATION:**

    _____  _____  _____
    FIRST NAME                    MIDDLE NAME              LAST NAME

    _____
    ADDRESS 1

    _____
    ADDRESS 2

    _____  _____  _____ - _____
    CITY                                                        STATE         ZIP          (optional)

    _____
    LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER

2.  **EITHER** provide the last four digits of **ALL** of your Discover account(s) as to which you received one or more non-emergency contacts from Discover Financial Services or related parties (including one of Discover Bank, The Student Loan Corporation and/or Discover Home Loans) between November 30, 2007 and [date of preliminary approval of the settlement] (the "Class Period") here:

    _____
    ACCOUNT NUMBER(S) (IF APPLICABLE) AS TO WHICH YOU RECEIVED A CALL OR CALLS

    **OR**, if you have not been a Discover account holder, state your cellular telephone number at which Discover contacted you

    _____
    CELLULAR TELEPHONE NUMBER

3.  **CHOOSE AN AWARD. Check One Box Only:**

    [  ]  **Cash Award.** By checking the box for Cash Award, you are electing to receive a Settlement Award in the form of a check.

    [  ]  **Credit Award.** By checking the box for Credit Award, you are electing to receive a Settlement Award in the form of a credit to your Discover credit card account. To receive a Credit Award, you must indicate the last four digits of your credit card account to which you elect to receive a credit: _____.
    LAST FOUR DIGITS OF ACCOUNT

    Please note that if you have one or more extensions of credit with Discover that has been revoked or charged off, Discover at its option may apply a one-time reduction to the balance of such extensions of credit in lieu of you receiving a Cash Award.

4.  **AFFIRMATION:**

    I declare that, on or after November 30, 2007 until [date of preliminary approval of settlement], I received one or more non-emergency telephone calls and/or text messages from Discover Financial Services or related parties (including one of Discover Bank, The Student Loan Corporation and/or Discover Home Loans) to my cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

    Signature: _____  Name (please print): _____  Date: _____

## QUESTIONS? VISIT [Internet URL] OR CALL [_____].

**EXHIBIT C**

**E-MAIL, MAIL AND WEBSITE NOTICE**

Exhibit C
E-mail, Mail and Website Notice
LA 51641542

**IF YOU RECEIVED A CALL THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR A PRE-RECORDED VOICE FROM DISCOVER TO YOUR CELLULAR TELEPHONE ON OR AFTER NOVEMBER 30, 2007, THIS NOTICE DESCRIBES YOUR RIGHTS IN CONNECTION WITH SETTLEMENT OF A LAWSUIT AND YOUR POTENTIAL RECOVERY.**

You may be entitled to a payment under a proposed class action settlement. In the lawsuit entitled <u>Andrew Steinfeld v. Discover Financial Services, et al.</u>, U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW (the "Action"), Plaintiffs claim that Discover Financial Services or related parties (including Discover Bank, The Student Loan Corporation and Discover Home Loans) ("Discover") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls on or after November 30, 2007 to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiffs and the putative class members. Discover denies these claims and denies any claim of wrongdoing. The Court has not decided who is right. However, in settlement of the Action, Discover has agreed to implement practice changes and establish a settlement fund of $8.7 million. **This notice is only a summary. Details of the settlement, including information on how to file a claim, are available at _____ or by writing to or calling the Claims Administrator at the address or toll-free number below.**

Discover's records indicate that you may be a member of the Settlement Class because Discover may have placed a call to your cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice at some time between November 30, 2007 and _____. Settlement Class Members may (1) submit Revocation Request Forms requesting that Discover cease making calls to their cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice, (2) submit Claim Forms requesting money from the settlement in the form of a check or in the form of a one-time credit against the balance of the their Discover credit card account, (3) exclude themselves from the settlement, (4) object to the settlement, and/or (5) do nothing. Class Counsel estimate that settlement payments or credits will be between $20 and $40, but could be more or less based on factors including the number of claims submitted.

