LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Nicole D. Sugnet (State Bar No. 246255)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

TERRELL, MARSHALL, DAUDT, & WILLIE PLLC
Beth E. Terrell (State Bar No. 178181)
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT, & PENFIELD LLP
Mark Ankcorn (State Bar No. 166871)
mark@cglaw.com
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK,<br><br>Defendants. | Case No. 3:12-cv-01118-JSW<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715**<br><br>CLASS ACTION |

1161423.1

PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715
3:12-CV-01118-JSW

## I. INTRODUCTION

Pursuant to the Court's Civil Minute Order (Dkt. No. 89), Plaintiffs hereby submit this Supplemental Brief Regarding Notice Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

Discover complied fully with CAFA's notice requirement by providing the required government officials with a complete copy of the proposed Settlement Agreement in timely fashion. CAFA does not require Discover to provide these same government officials with a second round of additional notice due to two minor modifications to the proposed Settlement Agreement – each made at the Court's request, and each of which *benefits* Class members. In the alternative, if the Court finds that Discover should have provided additional notice, CAFA does not prevent this Court from entering an order finally approving the Settlement as fair, adequate, and reasonable.

## II. BACKGROUND

On May 17, 2013, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 48).

On May 24, 2013, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Discover's counsel provided notice of the Settlement to the required government officials (Dkt. No. 65-2).

On June 27, 2013, the Court issued its Order Regarding Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 53). Among other things, that Order noted: (a) that "[i]t is not clear why class members should be required to release claims relating to the administration of the settlement as a condition of participating in the class," and (b) the Court's concern that the time period for Class members to submit claim forms is "unnecessarily brief." *Id.* at 1. The Court ordered the parties to submit a supplemental brief to address the Court's concerns by no later than July 11, 2013. *Id.* at 3.

On July 11, 2013, the parties responded with a supplemental brief confirming that the parties agreed: (a) to edit the proposed release to remove any requirement that Class members release claims relating to the administration of the Settlement, and (b) to extend the time for Class

1161423.1 - 1 - PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715
3:12-CV-01118-JSW

members to submit a claim by 60 days, such that Class members would have a minimum of 90 days from notice to submit a claim (Dkt. No. 54 at 1). On July 18, 2013, the parties submitted a short First Amendment to Settlement Agreement and Release confirming those two minor modifications (Dkt. No. 55-1).

### III. LEGAL STANDARD

The Class Action Fairness Act of 2005, 28 U.S.C. § 1715, provides that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of" eight categories of documents, including "any proposed or final class action settlement." An order finally approving a proposed settlement cannot be issued earlier than 90 days after CAFA notice. 28 U.S.C. § 1715(d). If a class member demonstrates that the required notice has not been provided, she "may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action." 28 U.S.C. § 1715(e). CAFA does not provide any other consequences if a defendant does not comply with its notice requirements. While the statute itself does not provide any reason for the CAFA notice requirement, commentators have stated that:

> As the provision is embedded in a statute that arose out of some concern about class action abuses in state courts—hence enabling their removal to federal court—the settlement notice provision appears linked to the goal of curbing those abuses. The idea appears to be that if problematic class actions are proposed, and government officials receive notice of them, those government officials might be able to act on behalf of their constituents in opposing the settlement in some way.

3 *Newberg on Class Actions*, § 8:18 (5th ed. 2013) ("*Newberg*"); *see also Garner v. State Farm Mut. Auto. Ins. Co.*, Case No. CV 08 1365 CW, 2010 U.S. Dist. LEXIS 49477 (N.D. Cal. Apr. 22, 2010) ("CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures.").

## IV. ARGUMENT

Discover fully complied with CAFA's notice requirements. As set forth in the Declaration of Julia B. Strickland Regarding Notice Pursuant to the Class Action Fairness Act of 2005, Discover on May 24, 2013, provided each category of information required by 28 U.S.C. § 1715, including "a copy of the Settlement Agreement and exhibits thereto, including a copy of the proposed forms of notice." Dkt. No. 65-2.

Discover was not required also to provide a copy of the subsequent First Amendment to Settlement Agreement and Release containing the two minor modifications (each of which benefitted Class members). CAFA's plain text merely requires any proposed *or* final class action settlement. Here, Discover complied with that statutory requirement by providing the Settlement Agreement *proposed* to the Court. CAFA did not also require Discover to provide the final Settlement Agreement containing the two minor modifications – made at the Court's direction – to benefit Class members.[1]

A decision from just last month confirms that the procedure followed here fully complies with CAFA. In *Reed v. 1-800 Contacts, Inc.*, 2014 U.S. Dist. LEXIS 255 (S.D. Cal. Jan. 2, 2014), the parties sought preliminary settlement approval. *Id.* at *1-2. On August 3, 2013, the parties served CAFA notice of the proposed settlement required by 28 U.S.C. § 1715. *Id.* at *32. However, after CAFA notice, the parties in *Reed* – like the parties here – extended the claims, objections, and opt-out deadlines. On September 9, 2013, the court granted these proposed changes in its Order Granting Joint Motion to Modify Dates Assigned for the Performance of Specified Activities in the Court's Preliminary Approval Order. Dkt. No. 47 (attached as Exhibit A to the Declaration of Daniel M. Hutchinson). The court thereafter finally approved the settlement without any additional CAFA notice. *Reed*, 2014 U.S. Dist. LEXIS 255.

