**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW STEINFELD and WALTER BRADLEY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

DISCOVER FINANCIAL SERVICES, et al.,

    Defendants.

No. C 12-01118 JSW

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**(Docket No. 65)**

    This matter comes before the Court for consideration of the motion for final approval of class action settlement. (Docket No. 65.) The Court has considered the parties' papers, the objections received, the responses to those objections, relevant legal authority, and the record in this case. The Court also held a final fairness hearing on February 14, 2014. Class Counsel, Defendants' counsel, and counsel for Joseph Fitz, who seeks to opt-out of the settlement also appeared. There were no other persons present.

    For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS the motion for final approval.

**BACKGROUND**

    This case arises from allegations by Plaintiffs, Andrew Steinfeld ("Mr. Steinfeld") and Walter Bradley ("Mr. Bradley"), that Defendants engaged in a systematic practice of calling consumers' cell phones by using an automatic telephone dialing system or by using an artificial or prerecorded voice, or by using both forms of communication, without a consumer's prior

express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. sections 227, *et. seq.*

Mr. Bradley filed his complaint on November 30, 2011. (*Bradley v. Discover Financial Services*, No. 11-CV-5746-YGR ("*Bradley*"), Docket No. 1.) Defendants moved to compel arbitration, and the parties fully briefed that motion. Thereafter, the parties stipulated to defer the hearing on the motion in order to participate in mediation sessions before the Honorable Carl J. West (Ret.) ("Judge West"). In August 2012, the parties stipulated that Defendants could withdraw the motion to compel arbitration, without prejudice to renewing it at a later date, so that they could focus their efforts on settlement. (*Id.*, Docket No. 51.)

Mr. Steinfeld filed the complaint in this case on March 6, 2012. (*Steinfeld v. Discover Financial Services*, 12-CV-1118-JSW ("*Steinfeld*"), Docket No. 1.) The parties postponed the initial case management conference several times in order to participate in mediation before Judge West. (*Id.*, Docket Nos. 12, 17, 19, 26.) In August 2012, Defendants filed a motion to compel arbitration. However, shortly after it was filed, Defendants withdrew the motion without prejudice to re-filing it at a later time, in light of settlement discussions. Thereafter, the parties stipulated to postpone case deadlines to continue settlement discussions and to finalize the terms of the settlement once they reached an agreement in principle. (*See, e.g., id.*, Docket Nos. 27, 29, 31.)

On May 17, 2013, Plaintiffs filed their first amended complaint, and filed their motion for preliminary approval of a class action settlement. (*Id.*, Docket Nos. 47-52.) On May 24, 2013, pursuant to the terms of the settlement, and because Mr. Bradley had been added as a plaintiff to this case, the parties stipulated to dismissal of the *Bradley* action. (*Bradley*, Docket No. 54; *Steinfeld*, Docket No. 49, Declaration of Daniel M. Hutchinson, Ex. B (Settlement Agreement, § III, ¶ A).) On June 27, 2013, the Court issued an order setting forth concerns with the proposed settlement. (*Steinfeld*, Docket No. 53.) On July 18, 2013, in response to the Court's Order, the parties entered into a First Amendment to Settlement Agreement and Release. (*Id.*, Docket No. 55-1.) On August 29, 2013, after considering the First Amendment and the parties' supplemental briefing, the Court granted the motion for preliminary approval.

