**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW STEINFELD and WALTER BRADLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, et al.,<br><br>Defendants. | No. C 12-01118 JSW<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>**(Docket No. 64)** |

This matter comes before the Court on consideration of the motion for attorneys' fees, reimbursement of costs, and service awards filed by Plaintiffs, Andrew Steinfeld and Walter Bradley, ("Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court also held a final fairness hearing on February 14, 2014. counsel for Plaintiffs and the Class Members, counsel for Defendants, and counsel for Joseph Fitz, who seeks to opt-out of the settlement, appeared at that hearing. For the reasons set forth in the remainder of this Order, the Court OVERRULES the objections it received to the requested fee award, GRANTS the motion for attorneys' fees and costs, and GRANTS Plaintiffs' service awards.

**ANALYSIS**

**A. Attorneys' Fees and Costs.**

Pursuant to Rule 23(h), a court may order reasonable attorneys' fees and costs as part of the parties' settlement. In a case where a common fund is established, a court has discretion to award attorneys' fees based on a percentage of recovery theory or based on the lodestar method.

*See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). In addition, counsel are entitled to reimbursement of their reasonable out-of-pocket expenses. *See* Fed. R. Civ. P. 23(h); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Plaintiffs ask the Court to award attorneys' fees based on the percentage of recovery method and seek an award of $2,175,000, *inclusive* of costs, which amount to $42,568.89.

The Ninth Circuit has established "25% of the common fund as a benchmark award for attorneys' fees." *Hanlon*, 150 F.3d at 1029; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that 25% is benchmark and "usual" range of awards is 20-30%). In order to assess whether the percentage sought by counsel is reasonable, the Court may consider the following factors: (1) the results achieved; (2) the risk involved with the litigation; (3) the skill required and quality of work by counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases. The Court may adjust this benchmark to account for "special circumstances." *Six Mexican Workers*, 904 F.2d 1301, 1311 (9thc Cir. 1990).

Class Counsel achieved an excellent result for the class, especially in light of the significant risks to continued litigation set forth in the Order granting final approval. Defendants agreed to pay $8,700,000.00 into a Settlement Fund from which Class Members can receive a cash award or a credit to the balance of on their credit card. In addition, the parties agreed to prospective relief that will provide class members with a means to end unwanted phone calls from Defendants. Class Counsel, who are skilled attorneys, negotiated the issue of fees only after they reached agreement on other terms of the settlement and did so with the aid of a neutral. (Docket No. 64-1, Declaration of Jonathan D. Selbin ("Selbin Decl."), ¶ 36.)

Plaintiffs' requested fee award amounts to 25% of that fund, which falls within the benchmark established by the Ninth Circuit. Although Plaintiffs contend it is not necessary, the Court has cross-checked the percentage of recovery against the lodestar. The Court applies the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably spent litigating the case. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001).

As a starting point, the Court examines whether counsel's hourly rates are reasonable within the "relevant community," *i.e.* the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Plaintiffs bear the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 980. Class counsel have submitted declarations that show the hourly rates that they have requested are reasonable and have provided the Court with information about other cases that approved their rates. (*See* Selbin Decl., ¶¶ 27-32; Docket No. 64-2, Declaration of Mark Ankorn, ¶ 15; Docket No. 64-3, Declaration of Beth Terrell, ¶ 21; Docket No. 64-4, Declaration of Matthew R. Wilson, ¶¶ 15-17.) The Court also has carefully considered the declarations submitted by Class Counsel, and it concludes that the hours they expended on this litigation are reasonable and that they worked to avoid duplication of efforts.

Class Counsel's lodestar, as of the date of their fee motion, was $620,660.25 and, thus, they ask the Court to apply a multiplier of approximately 3.5. Courts may adjust the lodestar figure upward or downward by considering such factors as: the skill needed to perform the legal service properly; whether the attorney was precluded from taking other employment; time limitations imposed by the client or the circumstances; whether the case was "undesirable;" and awards in other cases. *See, e.g., Fischel v. Equitable Life Assurance Society of the United States*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel accepted the case on a contingency basis, they obtained an excellent result for Class Members, they were required to do additional work after the fee motion was filed, and they will continue to do work relating to administration of the settlement. In addition, Class Counsel took on this case on a contingency basis and they included their request for costs, which the Court also concludes are reasonable, within their fee award.

The Court concludes that the lodestar is reasonable and the multiplier requested is appropriate given the facts and circumstances of this case.

**B.     Service Awards.**

Plaintiffs also request that the Court approve service payments in the amount of $2,000.00. "Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). However, the decision to approve such an award is a matter within the Court's discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In general, an incentive award is designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. The Ninth Circuit recently reiterated that "district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives. ... [C]oncerns over potential conflicts may be especially pressing where, ... the proposed service fees greatly exceed the payments to absent class members." *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted).

Plaintiffs submit declaration in which they attest that they meet with counsel, provided information, and reviewed pleadings and documents. (Docket No. 64-5, Declaration of Andrew Steinfeld, ¶ 4; Docket No. 64-6, Declaration of Walter Bradley, ¶ 4.) The Court concludes that the incentive awards are appropriate, and it grants the request for incentive awards in the amount of $ 2,000.00 each.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, the motion for attorneys fees and costs in the amount of $2,175,000.00, and the incentive awards in the amount of $2,000.00 for each named Plaintiff.

**IT IS SO ORDERED.**

Dated: March 31, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4