**You cannot receive a payment unless your claim is received by _____.** In addition to payments to the Settlement Class members, the settlement provides for not more than $2,175,000 in attorneys' fees and costs and $2,000 service awards for the two representative plaintiffs to be sought from the Court by counsel for the Settlement Class. In the event that there are any remaining monies from uncashed checks totaling $50,000 or less, such monies will be paid to charity.

If you do not want to be legally bound by the settlement, you may opt out of the settlement by sending a request for exclusion to the Claims Administrator **no later than _____.** If you exclude yourself from the settlement, you will not receive any money or other benefits from the settlement. If you stay in the settlement (*i.e.* do not exclude yourself from the settlement), you may object to the settlement by explaining in writing why you do not like the settlement by **no later than _____.** You will be bound by the settlement if your objection is rejected. If you do nothing (*i.e.* submit no claim or request for exclusion) you will not receive any benefits from the settlement but will nevertheless be bound to the settlement. All Settlement Class Members who do not exclude themselves will be bound by any judgment approving the settlement and will give up any right to sue Discover or related parties for any known or unknown claims relating to calls made to their cellular telephone numbers, including alleged violations of the TCPA.

**TO OBTAIN FULL INSTRUCTIONS FOR EXCLUDING YOURSELF, FILING AN OBJECTION, SUBMITTING A REVOCATION REQUEST FORM, OR SUBMITTING A CLAIM FORM, GO TO _____, OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT _____ OR (___) ___-___ (TOLL-FREE).**

**THIS IS ONLY A SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS. DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT DISCOVER ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

**[E-MAIL, MAIL AND WEBSITE NOTICE]**

**EXHIBIT D**

**FINAL APPROVAL ORDER**

LA 51641542

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW STEINFELD, on behalf of himself
and all others similarly situated,

             Plaintiff,

    vs.

DISCOVER FINANCIAL SERVICES, DFS
SERVICES LLC, and DISCOVER BANK,

          Defendants.

Case No. 3:12-cv-01118-JSW

[Assigned to the Hon. Jeffrey S. White]

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court having held a Final Approval Hearing on _____, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  The Settlement Agreement dated _____, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.  This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

SETTLEMENT CLASS:  All persons to whom, on or after November 30, 2007 through [the date of Preliminary Approval Order], Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.  Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

3.  The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Plaintiffs and Class Counsel, and Discover.

4.  The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.F of the Settlement Agreement, that the Publication Notice was published in accordance with the terms set

forth in the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Section III.F and III.G of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Discover to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Actions.

9. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

10. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any

1   Released Claims (including, without limitation, in any individual, class or putative class,

2   representative or other action or proceeding), directly or indirectly, in any judicial, administrative,

3   arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is

4   necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of

5   Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid

6   of this Court's jurisdiction and to protect its judgments.

7          11.     The Settlement Agreement (including, without limitation, its exhibits), and any and

8   all negotiations, documents, and discussions associated with it, shall not be deemed or construed to

9   be an admission or evidence of any violation of any statute, law, rule, regulation or principle of

10  common law or equity, of any liability or wrongdoing, by Discover, or of the truth of any of the

11  claims asserted by Plaintiffs in the Actions, and evidence relating to the Settlement Agreement

12  shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in

13  any other action or proceeding, except for purposes of enforcing the terms and conditions of the

14  Settlement Agreement, the Preliminary Approval Order, and/or this Order.

15         12.     If for any reason the Settlement terminates or Final Approval does not occur, then

16  certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of

17  the Settlement Class for settlement purposes shall not be considered as a factor in connection with

18  any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the

19  Actions, without prejudice to the right of any of the Parties to assert any right or position that could

20  have been asserted if the Settlement had never been reached or proposed to the Court.