*Reed* therefore demonstrates that notice of the *proposed* settlement fully complies with

---

[1] Under the circumstances of this case, it is also very likely that government officials received informal notice of the final Settlement Agreement's terms. Under the Court-approved notice plan, the Settlement Administrator sent individual notice to 8,025,663 persons on the Settlement Class List who had an email address and supplemented that notice with nationwide publication notice that reached millions more Class members and non-Class members (Dkt. Nos. 76-2, 52-1). In other words, notice was sent to *at least one out of every 39 people in the United States*. It is therefore quite likely that CAFA notice was effectuated a second time through the Court-approved notice plan.

1161423.1 - 3 - PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715
3:12-CV-01118-JSW

CAFA and that subsequent alterations of the claims deadline do not require additional CAFA notice of the *final* settlement. This course of action is entirely consistent with the purpose of CAFA's notice requirements. *See Newberg* § 8:18. Specifically, CAFA's notice requirements provide government officials with the opportunity to review a settlement's terms and, if necessary, raise any concerns. *See id.* Here, the two modifications were made at the specific direction of the Court and to the benefit of Class members. No government official raised any concerns with the proposed Settlement. There is no reason to believe that additional CAFA notification of the two minor modifications – each of which benefits Class members – would spur any concerns. Since the two minor modifications only improved the Settlement, additional notice would serve no purpose and would instead frustrate Rule 1's dictate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, courts frequently find that changes to a settlement agreement may occur after CAFA notice without the need for additional CAFA notice – including substantive terms that affect the amount that class members will recover under the settlement. For example, *In re Wachovia Corp. ERISA Litigation*, 2011 U.S. Dist. LEXIS 155045 (W.D.N.C. Oct. 24, 2011), granted final settlement approval after finding that "Defendants have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715." However, the court nonetheless held that "[a]ny modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this [Final Approval] Order." *Id.* In other words, the court approved the parties' ability to modify substantive terms of the settlement agreement even *after* final approval without any additional CAFA notice. *Boyajian v. Cal. Prods. Corp.*, 2013 U.S. Dist. LEXIS 113646 (D. Mass. July 9, 2013), likewise noted in a final approval order after CAFA notice that "[a]ny modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this [Final Approval] Order."

Here, the two modifications to the settlement agreement are more minor than in *In re Wachovia Corp. ERISA Litigation* or *Boyajian*. Each modification was made at the Court's specific direction, will benefit Class members, and will not affect the amounts they will receive under the Settlement's terms. As in *In re Wachovia Corp. ERISA Litigation* and *Boyajian*, these

two modifications do not require additional CAFA notice and should not prevent final settlement approval.

Finally, even if the Court finds that Discover should have provided supplemental notice, the Court should still finally approve this Settlement as fair, adequate, and reasonable. All government officials were apprised fully of the proposed Settlement's terms via the May 24 CAFA notice. The Court may enter a final approval order any time after 90 days from that date. 28 U.S.C. § 1715(d). If the Court finds that Discover should have provided *additional, supplementary* CAFA notice, the only consequence is that Class members may refuse to comply with, and choose not to be bound by, the Settlement Agreement. Indeed, Discover's counsel admitted at the February 14, 2014, final approval hearing that Discover bears the sole risk of non-compliance with CAFA. The rare Class member who wants to be bound by either: (a) the release of claims arising from the administration of the Settlement or (b) the stricter claims-filing deadline, would be free to pursue that argument. *But see Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012) ("The court respectfully disagrees with the Texas Attorney General that class members can refuse to be bound by the settlement agreement simply because defendants were late in serving CAFA notices.").

However, Plaintiffs respectfully submit that the significant prospective practice changes and/or monetary relief that will be afforded to over 150,000 Class members should not be unnecessarily delayed because of this issue.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Discover has complied with CAFA's notice requirements or, in the alternative if the Court finds that Discover should have provided additional notice, that the Court should grant final settlement approval.

Dated:  February 21, 2014          By: */s/ Daniel M. Hutchinson*
                                       Daniel M. Hutchinson

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Nicole D. Sugnet
Email: nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

TERRELL MARSHALL DAUDT
& WILLIE PLLC
Beth E. Terrell
bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT, & PENFIELD LLP
Mark Ankcorn
mark@cglaw.com
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

MEYER WILSON CO., LPA
David P. Meyer
(admitted *pro hac vice*)
Email: dmeyer@meyerwilson.com
Matthew R. Wilson
(admitted *pro hac vice*)
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiffs and the Class*