1  The Court entered a preliminary approval order on September 10, 2013. (*Id.*, Docket Nos. 57,
2  59.)
3  The Settlement Agreement provides for "Prospective Practice Changes," by which
4  Settlement Class Members can submit a revocation request to end all unwanted automated or
5  auto-dialed telephone calls from Defendants. (Settlement Agreement, § III, ¶ D.1.) The
6  Settlement Agreement also provides for monetary relief in the form of an $8.7 million fund,
7  which includes funds to pay Settlement Class Members who submit claims, a possible *cy pres*
8  distribution, and "Settlement Costs."[1] (*Id.*, § III, ¶ D.2, § III, ¶ G.1 (describing settlement
9  awards), § III, ¶ I.) The Settlement Costs include any award of attorneys' fees or costs, any
10 incentive awards, the costs or printing and providing notice, costs of administering the
11 settlement, and the fees, expenses and costs of the Claims Administrator. (*Id.*, § II., ¶ 38.)
12 The Settlement Agreement also contains the following provision:
13 > If a Settlement Class Member has, as of the Effective Date, one or more
> extensions of credit with Discover that has been revoked or charged off,
14 > Discover, at its option may apply a Reduction Award from the balance of
> those extensions of credit in lieu of the Settlement Class Member receiving
15 > a Cash Award or Credit Award, as set forth in Section III.H.3.
16 (*Id.*, § III, ¶ G.2.) The Court shall refer to this provision as the "Reduction Award Option."
17 On January 24, 2014, Defendants notified Plaintiffs that Defendants declined to exercise
18 the Reduction Award Option. (*Steinfeld*, Docket No. 77-1, Declaration of Julia B. Strickland in
19 Support of Defendants' Response to Objections to Settlement, Ex. A.)
20 The Court shall address additional facts as necessary in the remainder of this Order.
21 //
22 //
23 //
24 //
25 //
26 //
27
28 ---
[1] The parties' proposed *cy pres* recipient is set forth in *Steinfeld* Docket No. 52. The Court finds that the proposed recipient is appropriate.

3

**ANALYSIS**

**A.      Objections and Comments on Settlement.**

The following individuals have either objected to or commented on the settlement: Gary Sibley; Mark and Cindy Ferguson; Laura Royter; Timothy Rioux; Eric DeCicco; Malikka Bachan; and Janice Gardner.[2]

Mr. Sibley complains about the definition of the class. (*Steinfeld*, Docket No. 72.) However, the Court finds that the class definition is sufficiently definite and readily ascertainable, and it overrules the objection. Mr. Sibley also contends that Plaintiffs are inadequate class representatives, because the negotiated a settlement that benefits Defendants at the expense of Class Members. He also objects to the terms of the settlement on the basis that it provides inadequate relief. For the reasons set forth below, the Court overrules these objections. Mr. Sibley also objects to the requested fee award. Ms. Royter and Mr. Rioux state that they believe the lawsuit is frivolous and that plaintiffs should be required to show "actual damages," but their primary objections are to the amount of fees requested by Class Counsel. (*Id.*, Docket Nos. 62, 74.) The Court addresses all objections to fee awards in the separate order, issued this date, resolving the motion for fees and costs.

The Fergusons sent emails objecting to the form of notice used in this case. (*Id.*, Docket No. 70.) Mr. Ferguson complained about using electronic mail to provide notice to class members but does not raise any substantive objections to the terms of the Settlement. Because the Court is required to provide the best notice practicable, and because the use of electronic mail enabled the parties to provide direct notice of the Settlement to the majority of the Class Members, the Court overrules the Ferguson's objections.

Mr. DeCicco and Ms. Bachan provide general comments that support Discover's conduct and services. (*Id.*, Docket Nos. 76-1 and 77-1.) To the extent they object to final approval of the settlement on that basis, the Court overrules those objections for the reasons set forth below.

---

[2] The Court also received objections from Michael James Barton and Deliris Palmer. However, those objections have been withdrawn.

4

Finally, Ms. Gardner objected to the deadline to file objections following notice. (*Id.*, Docket No. 73.) For the reasons set forth below, the Court overrules this objection. Ms. Gardner also suggests that she should receive an award greater than the award she is likely to receive as part of the settlement. For the reasons set forth below, the Court also overrules this objection.