21         13.     In the event that any provision of the Settlement or this Final Judgment and Order of

22  Dismissal is asserted by Discover as a defense in whole or in part to any Claim, or otherwise

23  asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding

24  brought by a Settlement Class Member or any person actually or purportedly acting on behalf of

25  any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed

26  and enjoined until this Court or the court or tribunal in which the claim is pending has determined

27  any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14.     By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

15.     The Court approves Class Counsel's application for $_____ in attorneys' fees and costs, and for service awards to the Settlement Class representatives in the amount of $_____.

16.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

SO ORDERED.

Dated:_____     _____

Hon. Jeffrey S. White
United States District Court Judge

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

**EXHIBIT E**

**PRELIMINARY APPROVAL ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES LLC, and DISCOVER BANK,<br><br>        Defendants. | Case No. 3:12-cv-01118-JSW<br><br>[Assigned to the Hon. Jeffrey S. White]<br><br>**[PROPOSED] ORDER<br>(1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,<br>(2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,<br>(3) APPROVING NOTICE PLAN, AND<br>(4) SETTING FINAL APPROVAL HEARING** |

## [PROPOSED] ORDER

Subject to Court approval, Plaintiffs Andrew Steinfeld and Walter Bradley ("Plaintiffs" or "Settlement Class Representatives"), on the one hand, and Discover Financial Services, DFS Services LLC and Discover Bank, acting on behalf of themselves, their affiliated persons and entities and all persons and entities acting for or on its or their behalf (collectively, "Discover") on the other hand, entered into an Agreement dated May 17, 2013 in proposed settlement of the actions entitled _Walter Bradley v. Discover Financial Services_, U.S.D.C., Northern District of California Case No. 4:11-cv-5746-YGR ("_Bradley_"), and _Andrew Steinfeld v. Discover Financial Services, et al._, U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW ("_Steinfeld_") (_Bradley_ and _Steinfeld_ are collectively referred to herein as the "Actions") (together with its exhibits, the "Agreement").

Application has been made for preliminary approval of the settlement set forth in the Agreement (the "Settlement"), upon the terms and conditions in the Agreement. The Court has received and reviewed (1) the Agreement and all exhibits attached thereto; (2) Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of Notice Plan, and Setting of Final Approval Hearing and all exhibits attached thereto; and (3) all other pleadings and matters of record.

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review of the Agreement, it is hereby ORDERED as follows:

1. The Court has jurisdiction over the subject matter of the Actions, the Parties and all Settlement Class Members.

2. The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Preliminary Approval Order.

3. Subject to this Court's authority to determine whether to finally approve the Settlement at the final approval hearing ("Final Approval Hearing") described in Paragraph 21 of this Preliminary Approval Order:

-1-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

(a)     The Court hereby preliminarily approves the Agreement and the Settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length negotiation by counsel, and directs the Parties to proceed with the Settlement pursuant to the terms and conditions of the Agreement and exhibits thereto.

(b)     The terms of the Agreement are preliminarily approved for the purpose of providing Class Notice to the Settlement Class.

4.     The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class in Steinfeld, subject to further consideration at the Final Approval Hearing:

> All persons to whom, on or after November 30, 2007 through the date of this Preliminary Approval Order, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

5.     The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these representative plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

6.     The Court hereby also approves Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Casey Gerry Schenk Francavilla Blatt & Penfield LLP and Terrell Marshall Daudt & Willie PLLC, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

7.      Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Agreement or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Agreement.

8.      Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Agreement terminates or final approval does not occur.

9.      Pending final approval of the Settlement, Discover shall advance the amounts necessary to pay for costs of Class Notice and settlement administration; these advances shall be credited against the Settlement Amount.  Prior to the Final Approval Hearing, the Settling Parties shall select the Escrow Agent and negotiate with the Escrow Agent a mutually acceptable escrow agreement (the "Escrow Agreement") that shall provide the terms and conditions governing the Fund to be established if the Settlement receives final approval.  Notwithstanding any deadlines to the contrary in the Agreement, Discover shall not be required to make any payment into the Fund until the Escrow Agreement has been executed.