**B.      Rule 23 Requirements.**

Federal Rule of Civil Procedure 23 permits settlement of class claims only with court approval. Fed. R. Civ. P. 23(e). Where, as here, the parties settle their claims before the class has been certified, courts "must peruse the proposed compromise to ratify both (1) the propriety of the certification and (2) the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, the Court's first task is to determine whether the settlement class satisfies the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

The Settlement Class is defined as

> All persons to whom, on or after, November 30, 2007, through September 10, 2013 [the date of Preliminary Approval], Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are the Judges to whom the Actions are assigned an any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

(Settlement Agreement, § II, ¶ 36; *Steinfeld*, Docket No. 59, Preliminary Approval Order, ¶ 4.)

The parties provided the Court with a list of the individuals who opted out of the settlement by the required deadline. (Docket No. 76-2, Declaration of Jonathan D. Carameros ("Second Carameros Decl,"), ¶ 3.) Those individuals are excluded from the class. Joseph Fitz filed an untimely notice of opt-out request. (*Id.*, Docket No. 87.) In order to determine whether the Court should permit Mr. Fitz to opt-out, the Court evaluates whether he has shown excusable neglect. *See, e.g., Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 2011). In his written submission, Mr. Fitz stated that his late submission was inadvertent, but he offered no other explanation. In addition, at the hearing, his counsel offered no explanation for the late

5

opt-out request, other than the fact that he wished to pursue an individual action. Defendants oppose the request. The Court finds that Mr. Fitz has not established that he failure to opt-out by the deadline was the result of excusable neglect. Accordingly, the Court DENIES his request, and Mr. Fitz is HEREBY DEEMED A CLASS MEMBER and is bound by this Order.

The Court finds the parties have established that certification for purposes of settlement is proper. There are millions of class members, which satisfies the numerosity requirement. Further, Plaintiffs' claims are co-extensive with that of the Class Members, in that they seek relief based on Defendants' alleged systematic practice of using automated call systems without consent. Finally, the Court concludes that the record establishes that Plaintiffs and counsel vigorously represented the interests of the Class Members. The Court also concludes that the requirements of Rule 23(b)(3) are satisfied, in that the parties have established that common questions of law and fact predominate and that a class action is a superior method to resolve this litigation.

**C.	Notice to Class Members and CAFA Notice.**

**1.	Notice to Class Members.**

The Court granted the motion for preliminary approval on September 10, 2013, which set forth a plan to provide Class Members with notice and approved the parties' form of notice. On October 31, 2013, the Court granted a stipulation to amend that plan. Pursuant to the notice plan, Class Members were provided with direct notice by email or mail, and the Court also ordered publication notice. (Preliminary Approval Order, ¶¶ 11-12; Settlement Agreement, § III, ¶ F, Exs. B-C, F, G; *Steinfeld*, Docket No. 61.)

Notice to class members,to alert them of their right to opt-out of the class, must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 617 (1997). Due process does not entitle a class member to "actual notice." Rather, due process requires the best notice practicable, reasonably calculated under the circumstances, to apprise a class member of the pendency of the class action and to give that class member a chance to be heard. *See Silber*, 18 F.3d at 1453-54.

According to the record, by November 20, 2013, KCC Class Action Services, LLC ("the Settlement Administrator"), sent notice to over 8 million Class Members by electronic mail. On November 27, 2013, the Settlement Administrator sent notice by direct mail to approximately 1.8 million Class Members for whom the email notices were returned as undeliverable. (*Steinfeld*, Docket No. 65-1, Declaration of Jonathan D. Carameros ("First Carameros Decl."), ¶¶ 5-6, Exs. A-B; *Id.,* Docket No. 76-2, Declaration of Jonathan D. Carameros ("Second Carameros Decl,"), ¶ 3.) Notice was published in *USA Today* during the week of November 27, 2013. (First Carameros Decl., ¶ 9, Ex. C.) The Settlement Administrator also established a website where it posted relevant documents, and included a "Frequently Asked Questions" section and a section highlighting important deadlines. The Notice includes a reference to that website. (*See id.*, ¶ 11, Ex. A.)