10.     The Fund shall be subject to the continuing jurisdiction of the Court.  The Escrow Agent shall not disburse any portion of the Fund except as provided in the Agreement and with the written agreement of Class Counsel and counsel for Discover or by order of the Court.

11.     The Court hereby finds and orders that the proposed Class Notice program set forth in Section III.F of the Agreement, and the claims submission plan set forth in Section III.G of the Agreement, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the members of the Settlement Class, provide individual notice to all members of the Settlement Class who or which can be identified through reasonable effort, and provide publication notice to members of the Settlement Class.

12.     The Court hereby approves the form and substance of the Claim Form (attached to the Agreement as Exhibit B); the E-mail Notice, Mail and Website Notice (attached to the

-3-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Agreement as Exhibit C); the Publication Notice (attached to the Agreement as Exhibit F); and the

2   Revocation Request Form (attached to the Agreement as Exhibit G). The Court hereby instructs

3   the Parties to proceed with Class Notice in the manner and on the schedule set forth in Sections

4   III.F of the Agreement, provided that the Parties, by agreement, may revise the E-Mail Notice, the

5   Mail Notice, the Website Notice, the Publication Notice, the Claim Form and/or the Revocation

6   Request Form in ways that are not material, or in ways that are appropriate to update those

7   documents for purposes of accuracy and clarity and may adjust the layout of those documents for

8   efficient mailing and/or electronic presentation.

9        13.    Discover and/or the Claims Administrator shall be responsible for providing Class

10  Notice of the preliminarily approved Settlement to the Settlement Class in accordance with the

11  provisions of the Agreement and this Preliminary Approval Order.

12       14.    Class Notice shall be completed no later than the Notice Deadline. The deadline for

13  submitting a claim shall be _____, 20__.

14       15.    Discover shall, at least _____ (_) days prior to the Final Approval Hearing, file

15  with the Court a declaration or declarations confirming any notice that it provided in accordance

16  with the Agreement and describing the notices it provided to the appropriate State and federal

17  officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

18       16.    Class Counsel shall instruct the Claims Administrator to file with the Court, by at

19  least _____ (_) days prior to the Final Approval Hearing, proof that Class Notice was

20  provided in accordance with the Agreement.

21       17.    The Class Notice will inform members of the Settlement Class of their right to

22  submit a request for exclusion, or "opt-out," from the conditionally certified Settlement Class. The

23  Class Notice will inform members of the Settlement Class that they may opt out of the Settlement

24  by sending a written request ("Exclusion Request") to the Claims Administrator at the address

25  designated in the Class Notice by the Opt-Out and Objection Deadline.

26       18.    Exclusion requests must: (i) be signed by the Settlement Class Member for whose

27  account(s) exclusion is requested; (ii) include the full name, address and account number(s) (if

28                                   -4-

known) of the Settlement Class Member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the <u>Steinfeld</u> action." No Exclusion Request will be valid unless all of the information described above is included. For any Settlement Class Member who has more than one account, the Exclusion Request must specify each separate account. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

19. If a timely and valid Exclusion Request is made by a member of the Settlement Class, then that person shall not be a Settlement Class Member, and the Agreement and any determinations, judgments, and/or orders concerning it shall not bind the excluded person.

20. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement shall be bound by all determinations and judgments concerning the Agreement and the Settlement contemplated thereby. In the event that the number of accounts which are opted out of the Settlement Class exceeds 500, Discover may terminate the Settlement.

21. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on _____ at _____ (the "Final Approval Hearing"). The Court will determine at or following the Final Approval Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court, the amount of attorneys' fees and costs that should be awarded to Class Counsel, and any amounts to be awarded to the Settlement Class Representatives for their contributions to the Settlement Class. The date and time of the Final Approval Hearing shall be set forth in the Class Notice. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Agreement.

22. The Parties shall make the following filings:

• By no later than _____ (__) days prior to the Final Approval Hearing, Class Counsel shall file an application for attorneys' fees, Settlement Class Representatives' Awards, and reimbursement of costs, as contemplated in the Agreement.