The Settlement Administrator also attests that it made additional efforts to provide notice to Settlement Class Members whose notices sent by U.S. mail or by electronic mail were returned. (*Id.*, ¶ 8.) In addition, at the request of Class Counsel and at Class Counsel's sole expense, the Settlement Administrator sent Class Members "reminder notices" between January 10 and January 12, 2014. (First Carameros Decl., ¶ 7; Second Carameros Decl., ¶ 6.) According to the record, approximately 95% percent of the class received direct notice of the settlement. (*See generally* First and Second Carameros Declarations.)

The Court finds that Plaintiffs complied with the schedule for the settlement process approved by the Court, and thus, have satisfied the requirements set forth in *In re Mercury Interactive Corporation Securities Litigation*, 618 F.3d 988, 994-95 (9th Cir. 2010). Class Members have been provided Notice and access to Class Counsel's pleading in connection with their Motion for Final Approval of the Settlement and Application for Attorneys' Fees and Costs, as well as an adequate amount of time to review such information before the deadline for submission of requests for exclusion or objections. The manner in which notice was provided is the best notice practicable and reasonably calculated under the circumstances to apprise Class Members of the class action and to give Class Members the chance to be heard. *Silber*, 18 F.3d at 1453-54.

### 2. CAFA Notice.

Defendants provided notice of the proposed settlement to Federal and State officials, pursuant to 28 U.S.C. section 1715(b), on May 24, 2013. (*Steinfeld*, Docket No. 65-2, Declaration of Julia B. Strickland, ¶ 2, Ex. A.) The parties did not provide additional notice of the First Amendment. The Court raised this issue at the hearing and permitted the parties to submit supplemental briefing on the issue. The Court has considered the parties' supplemental briefs, in which they contend that additional notice is not required. (*Id.*, Docket Nos. 93, 95.)

Pursuant to CAFA, "not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement," which should include, *inter alia*, "any proposed or final class action settlement" or "any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants." 28 U.S.C. § 1715(b)(4)-(5). "An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)." *Id.* § 1715(d). Failure to comply with the notice provision carries certain consequences. *Id.* § 1715(e).

There is a dearth of authority on the issue of whether a defendant must provide notice of revisions or amendments to settlements under Section 1715(b). A district court in the Eastern District of Louisiana concluded that additional notice of revisions to a settlement was not required under CAFA. *See, e.g., In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 910 F. Supp. 2d 891, 940-41 (E.D. La. 2012). However, that court did engage in any analysis to support its conclusion and, thus, the Court does not find it persuasive. At least one district court within the Ninth Circuit faced with a similar situation found "the text of this section ... unclear as to its application to revisions of proposed settlements...." *True v. American Honda, Inc.*, 749 F. Supp. 2d 1052, 1083 (C.D. Cal. 2010).

8

The Court begins with the language of the statute. The plain text of Section 1715(b) provides that a defendant must give notice of "*any* proposed or final class action settlement" and "*any* settlement or other agreement contemporaneously made between class counsel and counsel for the defendants." 28 U.S.C. § 1715(b)(4)-(5) (emphasis added). Section 1715(b) does not, however, expressly refer to amendments or revisions to settlements and, as the *True* court noted, is "unclear as to its application" in such situations. According to the legislative history, Section 1715(b) was included as a means to "safeguard plaintiff class members' rights," by providing state and federal officials with an opportunity to "voice concerns if they believe that the class action settlement is not in the best interest of their citizens." S. Rep. 109-14, § III at *5; *see also* 3 *Newberg on Class Actions,* § 8:18 (5th ed. 2013)

In this case, the revisions to the settlement provided for a longer claims period and revised the releases, which made the settlement more favorable to the class members. (*See* Docket No. 88-2). In addition, Class Members received notice of the amendments and were provided with an opportunity to opt out or object to that settlement as amended. As discussed below, Class Members' reactions to the settlement have been favorable. Further, the Court has not received any comments from State or Federal officials relating to the original agreement.