-5-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

• By no later than _____ (__) days prior to the Final Approval Hearing, Class Counsel and/or counsel for Discover shall file with the Court any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement (as described in Paragraph 23 below).

• Not later than _____ (__) days before the date fixed by this Court for the Final Approval Hearing, Class Counsel shall cause to be filed with the Clerk of this Court: (a) a list of Settlement Class Members who made timely and proper Exclusion Requests; and (b) a response to any objection to the request for an award of Attorneys' Fees and Expenses of Class Counsel.

23. Any member of the Settlement Class may appear at the Final Approval Hearing, in person or by counsel (if an appearance is filed and served), and may be heard, to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement, the application for an award of attorney's fees, costs, and expenses to Class Counsel, and any compensation to be awarded to the Settlement Class Representatives. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the application for an award of attorneys' fees and costs to Settlement Class Counsel, or to any compensation to be awarded to the Settlement Class Representatives unless, no later than the Opt-Out and Objection Deadline, such member of the Settlement Class files with the Clerk of the Court a notice of an intention to appear together with a statement that indicates all bases for such opposition along with any supporting documentation, including proof of membership in the Settlement Class, and legal authority, if any, supporting the objection. Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and counsel for Discover. Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Agreement.

24. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class Member intending to

-6-

attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Final Approval Hearing with Class Counsel.

25. All members of the Settlement Class, except those members of the Settlement Class who validly opt-out and submit timely Exclusion Requests, shall be bound by all determinations and judgments in the Actions, whether favorable or unfavorable to the Settlement Class.

26. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the <u>Steinfeld</u> are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay shall be immediately terminated.

27. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Settling Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

28. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement shall be without prejudice to the right of Discover or the Settlement Class Representatives to assert any right or position that could

-7-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

have been asserted if this Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary.  In such an event, the Parties shall return to the *status quo ante* in the Actions and the certification of the Settlement Class shall be deemed vacated.  The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.

29.      If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties and the Settlement Class Members with respect to all matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Settlement Class Members.

30.      In the event that any of the provisions of this Preliminary Approval Order is asserted by Discover as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's flexibility and authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

31.      The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Discover, or the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or

-8-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Judgment and Order of Dismissal.

SO ORDERED.

Dated:_____    _____

Hon. Jeffrey S. White
United States District Court Judge

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# **EXHIBIT F**

# **PUBLICATION NOTICE**

LA 51641542

**TO ALL PERSONS IN THE UNITED STATES TO WHOM DISCOVER PLACED A NON-EMERGENCY TELEPHONE CALL TO THEIR CELLULAR TELEPHONES THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE BETWEEN NOVEMBER 30, 2007 AND [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT]**

**Read This Notice Carefully.**

**You Could Receive Benefits from this Class Action Settlement.**

A settlement has been proposed in a class action lawsuit relating to calls allegedly made by Discover to cellular telephones through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. This notice is only a summary.

**Description of Litigation.** Plaintiffs claim that Discover violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls on or after November 30, 2007 to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiffs and the putative class members. Discover denies these allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or Discover's defenses.

**Settlement.** Class Counsel and Plaintiffs have concluded, after due investigation and carefully considering the relevant circumstances and applicable law, that it would be in the best interest of the Settlement Class to enter into a settlement agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected in the settlement agreement are obtained for the Class. Plaintiffs and Discover have negotiated a settlement agreement which they believe will, if approved by the Court, benefit Settlement Class Members.

**Who Is Included?** The Settlement Class includes all persons in the United States to whom Discover Financial Services or any related parties (including Discover Bank, The Student Loan Corporation or Discover Home Loans) placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between November 30, 2007 and [Date Of Preliminary Approval Of Settlement].

**Settlement Payments.** Discover has agreed to establish a settlement fund of $8.7 million. The settlement fund will be used to make payments to Plaintiffs and Settlement Class Members; to pay for notice and settlement administration; and to pay Class Counsel's attorneys' fees and costs. Discover also has agreed to make changes to cease calling the cellular telephone numbers of those Settlement Class Members who timely submit a valid Revocation Request Form.

The settlement fund will be used first to pay for notice and settlement administration costs, and then (subject to Court approval) to pay up to $2,175,000 in attorneys' fees and costs and $2,000 to each of the two Plaintiffs for their services in the case. The balance of the settlement fund will be paid to Settlement Class Members. If the settlement is approved, estimated claims payments will be between $20 and $40. Settlement Class Members may claim one settlement award. Claims will be paid either by a check mailed directly to Class Members or by a credit to Settlement Class Members' accounts. If there is any money left after all claims are paid, it will be paid to Settlement Class Members or to charity.

**How Do I Make A Claim?** Claim Forms and Revocation Request Forms are available at www._____.com or by calling (800) _____. You must complete and mail the Claim Form by _____ in order to receive a settlement payment.

**Other Options.** If you don't want to be legally bound by the settlement, you must request exclusion by _____, or you will not be able to independently sue about the legal claims in this case. If you request exclusion, you will not get money from this Settlement. If you do not request exclusion from the Settlement, you may nevertheless object to it by explaining in writing why you do not like the Settlement by _____. If you remain a member of the Settlement Class, you will be bound by any judgment entered whether or not it is favorable to the Settlement Class. You can find more information about these options at www._____.com or by calling (800) _____.

The Court will hold a hearing in this case (Andrew Steinfeld v. Discover Financial Services, et al., U.S.D.C., Northern District of California Case No. 3:12-cv-01118-JSW) to consider whether to approve the Settlement on _____, at _____, before the Hon. Jeffrey S. White, United States District Judge, in Courtroom 11 of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. Requests to appear at the hearing must be made by _____. You may also enter an appearance through your own attorney if you desire. For more information, visit www._____.com or call (800) _____.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT DISCOVER ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

**[PUBLICATION NOTICE]**

# EXHIBIT G

# REVOCATION REQUEST FORM

*Andrew Steinfeld v. Discover Financial Services, et al., U.S.D.C.,*
*Northern District of California Case No. 3:12-cv-01118-JSW*

## REVOCATION REQUEST FORM

To make a revocation request, your Revocation Request Form must be received on or before _____.

| | | |
|---|---|---|
| **Mail your completed and signed Revocation Request Form to:** | | **Complete a Revocation Request Form via the Internet at:** |
| [_____] Settlement Administrator [_____] [_____] | **OR** | [ _____ ] |

**YOU MUST PROVIDE ALL OF THE INFORMATION BELOW, AND YOU MUST SIGN THIS FORM, AS DIRECTED, TO MAKE A VALID REVOCATION REQUEST.**

☐     By checking this box and providing my current cellular telephone number and my Discover account number(s) (for all of my outstanding accounts), Discover Financial Services and its affiliates and subsidiaries cannot contact me on that cellular telephone number by an automatic telephone dialing system, text message and/or an artificial or prerecorded voice message.

My current cellular telephone number is:  (____) _____-_____.

My Discover account number(s) (if applicable) is/are:  _____.

If I decline to allow contact as described above on my current cellular telephone number, I understand that I must provide a current non-cellular telephone number, if one exists.  That number is (____) _____-_____.

I understand that Discover Financial Services and any of its affiliates or subsidiaries may call me, or continue to call me, concerning my account(s) by an automatic telephone dialing system, text message and/or an artificial or prerecorded voice message at any telephone number in their records if I do not:  (1) check the above box; (2) enter my current cellular telephone number; (3) enter my account number(s) (if applicable); and (4) enter a current non-cellular telephone number, if one exists.

By signing below, I declare that the foregoing (including as to the existence of a current non-cellular telephone number) is true and correct.  This Revocation Request Form relates only to the limitations of the Telephone Consumer Protection Act and does not change your rights under other federal or state statutes.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS? VISIT [Internet URL] OR CALL [_____].