In the *True* case, the court concluded that the parties had not sufficiently complied with Section 1715(b) where they provided notice of substantive revisions to the settlement ten days prior to the final approval hearing. *Id.* However, in contrast to this case, the parties also did not provide notice of those revisions to class members and twenty-six states filed amicus briefs urging the court to reject the settlement. *Id.* Thus, the Court finds the facts and circumstances in this case distinguish it from *True*.

Given the lack of clear authority, the ambiguity of the statutory provision, and the purposes behind CAFA's notice provision, and in light of the facts and circumstances in this case, the Court concludes that additional notice of the First Amendment is not necessary for the Court to finally approve the settlement. In addition, the Court finds that the notice provided of the original agreement complied with the requirements of Section 1715(b).

9

**D.      The Settlement Is Fair Reasonable and Adequate.**

In order to determine whether the proposed settlement should be approved, the Court weighs a number of factors, including: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the ... members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[3]

Plaintiffs argue that the thrust of this litigation was to put an end to the "harassing, repeated, and intrusive autodialed and/or prerecorded calls to consumers' cell phone" without their consent. (*See, e.g., Steinfeld*, Docket No. 64, Mot. for Attorneys' Fees at 3:9-11.) In order to remedy this alleged wrong, the parties agreed to the Prospective Practice Changes, which enable the Class Members to submit a simple revocation request to end those calls. Plaintiffs have also secured monetary relief for Class Members, from which they will receive a pro-rata distribution that will depend upon the number of claims submitted.[4]

**1.      The Strength of Plaintiffs' Case and the Risk of Further Litigation.**

Although the parties reached the settlement in this case fairly early in the litigation process, the parties started to litigate whether these claims should be arbitrated, and a ruling in Defendants' favor on those motions could have required class members to individually arbitrate the claims. Class Counsel also documented other risks attendant to continued litigation, including competing interpretations of a ruling of the Federal Communications Commission. Thus, the Settlement Agreement removes the risk that Plaintiffs and the Class Members might not obtain any relief. *See, e.g., Officers for Justice v. Civil Serv. Com'n of City and County of*

---

[3] There is no governmental participant in this case, and the Court and parties represent there have been no responses from governmental entities in response to the CAFA Notice. On balance, the Court finds this factor is neutral.

[4] The Plaintiffs' description of this fund as "non-reversionary" in their briefs, was the cause of much spilled ink, or its electronic equivalent. However that issue is now moot, because Defendants will not exercise the option to apply Reduction Awards. (*See Steinfeld*, Docket No. 77-1, Declaration of Julia B. Strickland, ¶ 3, Ex. B.)

10

*San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). These factors weigh in favor of approving the settlement.

### 2. The extent of discovery completed, the stage of the proceedings, and the experience and views of counsel.

Based on the record, the Court is satisfied that the parties reached the proposed settlement at time when they had a full and fair understanding of their cases and their opponents' case. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (factor weighed in favor of approving settlement where parties had conducted extensive discovery and had gone through a round of summary judgment motions); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (factor weighed in favor of approving settlement where plaintiffs had conducted significant discovery and consulted with damages and accounting experts).

Furthermore, Class Counsel are experienced in prosecuting complex litigation, including the types of claims at issue in this case, and are supportive of the settlement. The Court may consider their view in determining whether or not to approve the settlement. *See In re Mego Fin.*, 213 F.3d at 459.

Accordingly, each of these factors also weighs in favor of approving the settlement.

**E.  The Reaction of Class Members to the Proposed Settlement.**

There are approximately eight million Class Members. The Court received specific objections or comments from nine Class Members, and approximately 239 persons chose to opt out. (Second Carameros Decl., ¶ 3.) The Court finds that the reaction of the class to the Settlement Agreement is favorable, which also weighs in favor of approving the settlement. *See, e.g., Rodriguez*, 563 F.3d at 967.

//
//
//
//

Accordingly, for the foregoing reasons, the Court concludes that the Settlement Agreement is fair, reasonable, and adequate. The Court GRANTS the motion for final approval, and the Court HEREBY DISMISSES, WITH PREJUDICE, the Actions. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 31, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE